**MONIKA Y. LANGARICA** (SBN 308518)(mlangarica@aclusandiego.org)
**JONATHAN MARKOVITZ** (SBN 301767)(jmarkovitz@aclusandiego.org)
**KIMBERLY GRANO** (SBN 328298)(kgrano@aclusandiego.org)
**BARDIS VAKILI** (SBN 247783)(bvakili@aclusandiego.org)
**DAVID LOY** (SBN 229235)(davidloy@aclusandiego.org)
**ACLU FOUNDATION OF SAN DIEGO &
IMPERIAL COUNTIES**
P.O. Box 87131
San Diego, CA 92138-7131
Telephone: (619) 398-4493

Counsel for Plaintiff-Petitioners

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Adrian RODRIGUEZ ALCANTARA, *et. al.*,<br><br>Plaintiff-Petitioners,<br><br>v.<br><br>GREGORY J. ARCHAMBEAULT, San Diego Field Office Director, Immigration and Customs Enforcement, *et. al.*<br><br>Defendant-Respondents. | Case No. **'20CV0756 GPC AHG**<br><br>**NOTICE OF RELATED CASES** |

TO THE CLERK, DEFENDANT-RESPONDENTS, AND COURT:

PLEASE TAKE NOTICE that under CivLR 40.1(f) and (g), the above-captioned case is potentially related to *Kydyrali v. Wolf*, No. 3:20-cv-00539-AJB-AGS (S.D. Cal.); *Habibi v. Barr*, No. 3:20-cv-00618-BAS-RBB (S.D. Cal.); *Zelaya Sagastume v. Archambeault*, No. 3:20-cv-658-LAB-MSB (S.D. Cal.); *Andara v. U.S. Dep't of Homeland Security*, No. 3:20-cv-00679-H-BLM (S.D. Cal.); *Lopez-Marroquin v. Barr*, No. 3:20-cv-00682-LAB-MDD (S.D. Cal.); *Quijada v. Wolf*, No. 3:20-cv-00744-WQH-AGS (S.D. Cal.). Counsel for Plaintiffs understand that the parties in those cases have filed individual petitions seeking release from Otay Mesa Detention Center and/or Imperial Regional Detention Facility in light of COVID-19, or have had their cases transferred from the Ninth Circuit after raising the issue in

their petitions for review of their removal proceedings. The present case is a class action seeking classwide relief to alleviate conditions of detention faced by civil immigration detainees in the Otay Mesa Detention Center and Imperial Regional Detention Facility that expose all members of the class to an unconstitutionally high risk of contracting COVID-19.

This Court has thus far not assigned the above-listed cases to the same judge for the purposes of judicial efficiency. Similarly, assignment of this case to one of the judges assigned to these other cases will similarly not preserve judicial efficiency because those petitions do not raise class issues, and individual facts in those cases may provide those petitioners with additional arguments beyond any common arguments they share with the proposed classes in this case.

The case at bar may also be related to *Fraihat v. Immigration and Customs Enforcement*, 5:19-cv-01546-JGB-SHK (C.D. Cal.), in which the U.S. District Court for the Central District of California ordered certain procedural protections in light of the COVID-19 pandemic for a class of detainees in the custody of Immigration and Customs Enforcement. That case is arguably related under CivLR 40.1 because some putative class members in this case are also in the *Fraihat* class and both deal with issues related to COVID-19. However, the classes are not coextensive and the relief sought by Plaintiffs here – a reduction in the population of the Otay Mesa and Imperial detention centers, including the release of medically vulnerable detainees – is not the same as the relief sought in that case or in the recently granted preliminary injunction.

Respectfully submitted,

DATED: April 21, 2020

ACLU FOUNDATION OF SAN DIEGO & IMPERIAL COUNTIES

**s/ Bardis Vakili**
BARDIS VAKILI
Attorney for Plaintiff-Petitioners