**MONIKA Y. LANGARICA** (SBN 308518)(mlangarica@aclusandiego.org)
**JONATHAN MARKOVITZ** (SBN 301767)(jmarkovitz@aclusandiego.org)
**KIMBERLY GRANO** (SBN 328298)(kgrano@aclusandiego.org)
**BARDIS VAKILI** (SBN 247783)(bvakili@aclusandiego.org)
**DAVID LOY** (SBN 229235)(davidloy@aclusandiego.org)
**ACLU FOUNDATION OF SAN DIEGO &
IMPERIAL COUNTIES**
P.O. Box 87131
San Diego, CA 92138-7131
Telephone: (619) 398-4493

Counsel for Plaintiff-Petitioners

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Adrian RODRIGUEZ ALCANTARA, *et. al.*, <br><br> Plaintiff-Petitioners, <br><br> v. <br><br> Gregory J. ARCHAMBEAULT, San Diego Field Office Director, Immigration and Customs Enforcement, *et. al.* <br><br> Defendant-Respondents. | Case No. 20cv756 DMS (AHG) <br><br> **MEMORANDUM OF POINTS AND AUTHORIITES IN SUPPORT OF PLAINTIFF-PETITIONERS' MOTION TO FILE DOCUMENT UNDER SEAL** |

Plaintiff-Petitioners respectfully request that this Court permit them to file under seal the unredacted version of the Declaration of Jacqueline Ramos in support of their Response to Respondent LaRose's Supplemental Filing, ECF No. 36, for good cause shown. The unredacted document contains the names, A-numbers, and birthdays of a number of individuals in immigration detention at Otay Mesa Detention Center. The declaration includes information about individuals' personal medical histories and precise location in the detention center, and some of these individuals are seeking asylum or other humanitarian protection. Plaintiff-Petitioners have publicly filed a version of Ms. Ramos's declaration with minimal redactions.

The right of public access to judicial records is not absolute, and a court may order a filing be made under seal. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006); *San Jose Mercury News, Inc. v. U.S. Dist. Court—N. Dist. (San Jose)*, 187 F.3d 1096, 1102 (9th Cir. 1999) The Court must balance the "competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana*, 447 F.3d at 1179 (quoting *Foltz v. State Farm Mutual Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A court may seal non-dispositive filings, including class certification motions, for good cause. *Id.* at 1180; *Mezzadri v. Med. Depot, Inc.*, No. 14-CV-2330-AJB-DHB, 2015 WL 12564223, at *2 (S.D. Cal. Dec. 18, 2015). To show good cause, a party only need identify a specific harm that would result from disclosure of the information. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).

The inclusion of "sensitive immigration-related information" and information about asylum seekers can justify sealing a document. *Arroyo v. U.S. Dep't of Homeland Sec.*, No. SACV19815JGBSHKX, 2019 WL 2912848, at *2 n.2 (C.D. Cal. June 20, 2019); *see also Macareno v. Thomas*, 378 F. Supp. 3d 933, 939 (W.D. Wash. 2019) ("[T]he Court finds good cause to keep sensitive information about Plaintiff's immigration status from public view."); *Kharis v. Sessions*, 18-CV-04800-JST, 2018 WL 5809432, at *3 (N.D. Cal. Nov. 6, 2018), *appeal dismissed*, 19-15000, 2019 WL 1468148 (9th Cir. Feb. 14, 2019). The government itself bars disclosure of information related to asylum applications to protect asylum seekers from retaliation.[1] 8 C.F.R. §§ 208.6, 1208.6. Revealing the names, A-numbers, or locations of those fleeing persecution could alert their persecutors that they are seeking asylum in the United States.

---

[1] *See* USCIS Asylum Division, "Fact Sheet: Federal Regulation Protecting the Confidentiality of Asylum Applicants" (Oct. 18, 2012), https://www.uscis.gov/sites/default/files/USCIS/Outreach/Notes%20from%20Previous%20Engagements/2012/December%202012/Asylum-ConfidentialityFactSheet.pdf (last visited Apr. 29, 2020).

2

A person's interest in privacy, including as to their personal medical information, can also serve as a basis to seal. *See Fischer v. City of Portland*, No. CV 02-1728, 2003 WL 23537981, at *4 (D. Or. Aug. 22, 2003) ("By their very nature, records of medical and psychological treatment are inherently private, if not wholly privileged."); *Sampson v. City of El Centro*, No. 14CV1807-L (DHB), 2015 WL 11658713, at *6 (S.D. Cal. Aug. 31, 2015) (finding good cause to blur faces of third parties in image due to privacy interests); *Music Grp. Macao Commercial Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *2 (N.D. Cal. June 30, 2015) (finding privacy concerns can constitute a compelling reason for sealing). Federal law recognizes individuals' right to privacy with respect to their medical information. 42 U.S.C. § 1320d-6. Ms. Ramos's declaration includes sensitive personal information about detained individuals' medical conditions that they do not wish to disclose to the public at large, as such disclosure could cause embarrassment.

Plaintiff-Petitioners have narrowly tailored the redactions in Ms. Ramos's declaration. They do not seek to completely limit public access to the declaration, but only to personal details that would reveal the identities of the individuals detained. This narrow tailoring parallels the procedure laid out by Ninth Circuit rules. *See, e.g.*, Ninth Cir. Rule 27-13(e) (requiring "the least restrictive scope of sealing"). By narrowly tailoring their redactions to only conceal the identities of the detained individuals referenced in the declaration, Plaintiff-Petitioners have made as limited an incursion into the right of the public to view judicial records as possible while protecting the privacy and safety of the individuals. Defendants-Respondents' will still have access to the unredacted, sealed declaration, so they will not be prejudiced by sealing.

For the foregoing reasons, the Court is respectfully requested to grant Plaintiff-Petitioners' motion to file the Declaration of Jaqueline Ramos under seal.

| | |
|---|---|
| | Respectfully submitted, |
| DATED: May 1, 2020 | ACLU FOUNDATION OF SAN DIEGO & IMPERIAL COUNTIES |
| | **s/ Kimberly Grano** <br> KIMBERLY GRANO |
| | Attorney for Plaintiff-Petitioners |