ROBERT S. BREWER, JR.
United States Attorney
KATHERINE L. PARKER, SBN 222629
Chief, Civil Division
SAMUEL W. BETTWY, SBN 94918
Assistant U.S. Attorney
REBECCA G. CHURCH, SBN 259652
Assistant U.S. Attorney
STEVEN J. POLIAKOFF, SBN 188231
Assistant U.S. Attorney
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
619-546-9634/7125/7721 / 619-546-7751 (fax)

Attorneys for Federal Respondents

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN RODRIGUEZ ALCANTARA, et al., <br><br> Plaintiffs-Petitioners, <br><br> v. <br><br> GREGORY J. ARCHAMBEAULT, San Diego Field Office Director, ICE, et al., <br><br> Defendants-Respondents. | Case No. 20cv0756 DMS AHG <br><br> **FEDERAL RESPONDENTS' EX PARTE MOTION FOR CORRECTION BASED ON OVERSIGHT OR OMISSION** <br><br> Judge: Honorable Dana M. Sabraw <br><br> Fed.R.Civ.P. 60(a) |

## MOTION

Please take notice that Federal Respondents move for correction of this Court's April 30, 2020 Order Granting Plaintiff-Petitioners' Emergency Ex Parte Motion for Subclass-wide Temporary Restraining Order (ECF No. 38) based on oversight or omission pursuant to Federal Rule of Civil Procedure 60(a) on the grounds that the order is not consistent with this Court's May 1, 2020 Order (1) Granting In Part Plaintiffs' Motion For Class Certification And (2) Granting Plaintiffs' Motion For Subclass-wide Emergency Temporary Restraining Order (ECF No. 41). This motion is based on the attached memorandum of points and authorities, the pleadings, filings, and orders in this case, and upon any other evidence or argument that the Court may permit.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. **INTRODUCTION**

Federal Respondents move for correction of this Court's April 30, 2020 Order to clarify that this Court did not issue a ruling on the merits of Petitioners' Fifth Amendment claim, and instead found a likelihood of success on the merits.

### II. **BACKGROUND**

On April 30, 2020, this Court issued an Order Granting Plaintiff-Petitioners' Emergency Ex Parte Motion for Subclass-wide Temporary Restraining Order (ECF No. 38) stating in part: "The Court HEREBY DECLARES that current conditions of confinement for Otay Mesa Medically Vulnerable subclass members held at the Otay Mesa Detention Center *are unconstitutional under the Fifth Amendment* because the conditions of their confinement place subclass members at substantial risk of serious illness or death." *Id*. at ¶ 3 (emphasis added).

On May 1, 2020, this Court issued an Order (1) Granting In Part Plaintiffs' Motion For Class Certification And (2) Granting Plaintiffs' Motion For Subclass-wide Emergency Temporary Restraining Order (ECF No. 41). This Court analyzed the "Likelihood of Success" element and noted that Plaintiffs "are not required to prove their case in full at this

stage." *Id*. at 15. This Court explained that "the majority of district courts that have considered the issue have concluded there is a likelihood plaintiffs will prevail on those claims" agreeing with those courts. *Id*. at 16. This Court concluded: "Plaintiffs have demonstrated a likelihood of success on their due process claim." *Id*. at 17. In conclusion, this Court referenced the "reasons set out" in its prior order and "confirm[ed] its issuance of the TRO set out in its April 30, 2020 Order (ECF No. 38)." *Id*. at 19.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 60(a) provides: "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a).

### IV.   ARGUMENT

This Court discussed Petitioners' likelihood of success on the merits *after* it declared that conditions of confinement at OMDC for the medically vulnerable subclass "are unconstitutional under the Fifth Amendment." (ECF No. 38 ¶ 3). These orders are not consistent. The April 30, 2020 order is suggestive of a ruling on the merit of Petitioners' constitutional claim, although the analysis in the Court's more detailed order is limited to the likelihood of success on the merits. There appears to be an oversight or omission in the language of the April 30, 2020 order.

The distinction between a ruling on the merits of Petitioners' constitutional claim and a ruling on the likelihood of success on the merits is important to the Federal Respondents' ability to adequately assess appellate issues. *See* Fed. R. App. P. 4 (A)(1)(b) (providing 60 days to file a notice of appeal). Accordingly, Federal Respondents request expedited consideration via ex parte motion.

### V.   CONCLUSION

This Court should correct its April 30, 2020 Order to clarify that it did not issue a ruling on the merits of Petitioner's Fifth Amendment claim, and instead found a likelihood of success on the merits.

//

1  DATED: May 4, 2020                    Respectfully submitted,

2

3                                        ROBERT S. BREWER JR.
                                         United States Attorney
4
                                         KATHERINE L. PARKER
5                                        Chief, Civil Division

6                                        *s/ Samuel W. Bettwy*
                                         SAMUEL. W. BETTWY
7                                        Assistant U.S. Attorney

8                                        s/ *Rebecca G. Church*
                                         REBECCA G. CHURCH
9                                        Assistant U.S. Attorney

10                                       Attorneys for Federal Respondents