**MONIKA Y. LANGARICA** (SBN 308518)(mlangarica@aclusandiego.org)
**JONATHAN MARKOVITZ** (SBN 301767)(jmarkovitz@aclusandiego.org)
**KIMBERLY GRANO** (SBN 328298)(kgrano@aclusandiego.org)
**BARDIS VAKILI** (SBN 247783)(bvakili@aclusandiego.org)
**DAVID LOY** (SBN 229235)(davidloy@aclusandiego.org)
**ACLU FOUNDATION OF SAN DIEGO &
IMPERIAL COUNTIES**
P.O. Box 87131
San Diego, CA 92138-7131
Telephone: (619) 398-4493

Counsel for Plaintiff-Petitioners

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Adrian RODRIGUEZ ALCANTARA, *et. al.*, <br><br> Plaintiff-Petitioners, <br><br> v. <br><br> Gregory J. ARCHAMBEAULT, San Diego Field Office Director, Immigration and Customs Enforcement, *et. al.* <br><br> Defendant-Respondents. | Case No. 20cv756 DMS (AHG) <br><br> **PLAINTIFF-PETITIONERS' PARTIAL OPPOSITION TO DEFENDANTS-RESPONDENTS' PROPOSED PROTECTIVE ORDER** |

Plaintiff-Petitioners agree that personally identifying information contained in the May 4, 2020 disclosures ordered by this Court should remain confidential to protect the privacy interests of individuals listed in those disclosures. However, they object to shielding from public scrutiny the entirety of those disclosures as a blanket matter. Defendants are not prohibited by the Privacy Act from disclosing information "pursuant to the order of a court of competent jurisdiction," and do not need an additional blanket protective order to permit such disclosure. 5 U.S.C. § 552a(b)(11). Furthermore, Defendants make only vague assertions of "law enforcement sensitive" information, none of which should be implicated by the Court's order. Even if such information were at issue, Defendants can assert narrowly tailored privileged for

specific information, but they cannot shield from public scrutiny reasons they may assert for refusing to release medically vulnerable people trapped inside Otay Mesa Detention Center. The protection of private and medically sensitive information can be achieved through a more narrowly tailored protective order that treats personally identifying information – such as names, A-numbers, addresses, and contact information – as confidential but otherwise protects the public interest in access to the courts and holding the government accountable.

The public has a right of access to judicial proceedings. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). Only when "special circumstances justify secrecy" should that right be limited. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). Plaintiffs agree that personally identifying information of individuals contained in the disclosures ordered by the Court should be treated as confidential and not filed publicly. This narrowly tailored protection will allow the public to still consider and scrutinize the issues presented by those disclosures, should the parties choose to reference them in any filing. *Id.* at 1068 (citing *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981)).

As an alternative to shielding the disclosures in their entirety from public scrutiny, Plaintiffs propose the Court permit the parties to publicly file or reference the disclosures with limited redactions to conceal the personally identifying information of the individuals referenced therein. This proposal strikes a proper balance between the "competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). This narrow tailoring parallels the procedure laid out by Ninth Circuit rules and this Court's practice. *See, e.g.*, Ninth Cir. Rule 27-13(e) (requiring "the least restrictive scope of sealing"). By narrowly tailoring the proposed redactions to conceal personally identifying information, Plaintiffs have

made as limited an incursion into the right of the public to view judicial records as possible while protecting individual privacy interests.

Defendants wrongly assert that a blanket protective order is required to protect their interest in not violating the Privacy Act. As noted, the Privacy Act does not prevent Defendants from disclosing information pursuant to a court order. 5 U.S.C. § 552a(b)(11). Even if there were an interest in additional protection, the redaction of personal identifying information addresses the concerns of the Privacy Act. 5 U.S.C. § 552a(a)(4) (defining "record" as item "that contains [an individual's] name, or the identifying number, symbol, or other identifying particular assigned to the individual").

Defendants vaguely reference the need to preserve "law enforcement sensitive" information. But the Court's Order does not require the production of any such information. In any event, rather than presumptively treat the entire disclosure as protected based on vague assertions of law enforcement sensitivity, Defendants can assert privilege to any specific aspect of the disclosures to which they believe such privilege applies. This would allow the Court and the parties to make determinations on the applicability of any privilege or the appropriateness of additional protection in the context of specific aspects of the disclosure. *Cf. S.E.C. v. Gowrish*, No. C 09-05883 SI, 2010 WL 1929498, at *1 (N.D. Cal. May 12, 2010) (quoting *In re Sealed Case*, 856 F.2d 268, 271 (D.C. Cir.1978)) ("Before the government may assert the [law enforcement] privilege, 'the information for which the privilege is claimed must be specified, with an explanation why it properly falls within the scope of the privilege.'"); *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1148–49 (9th Cir. 2005) (rejecting boilerplate or blanket assertions of privilege); *Al Otro Lado v. Wolf*, No. 17 CV 2366-BAS(KSC), 2020 WL 2097598, at *2 (S.D. Cal. May 1, 2020) ("Blanket assertions of the privilege are insufficient. Rather, the agency must provide precise and certain reasons for preserving the confidentiality of designated material.")

(citations and quotation marks omitted); *In re Motion to Unseal Court Records*, No. MC 18-00477 JMS-RLP, 2019 WL 1495248, at *2 (D. Haw. Apr. 4, 2019) (in ordering unsealing of documents, finding that "redactions will be made only where essential to preserve higher values").

## CONCLUSION

For the foregoing reasons, the Court should deny Defendants' motion for blanket protection of the May 4 disclosures and instead apply the more narrowly tailored approach proposed by Plaintiffs, to protect only personally identifying information of individuals referenced therein.

Respectfully submitted,

DATED: May 4, 2020

ACLU FOUNDATION OF SAN DIEGO & IMPERIAL COUNTIES

**s/ Bardis Vakili**
BARDIS VAKILI

Attorney for Plaintiff-Petitioners