# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN RODRIGUEZ ALCANTARA, et al.,<br><br>Plaintiffs-Petitioners,<br><br>v.<br><br>GREGORY J. ARCHAMBEAULT, San Diego Field Office Director, ICE, et al.,<br><br>Defendants-Respondents. | Case No. 20cv0756 DMS AHG<br><br>**ORDER GRANTING EX PARTE MOTION FOR PROTECTIVE ORDER** |

This Court recognizes that at least some of the documents and information at issue in the above-captioned action are normally kept confidential by the parties. The materials to be exchanged throughout the course of the litigation between the parties may contain personal identifying, medical, employment, law enforcement sensitive, and privileged information. Some of the materials also may be protected by the Privacy Act, 5 U.S.C. § 552a ("the Privacy Act"). For these reasons, this Court orders that the parties are to be bound by the terms of this Protective Order ("Order") in this action. The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation.

THEREFORE:

## DEFINITIONS

1. The term "confidential information" will mean and include information contained or disclosed in any spreadsheets, lists, materials, and other documents including documents, portions of documents, materials produced on May 4, 2020, in response to court order, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.

2. The term "materials" will include the production made on May 4, 2020.

3. The term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, legal assistants, clerks and other support staff employed in the law firms or government offices identified below:

- ACLU Foundation of San Diego and Imperial Counties
- United States Attorney's Office for the Southern District of California
- Struck Love Bojanowski & Acedo, PLC
- Witham Mahoney & Abbott, LLP
- "Counsel" also includes agency attorneys for the Government and any provisional subclass member's immigration counsel.

## GENERAL RULES

4. Federal Respondents will mark the May 4, 2020 production of the spreadsheets, lists, materials, and information as "CONFIDENTIAL" pursuant to this Protective Order.

   a. Designation as "CONFIDENTIAL": Federal Respondents designate the May 4, 2020 spreadsheets, lists, materials, and information as "CONFIDENTIAL" in the good faith belief of such party and its counsel, that the unrestricted disclosure of such information contains personal identifying, medical, law enforcement sensitive, and/or operations information of such party, and/or is subject to the Privacy Act.

5. Whenever a deposition taken on behalf of any party involves a disclosure of material designated as confidential information pursuant to this protective order of any party:

    a. the deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing confidential information after transcription of the proceedings; [A] party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL."

    b. the disclosing party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

    c. the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" , and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

6. All confidential information designated as "CONFIDENTIAL" pursuant to this protective order must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

7.    Information designated "confidential" pursuant to this protective order must be viewed only by counsel (as defined in paragraph 3) of the receiving party, by the parties to the litigation, by independent experts, by court personnel, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

      a) Party representatives, executives and government officials who are required to participate in decisions with reference to this action;
      b) Technical personnel with whom Counsel for the parties intend to consult, in the discretion of such counsel, in preparation for trial of this action; and
      c) Employees associated with the individuals identified above.

8.    With respect to material designated "CONFIDENTIAL" pursuant to the is protective order any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

9.    All information which has been designated as "CONFIDENTIAL" pursuant to this protective order by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

10.    Before any materials produced in response to court order on May 4, 2020 which are designated as confidential information pursuant to this Protective Order are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.

11.    No document shall be filed under seal unless counsel secures a court order allowing the filing of a document, or portion thereof, under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to

oppose the application, they must contact the chambers of the judge who will rule on the application to notify the Court that an opposition to the application will be filed.

12. The Court may modify the protective order sua sponte in the interests of justice or for public policy reasons.

13. At any stage of these proceedings, any party may object to a designation of the materials as confidential information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at issue must be treated as confidential information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

14. All confidential information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving confidential information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If confidential information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

15. No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

16. If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or

thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL."

17. Nothing within this order will prejudice the right of any party to object to the production of any material on the grounds that the material is protected as privileged or as attorney work product.

18. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as confidential information, provided that the contents of the information must not be disclosed.

19. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

20. Nothing within this order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

21. Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all confidential information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information, and will continue to be bound by this Order with respect to all

such retained information. Further, attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

22. The restrictions and obligations set forth within this order will not apply to any information that: (a) the parties agree should not be designated confidential information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

23. The restrictions and obligations within this order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

24. Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

25. This Order may be modified by agreement of the parties, subject to approval by the Court.

26. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

IT IS SO ORDERED this 4th day of May, 2020.

Hon. Dana M. Sabraw
U.S. District Judge