UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN RODRIGUEZ ALCANTARA; YASMANI OSORIO REYNA; MARIA FLOR CALDERON LOPEZ; MARY DOE; on behalf of themselves and all others similarly situated,<br><br>　　　　　　　Plaintiffs-Petitioners,<br><br>v.<br><br>GREGORY ARCHAMBEAULT, San Diego Field Office Director, Immigration and Customs Enforcement; et al.,<br><br>　　　　　　　Defendants-Respondents. | Case No.: 20cv0756 DMS (AHG)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART WARDEN LAROSE'S EMERGENCY EX PARTE MOTION FOR RECONSIDERATION** |

　　　This case comes before the Court on Warden LaRose's emergency ex parte motion for reconsideration of this Court's orders granting Plaintiffs' request for provisional class certification of the Otay Mesa Medically Vulnerable Subclass and for a temporary restraining order ("TRO"). (*See* ECF Nos. 38, 41.)

　　　"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Here, Warden LaRose argues reconsideration is appropriate in light of newly produced evidence and because the

1

1  Court committed clear error in both granting provisional class certification and issuing the
2  TRO.
3      The Court agrees with Warden LaRose that the April 30, 2020 Order is in error, in
4  part, and must be corrected. Specifically, the April 30, 2020 Order declares "that current
5  conditions of confinement for Otay Mesa Medically Vulnerable subclass members held at
6  the Otay Mesa Detention Center are unconstitutional under the Fifth Amendment because
7  the conditions of their confinement place subclass members at substantial risk of serious
8  illness or death." (ECF No. 38 at 2.) The order should read, consistent with the Court's
9  May 1, 2020 Order, that Plaintiffs have demonstrated a likelihood of success on their due
10 process claim as to the Otay Mesa Medically Vulnerable Subclass only. The Court has not
11 made a finding that there is a constitutional violation in this case, and no declaration to that
12 effect should have been issued. As stated in the Court's May 1, 2020 Order, the only
13 finding the Court has made thus far is that Plaintiffs have demonstrated a likelihood of
14 success on their due process claim as to the Otay Mesa Medically Vulnerable Subclass.
15 Thus, the Court grants the motion for reconsideration as to this particular aspect of the
16 April 30, 2020 Order.[1]
17     The remainder of Warden LaRose's motion, however, is denied. On the temporary
18 restraining order, Warden LaRose argues the Court committed error in several respects
19 with respect to the likelihood of success factor, but the Court disagrees. First, Warden
20 LaRose asserts the Court found the detention of Subclass members is unconstitutional
21 unless Defendants "completely eliminate" the risk of contracting COVID-19. (Mot. at 4-
22 5.) The Court made no such finding. Second, Warden LaRose contends the Court failed
23 to consider the evidence of the measures taken at OMDC to mitigate the risk to Subclass
24 members. The Court did consider those measures. (*See* ECF No. 41 at 3-5.) Third, Warden

---

[1] The Federal Defendants filed an ex parte motion for correction of this aspect of the April 30, 2020 Order based on oversight or omission. (*See* ECF No. 45.) That motion is also granted for the reasons set out above.

LaRose claims the Court "placed undue emphasis on the location in which each Subclass member is housed," and "express[ed] concern that Warden LaRose was not able to identify (at the April 30 hearing) the precise location of those detainees at potentially heightened risk." (Mot. at 6.) Warden LaRose is correct that the Court considered the location of Subclass members in determining likelihood of success, and that the Court was concerned that Warden LaRose did not know the location of all of the newly identified high risk ICE detainees. However, neither of those factors demonstrates the Court committed clear error in analyzing likelihood of success. Indeed, it is unclear how the Court could have analyzed the likelihood of success factor without considering where the Subclass members were being housed and what precautions were being taken to protect them from the risk of exposure to COVID-19. That Warden LaRose now knows where all of the newly identified high risk ICE detainees are being housed does not change the fact that he did not have that information when the Court issued its Orders. And his provision of that information to the Court now, in conjunction with the present motion, only confirms that information was relevant and necessary to the Court's analysis. Accordingly, Warden LaRose has not shown the Court committed clear error in granting the TRO.

On the issue of class certification, Warden LaRose argues the Court committed clear error in finding the commonality requirement was satisfied, but again, the Court disagrees. As set out in the May 1, 2020 Order, the commonality requirement is satisfied because all Subclass members are at increased risk of complications from COVID-19 and all are detained in OMDC. Whether the continued confinement or the conditions of confinement of Subclass members violates the Fifth Amendment under these common factual circumstances is also a legal question common to the Subclass. Thus, the Court stands on its finding that the commonality requirement is satisfied here.

Warden LaRose's only other argument, which is raised in a footnote, (*see* Mot. at 14 n.5), is that the Court erred in finding the typicality requirement was satisfied. Specifically, Warden LaRose maintains Mr. Rodriguez Alcantara is not typical of other Subclass members because he does not have a qualifying medical condition under CDC guidelines.

Although Dr. Ivens has now explained how Mr. Rodriguez Alcantara's medical records support that argument, (*see* Supp. Decl. of K. Ivens, M.D., F.A.C.C.P. ¶¶13-20), he did not present that argument in his original Declaration in opposition to the motion for class certification. Furthermore, it is unclear how the Court would have been able to determine, from the 227 pages of Mr. Rodriguez Alcantara's medical records alone, how his lab results place him outside the CDC guidelines. Warden LaRose is free to raise this argument, and any others, on Plaintiffs' request for a preliminary injunction as to the Otay Mesa Medically Vulnerable Subclass, but it does not show the Court committed clear error in granting provisional certification to the Otay Mesa Medically Vulnerable Subclass.

For these reasons, the Court grants in part and denies in part Warden LaRose's emergency ex parte motion for reconsideration.

To the extent Plaintiffs wish to proceed with a preliminary injunction, they shall submit their supplement brief on or before **May 11, 2020**. Defendants may file any opposition briefs on or before **May 15, 2020**, and Plaintiffs may file their reply on or before **May 19, 2020**. That request shall be heard on **May 22, 2020**, at **10:30 a.m.**

**IT IS SO ORDERED**.

DATED: May 6, 2020

DANA M. SABRAW
United States District Judge