**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADRIAN RODRIGUEZ ALCANTARA; YASMANI OSORIO REYNA; MARIA FLOR CALDERON LOPEZ; MARY DOE; on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs-Petitioners,<br><br>v.<br><br>GREGORY ARCHAMBEAULT, San Diego Field Office Director, Immigration and Customs Enforcement; et al.,<br><br>    Defendants-Respondents. | Case No.:  20cv0756 DMS (AHG)<br><br>**ORDER (1) DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND (2) DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

      This case comes before the Court on Plaintiffs' motion for certification of a class consisting of all civil immigration detainees at Imperial Regional Detention Facility ("IRDF") and a subclass of all medically vulnerable civil immigration detainees at IRDF, along with a motion for a preliminary injunction and writ of habeas corpus on behalf of these detainees.  Plaintiffs seek a preliminary injunction similar to the temporary restraining order and preliminary injunction they requested for civil immigration detainees at Otay Mesa Detention Center ("OMDC"), which at that time, had the highest number of COVID-19 cases (160) among immigration detention facilities in the nation.  In contrast to OMDC, there have been two (2) confirmed cases of COVID-19 among detainees at

IRDF, both of whom have fully recovered. The Federal Defendants and Defendant Sixto Marrero, the Facility Administrator for IRDF, oppose both motions. They argue, as Defendants did in response to Plaintiffs' motion for a preliminary injunction for OMDC, that the conditions at IRDF preclude a finding that Plaintiffs have a likelihood of success on the merits of their claim, and that the other factors weigh against the issuance of a preliminary injunction. Defendants also contend Plaintiffs have not met the requirements for class certification. After reviewing the parties' briefs, the record on file, and hearing oral argument from counsel, the Court agrees with Defendants and denies Plaintiffs' motion.

# I.
# BACKGROUND

Since the beginning of the COVID-19 pandemic, IRDF has implemented a number of new policies and procedures designed to protect detainees from COVID-19 exposure and infection. (Decl. of Sixto Marrero in Supp. of Opp'n to Mot. ¶10.) Those measures include staff education and training; detainee education; screening of staff and other visitors to the Facility; increased and enhanced cleaning and sanitation; provision of hygiene supplies; social distancing when possible; staff and detainee use of personal protective equipment; COVID-19 screening of all incoming detainees and, to the extent possible, quarantining those individuals for 14 days prior to introducing them to the general population; suspension of all social visits; non-contact legal visits; and isolation and quarantine of detainees with suspected or known cases of COVID-19. (*Id.* ¶¶11-97.)

Defendants have also significantly reduced the detainee population at IRDF in light of the pandemic. Indeed, with the exception of eight medically vulnerable detainees who remain in custody due to Defendants' determination that they are unsuitable for release, all of the medically vulnerable detainees have been released. Overall, although IRDF has the capacity to house 782 detainees, there were only 287 detainees in the Facility as of July 17, 2020, which translates to approximately 36 percent of total capacity. Of the twelve housing units at IRDF, nine are currently being used for housing with capacity rates ranging from

26 to 56 percent. Three units are currently closed for maintenance or refurbishing, but given the overall capacity rate, social distancing is possible.

These prevention and protection measures appear to be having their intended effect. As of July 17, 2020, 100 detainees at IRDF had been tested for COVID-19. Only two of those tests returned positive results, and as stated above, those individuals have recovered. Six tests were pending as of July 17, 2020. The conditions inside IRDF are a lone bright spot for Imperial County, generally, which, as of last week, had the highest rate of COVID-19 spread and highest COVID-19 mortality rate in California. (Pls.' Notice of Supp. Facts, Ex. A.)

## II.

## DISCUSSION

As set out in the Court's previous orders in this case, the standard for issuing a preliminary injunction is the same as for issuing a temporary restraining order. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). To meet that standard, Plaintiffs must demonstrate "'[they are] likely to succeed on the merits, that [they are] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest.'" *Am. Trucking Ass'ns v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

"The first factor under *Winter* is the most important—likely success on the merits." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). While Plaintiffs carry the burden of demonstrating likelihood of success, they are not required to prove their case in full at this stage but only such portions that enable them to obtain the injunctive relief they seek. *See Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

As with Plaintiffs' previous requests for injunctive relief for the OMDC detainees, the only claim at issue for the IRDF detainees is that Defendants are violating their rights to substantive due process under the Fifth Amendment. To prevail on this claim, Plaintiffs must show their continued confinement or their conditions of confinement amount to

punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). In *Bell*, the Supreme Court stated that "if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Id.* at 539. "Conversely, if a restriction or condition is not reasonably related to a legitimate goal-if it is arbitrary or purposeless-a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees." *Id.* The Ninth Circuit, expanding upon *Bell*, has held that a condition or restriction of confinement "is 'punitive' where it is intended to punish, or where it is 'excessive in relation to [its non-punitive] purpose,' or is 'employed to achieve objectives that could be accomplished in so many alternative and less harsh methods[.]'" *Jones v. Blanas*, 393 F.3d 918, 934 (9th Cir. 2004) (citations omitted).

Here, as with the OMDC detainees, Plaintiffs have not made the requisite showing. Unlike at OMDC, where there were active positive COVID-19 cases, there are currently no active COVID-19 cases at IRDF. Of the 100 detainees who have been tested, only two returned positive results, and both have recovered. Unlike at OMDC, there is no concern that the eight medically vulnerable individuals who remain at IRDF are being housed with others who are positive for COVID-19. And to the extent that any of the six outstanding tests come back positive, Defendants appear to have the necessary protective measures in place to protect other detainees from exposure and infection. Given the current conditions at IRDF, Plaintiffs have not shown a likelihood of success on their substantive due process claim. In light of this finding, the Court cannot enter injunctive relief based on the remaining three factors. *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## III.
## CONCLUSION

For these reasons, the Court denies Plaintiffs' motion for a preliminary injunction. Should circumstances change, Plaintiffs are free to seek relief from the Court.[1]

**IT IS SO ORDERED**.

DATED: July 22, 2020

_____
DANA M. SABRAW
United States District Judge

---

[1] In light of this ruling, the Court denies without prejudice Plaintiffs' motion for class certification.