ROBERT S. BREWER JR.
United States Attorney
KATHERINE L. PARKER, SBN 222629
Chief, Civil Division
SAMUEL W. BETTWY, SBN 94918
Assistant U.S. Attorney
REBECCA G. CHURCH, SBN 259652
Assistant U.S. Attorney
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
619-546-9634/7125/7721 / 619-546-7751 (fax)

Attorneys for Federal Defendants-Respondents

[Continued on next page]

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN RODRIGUEZ ALCANTARA, et al., | Case No. 20cv0756 DMS AHG |
| Plaintiffs-Petitioners, | DATE: September 11, 2020<br>TIME: 1:30 p.m.<br>CTRM: 13A |
| v. | |
| GREGORY J. ARCHAMBEAULT, San Diego Filed Office Director, ICE; et al., | Hon. Dana M. Sabraw |
| Defendants-Respondents. | |

# **DEFENDANTS-RESPONDENTS'**

# **MOTION TO DISMISS COMPLAINT**

STRUCK LOVE BOJANOWSKI & ACEDO, PLC
Daniel P. Struck, AZ Bar #012377
(admitted pro hac vice)
Rachel Love, AZ Bar #019881
(admitted pro hac vice)
Nicholas D. Acedo, AZ Bar #021644
(admitted pro hac vice)
Jacob B. Lee, AZ Bar #030371
(admitted pro hac vice)
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Tel.: (480) 420-1600
Fax: (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
nacedo@strucklove.com
jlee@strucklove.com

WITHAM MAHONEY & ABBOTT, LLP
Matt Mahoney, Esq., CA Bar # 211184
401 B Street, Suite 2220
San Diego, CA 92101
Tel.: (619) 407-0505
Fax: (619) 872-0711
mahoney@wmalawfirm.com

Attorneys for Defendant-Respondent
Christopher LaRose, Senior Warden,
Otay Mesa Detention Center


JOHN J. RICE, ESQ. (Bar No. 140865)
ricej@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
San Diego, California 92101-7913
Telephone: 619.236.1551
Facsimile: 619.696.1410

Attorney for Defendant-Respondent
SIXTO MARRERO, Facility Administrator,
Imperial Regional Detention Facility

# I

## SUMMARY OF ARGUMENT

This Court should dismiss Plaintiffs/Petitioners' habeas petition and their complaint for lack of a case or controversy, because they have received the relief they sought.

Plaintiffs/Petitioners brought both a habeas action and a civil action for prospective relief ("civil action") to achieve the same purpose: a mandatory injunction to reduce the population at Otay Mesa Detention Center (OMDC) and Imperial Regional Detention Facility (IRDF) "to levels in each facility that permit adequate social distancing, maintenance of hygiene, and provision of medical care" and to *immediately* release the medically vulnerable detainees. [ECF No. 1 at 41, subsection b (prayer for habeas relief); subsections c and e (prayer declaratory/injunctive relief).] They have received all of this requested relief.

This Court ordered the immediate release of all eligible medically vulnerable detainees at OMDC, and further found that the populations at both facilities have been reduced to levels that permit adequate social distancing, maintenance of hygiene and provision of medical care. *See Alcantara v. Archambeault* ("*Alcantara I*"), No. 20CV0756 DMS (AHG), 2020 WL 2315777 (S.D. Cal. May 1, 2020) (TRO); *Alcantara v. Archambeault* ("*Alcantara II*"), No. 20CV0756 DMS (AHG), 2020 WL 2773765 (S.D. Cal. May 26, 2020) ("Social distancing throughout the facility [OMDC] is possible.") (OMDC); *Alcantara v. Archambeault* ("*Alcantara III*"), No. 20CV0756 DMS (AHG), 2020 WL 4201665, at *1 (S.D. Cal. July 22, 2020) ("given the overall capacity rate, social distancing is possible.") (IRDF).

IRDF has not had a detainee test positive since May 29, 2020, and OMDC has not had a detainee test positive since June 30, 2020. [*See* Matuszewski Decl., para. 4.] *See also* ICE Guidance on COVID-19, https://www.ice.gov/coronavirus (click on "ICE Detainees Statistics").

In their Prayer for Relief, Plaintiffs/Petitioners also sought certification of their action [ECF No. 1 at 42, subsection a], but class certification is a procedural matter, not a remedy. They also sought reporting of "information regarding the ongoing COVID-19 outbreak in Otay Mesa." [*Id.*, subsection d.] This Court ordered such reporting in advance of its May 26, 2020 ruling, and the need for reporting has been rendered moot. In addition, ICE regularly reports the current number of confirmed cases on its website. *See* ICE Guidance on COVID-19, https://www.ice.gov/coronavirus (click on "ICE Detainees Statistics").

II

STATEMENT OF FACTS

As set forth in greater detail in Defendants/Respondents' response to the TRO motion [ECF No. 23 at 10-11], Plaintiff/Petitioner Calderon-Lopez is a 35-year-old native and citizen of Honduras who was released from IRDF on April 24, 2020. She was released without bond restriction, subject to reporting requirements and alternatives to detention (ATD) (GPS monitoring). [ECF No. 96-1 at para. 25 (Valenzuela Decl.).] She was not released for medical reasons, and she does not fall within CDC's definition of medically vulnerable to serious illness or death. [ECF No. 95-3 at para. 24 (Dr. Martinez Decl.); Calderon-Lopez Medical Records.][1] She was released in the normal course of custody review. [ECF No. 23-1 at 1, 4, 7-8 (TRO Motion Response).] On May 15, 2020, Plaintiff/Petitioner Calderon-Lopez's ankle monitor stopped transmitting, and she failed to report to the ICE field office in San Antonio, Texas, on June 9, 2020, as was a condition of her release. [Valenzuela Decl., para. 25.]

///
///
///

---

[1] Plaintiff/Petitioner Calderon-Lopez's medical records were lodged separately under proposed seal. [ECF No. 25.]

Plaintiff/Petitioner Mary Doe is a 19-year-old native and citizen of Guatemala who was detained at IRDF. [ECF No. 1, para. 36.] On April 24, 2020, ICE granted the parole without bond restriction subject to reporting requirements and ATD, and she was released. [ECF No. 70 at 10.]

Plaintiff/Petitioner Alcantara is a 33-year old native and citizen of Cuba who was detained at OMDC. [ECF No. 1, para. 33.] On April 27, 2020, ICE granted the parole subject to the posting of a $4000 bond and final medical clearance. [ECF No. 23, Ex. 27a.] On April 30, 2020, he was released on ATD. [ECF No. 70 at 10.] He was not released for medical reasons, and he did not fall within CDC's definition of medically vulnerable to serious illness or death at the time of his release.[2]

Plaintiff/Petitioner Osorio Reyna is a 32-year-old native and citizen of Cuba and was detained at OMDC. On April 27, 2020, ICE granted the parole subject to the posting of a $4000 bond and final medical clearance. [ECF No. 23, Ex. 34a.] On April 30, 2020, he was released on ATD. [ECF No. 70 at 10.]

On May 1, 2020, this Court provisionally certified a subclass of medically vulnerable detainees at OMDC and ordered their release. *See Alcantara I*, 2020 WL 2315777.

On May 26, 2020, this Court denied Plaintiffs/Petitioners' motion for a preliminary injunction as to OMDC:

> As set out in the May 1 Order, OMDC has instituted a number of new policies and practices to address the spread of COVID-19 in the facility, including (1) the suspension of new detainee admissions, social visits, volunteer entry and regularly scheduled facility audits, (2) health screening of all persons entering the facility, (3) posting educational materials on COVID-19 throughout the facility, (4) increased sanitation, (5) provisions of masks to detainees, and (6) requiring employees to use personal protective equipment. All of these

---

[2] When Plaintiff/Petitioner Alcantara brought this case, CDC guidelines specified that only poorly controlled HIV was a risk factor, but since then, CDC has included all persons with HIV in the category of persons who "might be at an increased risk for severe illness from COVID-19." CDC, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (rev. July 17, 2020) (last visited Aug. 1, 2020).

3

measures, including the practice of protective cohorting, remain in place. Social distancing throughout the facility is possible.

*Alcantara II*, 2020 WL 2773765, at *2.

On July 22, 2020, this Court denied Plaintiffs/Petitioners' motion for a preliminary injunction as to IRDF:

> Since the beginning of the COVID-19 pandemic, IRDF has implemented a number of new policies and procedures designed to protect detainees from COVID-19 exposure and infection. Those measures include staff education and training; detainee education; screening of staff and other visitors to the Facility; increased and enhanced cleaning and sanitation; provision of hygiene supplies; social distancing when possible; staff and detainee use of personal protective equipment; COVID-19 screening of all incoming detainees and, to the extent possible, quarantining those individuals for 14 days prior to introducing them to the general population; suspension of all social visits; non-contact legal visits; and isolation and quarantine of detainees with suspected or known cases of COVID-19.

*Alcantara III*, 2020 WL 4201665, at *1 (citations omitted).

IRDF has not had a detainee test positive since May 29, 2020, and OMDC has not had a detainee test positive since June 30, 2020. [*See* Matuszewski Decl., para. 4.] From July 7 to 9, 2020, OMDC conducted testing of the entire facility: 286 ICE detainees were tested, and 44 ICE detainees declined to be tested. [*Id.*] No new COVID-19 positives resulted from the testing. [*Id.*][3]

### III
### CASE OR CONTROVERSY

"[T]hroughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citation omitted); *see also Abdala v. INS*, 488 F.3d 1061, 1065 (9th Cir. 2007). "The limitations that Article III imposes upon

---

[3] As Deputy Field Office Director Matuszewski explains in his declaration, both facilities have admitted new detainees who tested positive shortly after they were apprehended as they tried to enter the United States without inspection. Such detainees have been subject to strict quarantine procedures since admission. [Matuszewski Decl., para. 4.]

federal court jurisdiction are not relaxed in the declaratory judgment context." *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1129 (9th Cir. 2005). Declaratory judgment is moot if "changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief." *West v. Sec'y of Dep't of Transp.*, 206 F.3d 920, 925 n.4 (9th Cir. 2000) (citation and internal quotation marks omitted).

## IV
## ARGUMENT

Plaintiffs/Petitioners brought both a habeas action, as petitioners, and a civil action, as plaintiffs, both of which sought the injunctive relief described above. Still, for the sake of clarity, each action is addressed separately.

### A. CIVIL (PROSPECTIVE RELIEF) ACTION

Plaintiffs' civil action is based on only one claim—an alleged violation of the Fifth Amendment (and no other law). [ECF No. 1, para. 165; *see also id.*, para. 166 (stating essentially the same thing).] They sought only declaratory and injunctive relief to remedy the alleged constitutional violation [*id*. at 41-42], requiring the immediate release of medically vulnerable detainees and the reduction of occupancy at both facilities to levels that "permit adequate social distancing, maintenance of hygiene, and provision of medical care, on the ground that continued detention of class members under current conditions violates the Due Process Clause of the Fifth Amendment." [*Id*. at 41, subsections c and e.]

Plaintiffs have received the relief they sought, because this Court ordered the immediate release of medically vulnerable detainees at OMDC, *Alcantara I*, 2020 WL 2315777, and it found that the populations at both OMDC and IRDF have been reduced, that there is increased sanitation, hygiene, and personal protective equipment available at both facilities, and that social distancing is possible in both facilities. *See Alcantara II*, 2020 WL 2773765, at *2 (OMDC); *Alcantara III*, 2020 WL 4201665, at *1 (IRDF).

///

///

Since injunctive relief has been denied, and there is no longer a case or controversy, the relief Plaintiffs seek has necessarily been rendered moot. In the absence of a substantive cause of action, there is no basis for granting declaratory relief. "The Declaratory Judgment Act does not create an independent cause of action." *Del Monte Int'l GmbH v. Del Monte Corp.*, 995 F. Supp. 2d 1107, 1124 (C.D. Cal. 2014), *vacated and remanded on other grounds sub. nom. Del Monte Int'l GMBH v. Del Monte Foods, Inc.*, 658 F. App'x 846 (9th Cir. 2016) (internal quotations and citations omitted). *See also Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1382-83 (9th Cir. 1988) (The DJA "merely creates a remedy in cases otherwise within the court's jurisdiction."); *Am. Civil Liberties Union of Mass. v. U.S. Conference of Catholic Bishops*, 705 F.3d 44, 53-54 (1st Cir. 2013) ("For declaratory relief to withstand a mootness challenge, the facts alleged must 'show that there is a substantial controversy ... *of sufficient immediacy and reality to warrant the issuance of a declaratory judgment*.'") (emphasis in original) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 402 (1975)); *Bisson v. Bank of Am., N.A.*, 919 F. Supp. 2d 1130, 1139 (W.D. Wash. 2013) ("there must be 'a case of actual controversy' over which federal courts have jurisdiction.") (citing 8 U.S.C. § 2201 (a)).

Moreover, IRDF has not had a detainee test positive since May 29, 2020, and OMDC has not had a detainee test positive since June 30, 2020. [*See* Matuszewski Decl., para. 4.] Accordingly, to the extent Plaintiffs may have stated a claim at the beginning of this case, changes in circumstances have forestalled any relief. There is no case or controversy, and Plaintiffs' claim should be dismissed as moot.

B. <u>HABEAS ACTION</u>

In addition to bringing a civil action, Plaintiffs/Petitioners, as petitioners, brought the same class action by way of a habeas action. Again, they brought only one cause of action, for alleged violation of the Fifth Amendment. [*Id.*, para. 165; *see also* para. 166.]

///

///

6

Motion to Dismiss 20cv0756 DMS AHG

Unlike the usual habeas petitioner, Petitioners did not ask for their own release in their Prayer for Relief. [*See* ECF No. 1 at 41, subsection b.] As habeas petitioners, they brought a class action to obtain a mandatory injunction for the reduction of the populations at OMDC and IRDF and for the immediate release of medically vulnerable detainees.

As set forth above, Petitioners have received the relief that they sought. This Court ordered the immediate release of medically vulnerable detainees, *Alcantara I*, 2020 WL 2315777, and it has found that the populations at both OMDC and IRDF have been reduced, that there is increased sanitation, hygiene, and personal protective equipment available at both facilities, and that social distancing is possible in both facilities. *See Alcantara II*, 2020 WL 2773765, at *2 (OMDC); *Alcantara III*, 2020 WL 4201665, at *1 (IRDF).

To the extent that Petitioners' class action on behalf of a putative class of medically vulnerable detainees might be deemed an indirect request for the release of Petitioners, only Petitioners Alcantara and Calderon-Lopez alleged that they were medically vulnerable, and more importantly, all four of them have been released, so any habeas relief that they sought for themselves has been rendered moot. In his accompanying declaration, Deputy Field Office Director Matuszewski provides this Court with further assurances with respect to all four Petitioners that "[n]one of Plaintiffs/Petitioners and no other detainee who has been released from OMDC or IRDF during the course of this litigation will be re-detained at either of those facilities or at any other facility within the control of San Diego ERO absent a material change in circumstances beyond the government's control, and consistent with CDC guidelines, ICE guidance, and all other applicable laws and court orders." [Matuszewski Decl., para. 3.] *See Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (the panel was "satisfied that the alleged wrong will not recur," because "the government [had] filed a declaration of the director of the Los Angeles District Office of the INS who reiterated under oath the statement made by the government in its motion [that] '[a]bsent Picrin's reinvolvement with the criminal justice system, a change in the Cuban government

enabling him to return to Cuba, or the willingness of a third country to accept him, he will be paroled for another year.'").

Petitioners' habeas action has therefore been rendered moot and should be dismissed.

### D. OTHER REQUESTS IN THE PRAYER FOR RELIEF

In the Prayer for Relief, Plaintiffs/Petitioners also requested an order requiring a periodic report of "information regarding the ongoing COVID-19 outbreak in Otay Mesa." [ECF No. 1 at 41, subsection d.] This Court issued such an order, and Defendants/Respondents reported on May 4, 8, 15 and 20, 2020, and on May 26, 2020, this Court denied Plaintiffs/Petitioners' motion for preliminary injunction. The need for reporting has been rendered moot, because IRDF has not had a detainee test positive since May 29, 2020, and OMDC has not had a detainee test positive since June 30, 2020. [*See* Matuszewski Decl., para. 4.] Furthermore, ICE regularly reports the current number of confirmed cases on its website. *See* ICE Guidance on COVID-19, https://www.ice.gov/coronavirus (click on "ICE Detainees Statistics")

Plaintiffs/Petitioners also sought class action certification in their Prayer for Relief, but that is a procedural matter, not a remedy. *See* Fed. R. Civ. P., Title IV (Parties) (Rules 17 through 25). And class certification is meaningless if the certified class or subclass has no final relief available. By separate motion, Defendants/Respondents seek, as a formality, decertification of the provisional subclass.

### V
### CONCLUSION

Plaintiffs/Petitioners' case, both the habeas and civil portions, should be dismissed for lack of a case or controversy, because they have been granted the relief they sought.

///
///
///

| | | |
|---|---|---|
| 1 | DATED: August 10, 2020 | Respectfully submitted, |
| 2 | | ROBERT S. BREWER JR.<br>United States Attorney |
| 4 | | KATHERINE L. PARKER<br>Chief, Civil Division |
| 6 | | *s/ Samuel W. Bettwy*<br>SAMUEL. W. BETTWY<br>Assistant U.S. Attorney |
| 8 | | s/ *Rebecca G. Church*<br>REBECCA G. CHURCH<br>Assistant U.S. Attorney |
| 10 | | Attorneys for Federal Defendants-Respondents |
| 12 | | STRUCK LOVE BOJANOWSKI & ACEDO, PLC |
| 13 | | By s/ *Nicholas D. Acedo*<br>    Daniel P. Struck<br>    Rachel Love<br>    Nicholas D. Acedo<br>    Jacob B. Lee |
| 16 | | Matt Mahoney, Esq.<br>WITHAM MAHONEY & ABBOTT, LLP |
| 18 | | Attorneys for Defendant-Respondent<br>Christopher LaRose, Senior Warden,<br>Otay Mesa Detention Center |
| 21 | | HIGGS FLETCHER & MACK LLP |
| 23 | | By: /s/ *John J. Rice*<br>JOHN J. RICE, ESQ. |
| 24 | | Attorney for Defendant-Respondent<br>SIXTO MARRERO, Facility<br>Administrator, Imperial Regional<br>Detention Facility |

## Signature Certification

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual of the United States District Court for the Southern District of California, I hereby certify that the content of this document is acceptable to counsel for co-Defendants-Respondents, and that I have obtained authorization to affix their electronic signatures to this document.

DATED: August 10, 2020                    s/ *Samuel Bettwy*
                                          SAMUEL BETTWY