UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN RODRIGUEZ ALCANTARA; YASMANI OSORIO REYNA; MARIA FLOR CALDERON LOPEZ; MARY DOE; on behalf of themselves and all others similarly situated,<br><br>                  Plaintiffs-Petitioners,<br><br>v.<br><br>GREGORY ARCHAMBEAULT, San Diego Field Office Director, Immigration and Customs Enforcement; et al.,<br><br>                  Defendants-Respondents. | Case No.: 20cv0756 DMS (AHG)<br><br>**ORDER (1) DENYING DEFENDANTS' MOTION TO DECERTIFY OTAY MESA SUBCLASS AND (2) DENYING DEFENDANTS' MOTION TO DISMISS** |

    This case returns to the Court on Defendants' (1) motion to decertify the Otay Mesa Medically Vulnerable Subclass and (2) the Federal Defendants' motion to dismiss. Plaintiffs oppose both motions. After reviewing the parties' briefs, the relevant legal authority, and the record in this case, the Court denies both motions.

**I.**

**MOTION TO DECERTIFY**

    The Otay Mesa Medically Vulnerable Subclass was provisionally certified in connection with the Court's issuance of the temporary restraining order. (*See* ECF No. 38 at 1; ECF No. 41 at 13; ECF No. 77 at 1.) Defendants argue the Court's denial of

Plaintiffs' request for a preliminary injunction constitutes a "subsequent development in the litigation," and in light of that development the Subclass should be decertified. Plaintiffs dispute that the Court's denial of their request for preliminary injunctive relief is a valid basis for decertifying the Subclass. They also argue the requirements for certification are still met, and there is a need for the Subclass to remain certified.

Federal Rule of Civil Procedure 23(c)(1)(C) states, "[a]n order that grants or denies class certification may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C). Plaintiffs acknowledge that alteration or amendment of such an order may be warranted based on "'subsequent developments in the litigation,'" *Makaeff v. Trump Univ., LLC*, 309 F.R.D. 631, 635 (S.D. Cal. 2015) (quoting *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982)), (*see* Opp'n to Mot. at 2), but they dispute whether the Court's denial of their request for a preliminary injunction constitutes such a development.

Neither side cites any case law on this precise issue. However, the denial of a request for preliminary injunction, standing alone, does not appear to be the kind of "subsequent development in the litigation" that warrants decertification. Rather, that kind of development suggests a change in the facts or evidence in a case, *see Blackie v. Barrack*, 524 F.2d 891, 897 (9th Cir. 1975) (stating class certification subject to "decertification as the suit progresses *and newly discovered facts warrant*.") (emphasis added); *NEI Contracting & Eng'g, Inc. v. Hanson Aggregates, Inc.*, No. 12-CV-01685-BAS(JLB), 2016 WL 2610107, at *4 (S.D. Cal. May 6, 2016) (seeking decertification based on newly uncovered evidence), or a change in the controlling law. *See Abdi v. McAleenan*, 405 F.Supp.3d 467, 479 (W.D.N.Y. 2019) (finding Supreme Court decision issued after certification represented "an intervening change in controlling law warranting the reexamination of this Court's Decision and Order certifying the subclass pursuant to Rule 23."); *Estrella v. Freedom Fin. Network, LLC*, No. CV 09-03156 SI, 2012 WL 214856, at *5 (N.D. Cal. Jan. 24, 2012) ("'decertification is appropriate in light of changes in the law' that make it no longer proper for a class to be maintained.") (citations omitted).

The Court's denial of Plaintiffs' request for a preliminary injunction does not fall into either of those categories. Indeed, as Plaintiffs point out, that ruling did not touch on any of the factors relevant to the issue of class certification.

Defendants also raise a related but slightly different argument in support of their motion for decertification, namely, that the Court provisionally certified the Subclass for the purpose of issuing the temporary restraining order, and since that order has expired there is no reason to maintain certification. There is some logical appeal to this argument, but it relies on a false premise. Although the issue of class certification was raised in connection with Plaintiffs' motion for a temporary restraining order, the issuance of that order was not the basis for the Court's certification decision. Rather, that decision was based on the Court's separate and independent finding that the requirements for class certification were met. Expiration of the temporary restraining order and denial of the request for a preliminary injunction have not altered that finding, and thus those events, standing alone, do not warrant decertification of the Subclass. Accordingly, Defendants' motion to decertify is denied.

## II.

## MOTION TO DISMISS

In the motion to dismiss, the Federal Defendants argue Plaintiffs have received all of the relief sought in the Complaint and none of the detainees that have been released will be re-detained, therefore the case is moot. Plaintiffs dispute both of these arguments, and urge the Court to deny the motion.

Contrary to Defendants' first argument, Plaintiffs have not received all of the relief sought in the Complaint. Although Defendants released the majority of the Otay Mesa Medically Vulnerable Subclass Members, they do not dispute that certain members of that Subclass remain at Otay Mesa Detention Center ("OMDC"). And although Defendants did provide Plaintiffs and the Court with certain information regarding the COVID-19 outbreak at OMDC in connection with the briefing on the motion for class certification and motion for a temporary restraining order, the Court has yet to issue "an

order requiring Defendants to provide to Plaintiffs and the Court, at intervals the Court deems proper, information regarding the ongoing COVID-19 outbreak at Otay Mesa[.]" (Compl. at 42.) Accordingly, Defendants' first argument does not warrant dismissal of Plaintiffs' case.[1]

To prevail on their second argument, Defendants must satisfy a "stringent" standard. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). Specifically, they bear "[t]he 'heavy burden of persua[ding]' the court that the challenged conduct cannot reasonably be expected to start up again …." *Id.* (quoting *United States v. Concentrated Phosphate Export Assn.*, 393 U.S. 199, 203 (1968)). In an attempt to meet this burden, Defendants submitted a declaration from Jamison Matuszewski, the Deputy Field Office Director of the ICE/ERO San Diego Field Office, who states:

> None of Petitioners/Plaintiffs and no other detainee who has been released from OMDC or IRDF during the course of this litigation will be re-detained at either of those facilities or at any other facility within the control of San Diego ERO absent a material change in circumstances beyond the government's control, and consistent with CDC guidelines, ICE guidance, and all other applicable laws and court orders.

(*See* Decl. of Jamison Matuszewski in Supp. of Mot. ¶3.) Mr. Matuszewski's statement, however, does not satisfy Defendants' "heavy burden." As Plaintiffs point out, Mr. Matuszewski's statement does not make it "absolutely clear" that Subclass Members will

---

[1] To the extent Defendants argue Plaintiffs' case is moot in light of the Court's denial of Plaintiffs' motion for a preliminary injunction, the Court rejects that argument. *See Southern Oregon Barter Fair v. Jackson Cty., Ore.*, 372 F.3d 1128, 1136 (9th Cir. 2004) ("Decisions on preliminary injunctions require the district court to assess the plaintiff's likelihood of success on the merits, not whether the plaintiff has actually succeeded on the merits.") Defendants also suggest Plaintiffs' case is moot because the Court declined to certify an Imperial Valley Regional Facility Subclass and the purpose of the Otay Mesa Medically Vulnerable Subclass "has expired." (Reply at 4.) In light of the Court's discussion above, the Court rejects this argument also.

not be re-detained under any and all circumstances or outside of the San Diego area. *See Friends of the Earth*, 528 U.S. at 189 (quoting *Concentrated Phosphate*, 393 U.S. at 203) ("'A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'") More importantly, Mr. Matuszewski does not address the allegedly wrongful conduct at issue here, which is not necessarily the continuing detention of civil immigration detainees at OMDC and Imperial Regional Detention Facility ("IRDF"), but rather the general conditions of confinement at those facilities in light of the COVID-19 pandemic. Therefore, Mr. Matuszewski's declaration does not show this case is moot.[2] Absent that showing, Defendants' motion to dismiss is denied.

## III.
## CONCLUSION

For the reasons set out above, Defendants' motion to decertify the Otay Mesa Medically Vulnerable Subclass is denied, as is the Federal Defendants' motion to dismiss.

**IT IS SO ORDERED**.

Dated:  October 19, 2020

Hon. Dana M. Sabraw
United States District Judge

---

[2] The Court also notes that although the COVID-19 situations at OMDC and IRDF appear to have improved, the wider outbreak is not yet fully contained. Until that happens, there remains a risk of additional outbreaks in these facilities, especially when Defendants have resumed admissions and some of those admissions are testing positive for COVID-19.