UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN RODRIGUEZ ALCANTARA; YASMANI OSORIO REYNA; MARIA FLOR CALDERON LOPEZ; MARY DOE; on behalf of themselves and all others similarly situated,<br><br>Plaintiffs-Petitioners,<br><br>v.<br><br>GREGORY ARCHAMBEAULT, San Diego Field Office Director, Immigration and Customs Enforcement; et al.,<br><br>Defendants-Respondents. | Case No.: 20cv0756 DMS (AHG)<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF FROM ORDER, OR IN THE ALTERNATIVE, FOR PRELIMINARY INJUNCTION** |

    This case returns to the Court on Plaintiffs' motion for relief from the Court's May 26, 2020 Order denying Plaintiffs' motion for a preliminary injunction, or in the alternative, for a preliminary injunction to establish a dispute resolution process regarding the Otay Mesa Medically Vulnerable Subclass Members who remain in detention. Defendants filed an opposition to the motion, Plaintiffs filed a reply, and each side filed unsolicited supplemental briefs. After reviewing all of the briefs, the relevant legal authority, and the record in this case, the Court denies the motion.

/ / /

/ / /

# I.

# RULE 60(b) MOTION

Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from a final judgment or order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Plaintiffs proceed under the assumption that the Court's May 26, 2020 Order denying their motion for a preliminary injunction is a "final order" subject to Rule 60(b), but the Ninth Circuit has concluded otherwise.  *See Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 880 (9th Cir. 2000) (citations omitted) (stating "preliminary injunction is not a 'final judgment, order, or proceeding' that may be addressed by a motion under Rule 60(b).")  Indeed, Plaintiffs relied on the preliminary nature of the Court's Order to defeat Defendants' motion to dismiss. (*See* ECF No. 110 at 11) (discussing preliminary nature of Court's ruling).  Thus, absent a showing that the Court's Order is a "final order" subject to Rule 60(b), Plaintiffs' request for relief under that Rule is denied.

/ / /

/ / /

/ / /

## II.

## MOTION FOR PRELIMINARY INJUNCTION

As an alternative to relief under Rule 60(b), Plaintiffs move the Court for a preliminary injunction to establish a dispute resolution process for the thirty Otay Mesa Medically Vulnerable Subclass Members who remain in detention. Specifically, Plaintiffs request that the Court allow them to file release applications for these Subclass Members with the Court, as they would a motion, and have the Court rule on those applications. In support of this request, Plaintiffs argue the conditions at Otay Mesa have changed since the Court denied their request for a preliminary injunction, and the current conditions warrant the grant of this relief. Defendants acknowledge that conditions have changed, but they maintain that even under the current conditions, Plaintiffs have not shown a likelihood of success on the merits.

The Court agrees with Defendants. Plaintiffs' request for a preliminary injunction is based on two assertions, neither of which demonstrates a likelihood of success on the merits of their claim. First, Plaintiffs claim Otay Mesa has resumed accepting new admissions, including individuals who have tested positive for COVID-19. Defendants do not dispute this, but the resumption of new admissions, standing alone, does not demonstrate a likelihood of success on the merits. This is especially so considering the precautions that are being taken with respect to those new admissions. Specifically, Warden LaRose states that all new ICE admissions are tested for COVID-19 and quarantined for fourteen days for observation. (*See* Decl. of Warden LaRose in Supp. of Opp'n to Mot., ¶14.) If any of them test positive, they are then quarantined in the Medical Unit until recovered. (*Id.*)

Plaintiffs' second assertion, namely that these new admissions, including those who test positive for COVID-19, are being housed with members of the Medically Vulnerable Subclass, is more concerning, but given the evidence set out above and elsewhere in Warden LaRose's Declarations, it is unclear whether that is actually happening. Indeed, Plaintiffs point to only one member of the Medically Vulnerable

Subclass who was being housed in the same pod as new admissions, (*see* Reply at 7), but according to Warden LaRose, that individual "is never out of his cell at the same time as the quarantined detainees—whether for recreation, showers, or any other purpose." (Decl. of Warden LaRose in Supp. of Defs.' Notice of Supp. Facts, ¶26.) Warden LaRose goes on to state that although this individual "uses the same recreation enclosures, showers, and telephones as the detainees under intake quarantine, they never use those facilities at the same time, and the enclosures, showers, and telephones are regularly cleaned and disinfected pursuant to the facility's COVID-19 protocols." (*Id.*) Most importantly, there is no evidence that any of the new admissions who were housed with this individual tested positive for COVID-19.

In light of the above, Plaintiffs have not shown a likelihood of success on the merits of their claim sufficient to warrant preliminary injunctive relief. Absent that showing, the Court declines to address the three remaining factors. *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984).

### III.
### CONCLUSION

For the reasons set out above, Plaintiffs' motion for relief from the Court's May 26, 2020 order denying their motion for a preliminary injunction, or in the alternative, for a preliminary injunction to establish a dispute resolution process for the Medically Vulnerable Subclass Members who remain in detention is denied.

**IT IS SO ORDERED**.

Dated: November 12, 2020

_____
Hon. Dana M. Sabraw
United States District Judge