1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **SOUTHERN DISTRICT OF CALIFORNIA**
10  Adrian Rodriguez Alcantara, et al.,            NO. 3:20-cv-00756-DMS-AHG
11              Plaintiffs-Petitioners,
12  v.                                             **ORDER GRANTING JOINT**
                                                   **MOTION FOR PROTECTIVE**
13  Gregory J. Archambeault, San Diego             **ORDER**
    Field Office Director, Immigration and
14  Customs Enforcement, et al.,
15              Defendants-                         **[ECF No. 152]**
                Respondents.
16
17

18       The following Protective Order is entered to govern the dissemination of

19  documents and information exchanged between the parties in this matter that contain

20  CONFIDENTIAL INFORMATION as defined herein and designated by the parties.

21  The purpose of this Protective Order is to protect the confidentiality of such materials

22  as much as practical during the litigation.  The parties have agreed to be bound by

23  the terms of this Order.

24                          DEFINITIONS

25       1.      For purposes of this Order, CONFIDENTIAL INFORMATION means

26  any document, information, materials, or tangible thing, electronic recording or

27  transcript of oral testimony, whether or not made under oath, or any portion of such

28  a  document,  thing,  recording,  or  transcript,  designated  by  any  party  as

"CONFIDENTIAL INFORMATION" because the party making the designation avers that it can and would make a showing to this Court sufficient to justify the filing of the document or information under seal in accordance with Federal Rule of Civil Procedure 26(c) and/or controlling federal case law, including the following: (a) proprietary information (trade secret, proprietary matter, or other confidential research, development, or commercial information as those terms are used in Federal Rule of Civil Procedure 26), (b) security-sensitive information (information that if released to the public or inmate/detainee population may compromise the safety and security of a correctional or detention facility), (c) confidential personal or medical information, or (d) information reasonably believed to be protected from disclosure pursuant to state or federal law, or subject to the Privacy Act, 5 U.S.C. § 552a ("Privacy Act").

2.    For purposes of this Order, "discovery" means all information, documents, and things subject to discovery and that may be used as evidence in this action, whether produced by any party or a third party, including but not limited to, documents and information produced pursuant to Federal Rule of Civil Procedure 26, testimony adduced at depositions pursuant to Rule 30 or 31, answers to interrogatories pursuant to Rule 33, documents produced pursuant to Rule 34, and answers to requests for admissions pursuant to Rule 36.

3.    The term "documents" in this Order includes but is not limited to, correspondence, memoranda, interoffice and/or intra-corporate communications, letters, statements, contracts, invoices, drafts, charts, work sheets, logs, transcripts, summaries, notes, abstracts, motions, drawings, diagrams, maps, specifications, sketches, drawings, data, reports, work assignments, instructions, and other writings.

4.    The term "materials" will include, but is not be limited to: spreadsheets; lists; documents; correspondence; memoranda; bulletins; letters; statements; contracts; invoices; drafts; worksheets; notes of conversations; desk diaries; appointment books; recordings; photographs; videos; compilations from which

information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes; reports; instructions; disclosures; other writings; models and other physical objects; and electronically-stored information.

5.     The term "Counsel" means counsel of record, and other attorneys, paralegals, secretaries, legal assistants, clerks, and other support staff employed in Counsel's offices.

<u>GENERAL RULES</u>

6.     Only documents marked as "CONFIDENTIAL" will be subject to this Protective Order. Documents subject to this Order will be used by non-producing parties only in this lawsuit, including any appeals. CONFIDENTIAL INFORMATION will not be disseminated or produced except in accordance with this Agreement.

7.     Whenever a deposition or court proceeding involves the disclosure of a party's CONFIDENTIAL INFORMATION to another party, the following procedure will apply:

a.     The court reporter will be directed to label pages with portions of the transcript containing CONFIDENTIAL INFORMATION as "CONFIDENTIAL."  This request will be made on the record whenever possible.

b.     The cover of any portion of a deposition or court proceeding transcript that contains testimony or documentary evidence that has been designated CONFIDENTIAL INFORMATION will be prominently marked with the legend: CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER.

c.     All portions of deposition transcripts designated as CONFIDENTIAL INFORMATION will not be disseminated except to the persons identified in Paragraphs 9 and 10.

8.     If Counsel for any party wishes to file CONFIDENTIAL INFORMATION on the public docket or otherwise make it publicly available, Counsel shall notify opposing Counsel of their intent to file or distribute such

1   material at least three business days before doing so. Upon such notice, Counsel for

2   both parties shall confer in good faith to determine whether redactions are necessary

3   and to agree on appropriate redactions. In the event Counsel does not provide

4   notification prior to the filing of CONFIDENTIAL INFORMATION, they shall not

5   file any CONFIDENTIAL INFORMATION on the public docket. All pleadings that

6   contain CONFIDENTIAL INFORMATION shall be filed in the public record in

7   redacted form, with as few redactions as possible. An unredacted version will be filed

8   provisionally under seal with the clerk of the court until this Court rules on an

9   application to file the CONFIDENTIAL INFORMATION under seal.

10          9.      No document shall be filed under seal unless Counsel secures a court

11   order allowing the filing of a document, or portion thereof, under seal. An application

12   to file a document under seal shall be served on opposing Counsel, and on the person

13   or entity that has custody and control of the document, if different from opposing

14   Counsel. If opposing Counsel, or the person or entity who has custody and control of

15   the document, wishes to oppose the application, they must contact the chambers of

16   the judge who will rule on the application to notify this Court that an opposition to

17   the application will be filed. The parties shall follow and abide by applicable law

18   with respect to filing documents under seal. If opposing Counsel, or the person or

19   entity who has custody and control of the document, wishes to supplement the

20   application, they must contact the chambers of the judge who will rule on the

21   application to notify this Court that a supplement to the application will be filed.

22          10.     Subject to the Federal Rules of Evidence, CONFIDENTIAL

23   INFORMATION may be offered in evidence at trial or any court hearing in this

24   matter, provided that the proponent of the evidence gives reasonable notice to

25   Counsel for any party or other person who designated the information as confidential.

26   Any party may move this Court for an order that the evidence be received in camera

27   or under other conditions to prevent unnecessary disclosure. This Court will then

28   determine whether the proffered evidence should continue to be treated as

confidential information and what protection, if any, may be afforded to the information at trial.

11.     Unless otherwise provided in this Order, access to CONFIDENTIAL INFORMATION will be restricted to: this Court and its officers; the named plaintiffs or any party appointed by the Court to represent a class; the parties to which the CONFIDENTIAL INFORMATION specifically applies; Counsel in this action and their support staff, including paralegals, legal interns, and legal assistants; testifying or consulting experts; any person noticed for deposition or designated as a trial witness to the extent reasonably necessary to prepare such person to testify, except as prohibited by paragraph 9; U.S. agency officials who are decisionmakers related to this litigation; where production is required by the Federal Rules of Civil Procedure; or where production is ordered by this Court. Any person to whom disclosure is made will be furnished with a copy of the Protective Order and will be subject to the Order.

12.     Nothing in this Protective Order shall prohibit Counsel from sharing confidential personal or medical information with the members of the Certified Class[es] or Subclass[es] in this case to which the confidential personal or medical information specifically applies.

13.     DEFENDANTS     may     further     designate     CONFIDENTIAL INFORMATION that contains security sensitive information, proprietary information, or information not for release to the current or former detainee population as "FOR ATTORNEYS' EYES ONLY."  Such CONFIDENTIAL INFORMATION so designated as "FOR ATTORNEYS' EYES ONLY" may not be provided to representative parties, class members, or subclass members.  Should Counsel for the representative parties, class members, or subclass members contend that such designated CONFIDENTIAL INFORMATION be shared with representative parties, class members, or subclass members in any form (by copy of the information or oral explanation of the same), Counsel shall confer with the

Counsel that designated the CONFIDENTIAL INFORMATION as "FOR ATTORNEYS' EYES ONLY" before doing so in an attempt to reach an agreement regarding the same.

14. CONFIDENTIAL INFORMATION containing private addresses, personal identifying information (does not include last names of current and former corrections/detention or law enforcement employees and contractors), dependent information, or contact information concerning current or former corrections/ detention or law enforcement employees or contractors will not be disclosed to any current or former detainee or member of the general public. Access will be restricted to Counsel in this action, their support staff, and any consulting or testifying experts. Moreover, CONFIDENTIAL INFORMATION containing policies, protocols, practices, and directives specifically relating to security procedures utilized by any corrections/detention or law enforcement employee or contractor or at any corrections/detention or law enforcement facility will not be disclosed to any current or former detainee or the general public, unless a court has ordered it after the procedure in paragraph 15 is followed. The producing party will produce the information with the label: "CONFIDENTIAL/ATTORNEYS' EYES ONLY." By stipulating to this Protective Order, CoreCivic, Management & Training Corporation ("MTC"), United States Immigration and Customs Enforcement ("ICE"), and their employees are not agreeing to disclose security-sensitive information related to the operation of any CoreCivic, MTC, or ICE facility.

15. If any party, or that party's Counsel, expert, or agent, is required by law or court order to disclose CONFIDENTIAL INFORMATION to any person or entity not identified in paragraph 11, the name of that person or entity will be furnished to Counsel as far in advance of disclosure as is reasonably possible (ideally, not less than two weeks), so that Counsel may object and seek further protection as necessary. Once an objection has been made, there will be no disclosure until the matter is resolved, unless disclosure is required by law or court order. Any person not listed in

Paragraph 10 who is then entitled to receive CONFIDENTIAL INFORMATION must be furnished with a copy of the Protective Order.

16.     The parties retain the right to challenge the designation of a particular document as CONFIDENTIAL INFORMATION. If a party to this Order who has received material marked CONFIDENTIAL in accordance with this Order disagrees with the designation, in full or in part, the party shall notify the producing party in writing.  The parties will then confer in good faith as to the designation of a particular document as CONFIDENTIAL INFORMATION within 5 business days of notice provided regarding the challenge to the designation. If the recipient and the producing party are unable to agree upon the status of the material at issue, any party may raise the issue with this Court for resolution. Any disputes regarding designations must be brought to this Court's attention within 45 days of the conference of Counsel. The burden of proof with respect to the propriety or correctness of the designation of information as CONFIDENTIAL INFORMATION will rest on the designating party. No party, by treating designated material as CONFIDENTIAL INFORMATION in accordance with this Order, shall be deemed to have conceded that the material actually is confidential. A party shall not be obligated to challenge a designation of CONFIDENTIAL INFORMATION at the time the designation is made, and failure to do so shall not preclude a subsequent challenge under the procedure set forth in this paragraph.

17.     The intent and purpose of this Order is to facilitate the disclosure and use of relevant and discoverable documents containing CONFIDENTIAL INFORMATION for purposes of this litigation. Nothing in this Order precludes Petitioners or Respondents from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from the Order. Moreover, by agreeing generally in this stipulated Order that certain categories will be covered as confidential, although the parties may not refuse to produce particular documents simply because they contain

confidential information, the parties do not waive the right to challenge the discoverability of documents that fall within those categories. The Parties do not waive any privileges or objections by entering into this Order.

18. All CONFIDENTIAL INFORMATION must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving CONFIDENTIAL INFORMATION, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If CONFIDENTIAL INFORMATION is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

19. If a party, through inadvertence, produces any CONFIDENTIAL INFORMATION without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed CONFIDENTIAL INFORMATION, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL."

20. Upon completion of this litigation, if requested in writing by the disclosing party, Counsel and their experts shall return, or by agreement of the parties may provide a Certificate of Destruction, to the producing party any

CONFIDENTIAL INFORMATION produced in this action. Legal memoranda and briefs containing protected information and any work product materials containing protected information may be retained if such documents shall be kept in the possession of a private litigant's counsel, and shall not in the future be disclosed contrary to the provisions of this Order. Nothing herein shall restrict the parties' use of their records for official business or for other purposes consistent with other applicable laws and regulations.

21.     The restrictions and obligations set forth within this order will not apply to any information that: (a) the parties agree should not be designated confidential information; (b) the parties agree, or this Court rules, is already public knowledge, and with regards to documents produced by Federal Defendants-Respondents, disclosure would not violate the Privacy Act; (c) the parties agree, or this Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order, and with regards to documents produced by Federal Defendants-Respondents, disclosure would not violate the Privacy Act; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by preproduction documentation.

22.     If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure.

Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL."

23.     Nothing in this Order precludes any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or relief from the Protective Order.

24.     Each person designated in Paragraph 10, by receiving a copy of the Protective Order entered by this Court and agreed to by the parties, agrees to abide by its provisions and to see that its provisions are known and adhered to by those under his or her supervision or control, and to submit to the jurisdiction of this Court in the event the Order or the parties' agreement concerning the contents of the Order is breached.

25.     This Court may modify the Protective Order *sua sponte* in the interests of justice or for public policy reasons.

**IT IS SO ORDERED.**

Dated:  December 23, 2020

Honorable Allison H. Goddard
United States Magistrate Judge