UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN RODRIGUEZ ALCANTARA, et al.,<br><br>　　　　　Plaintiff-Petitioners,<br><br>v.<br><br>GREGORY J. ARCHAMBEAULT, San Diego Field Office Director, Immigration and Customs Enforcement, et al.,<br><br>　　　　　Defendant-Respondents. | Case No.:  3:20-cv-756-DMS-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING JOINT MOTION FOR EXTENSION OF CASE SCHEDULE TO ALLOW PARTIES TO ENGAGE IN CONFIDENTIAL SETTLEMENT DISCUSSIONS; and**<br><br>**(2) SETTING CONFIDENTIAL ATTORNEY-ONLY CALLS TO DISCUSS STATUS OF SETTLEMENT DISCUSSIONS**<br><br>**[ECF No. 171]** |

This matter comes before the Court on the parties' Joint Motion for 60-Day Extension to All Pending Court and Discovery Deadlines to Allow Parties to Engage in Confidential Settlement. ECF No. 171. The parties stipulate and request that the Court grant a 60-day extension of all deadlines in the case, including (1) the April 19, 2021 deadline to raise discovery disputes with the Court, (2) the April 23, 2021 deadline for

Plaintiffs to move for class certification, and (3) all other pending discovery deadlines stemming from the parties' pending discovery requests. *See id.*

Under Fed. R. Civ. P 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Here, the parties explain that they seek a continuance of the case schedule and discovery deadlines, because on April 2, 2021, the parties confirmed their mutual interest in pursuing settlement of the case. ECF No. 171 at 2. Having confirmed that interest, Plaintiffs sent confidential correspondence regarding potential settlement terms on April 6, 2021, which Defendants are now considering. *Id.* The parties report they need more time to determine whether continued settlement discussions will be fruitful, and a 60-day extension of pressing deadlines will help facilitate those discussions. *Id.* at 2-3.

The Court finds that the parties' need for relief from pressing deadlines while they discuss settlement constitutes good cause to extend the dates in the case schedule. In addition, in the Joint Motion, the parties outline their ongoing efforts to diligently pursue discovery within the existing case schedule, further demonstrating that the extension is not requested due to lack of diligence. *Id.* at 2. The Court therefore finds good cause to **GRANT** the request in significant part.[1]

However, the Court will require counsel to make themselves immediately available for separate confidential settlement calls with Judge Goddard on **May 19, 2021** between **11:30 a.m. and 12:30 p.m.** Counsel for each side must separately email the Court at efile_goddard@casd.uscourts.gov to provide their preferred point of contact and contact

---

[1] The Court notes that not all dates in the case schedule have been extended for a full 60 days, although all discovery deadlines have been extended by at least 6 weeks.

information for these calls no later than **May 17, 2021**. Judge Goddard will call counsel directly using the numbers provided during that hour to discuss the progress of the parties' settlement discussions.

All deadlines arising from any party's discovery requests are hereby extended by 60 days. This extension applies but is not limited to the following deadlines:

- The deadline for Plaintiffs to respond to Defendants' first set of requests for production of documents and first set of interrogatories is extended from April 12, 2021 to **June 11, 2021**.
- The deadline for Defendants to respond to Plaintiff's third set of requests for production of documents and third set of interrogatories is extended from April 18, 2021 to **June 17, 2021**.
- The deadline for Plaintiffs to raise discovery disputes with the Court arising from the Defendants' December 7, 2020 and January 19, 2021 discovery responses to Plaintiffs' first sets of interrogatories and requests for production is extended from April 19, 2021 to **June 18, 2021**.
- The deadline for Plaintiffs to raise discovery disputes regarding Defendants' respective responses to Plaintiffs' second set of requests for production of documents and second set of interrogatories is extended from May 13, 2021 to **July 12, 2021**.

Further, the Court **AMENDS** the Scheduling Order as follows:

1. Any motion for class certification must be filed on or before **June 21, 2021**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.

2. Plaintiff-Petitioners shall designate their experts in writing and shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure by **August 6, 2021**.

3. Defendant-Respondents shall designate their rebuttal experts in writing and shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) by

**September 3, 2021**.

4. Plaintiff-Petitioners shall serve any reply expert disclosures by **September 24, 2021**.

5. For expert designations, the parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

6. The expert disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

7. All fact and expert discovery shall be completed by all parties by **October 15, 2021**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, the movant must e-mail

chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a neutral statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard.**

8. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

9. All other pretrial motions must be filed by **November 12, 2021**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

10. A Mandatory Settlement Conference shall be conducted on **January 21, 2022** at **9:30 a.m.** in the chambers of **Magistrate Judge Allison H. Goddard**. Plaintiff-Petitioners must serve on Defendant-Respondents a **written** settlement proposal, which must include a specific demand amount, no later than **January 4, 2022**. Defendants must respond to Plaintiffs **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court. Counsel for the parties must meet and confer in person or by phone no later than **January 11, 2022**. Each party must prepare a

Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **January 14, 2022**. The Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). The substance of the Settlement Conference Statement must comply fully with Judge Goddard's Mandatory Settlement Conference Rules (located at https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf). Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **January 14, 2022**. The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with Judge Goddard's Mandatory Settlement Conference Rules.

11. Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) by **January 28, 2022**.

12. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **January 28, 2022**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

13. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **February 4, 2022**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

14. Counsel for Plaintiff-Petitioners will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By

**February 11, 2022**, Plaintiff-Petitioners' counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with Plaintiff-Petitioners' attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

15. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **February 18, 2022**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

16. The final Pretrial Conference is scheduled on the calendar of the **Honorable Dana M. Sabraw** on **February 25, 2022** at **10:30 a.m.** The trial is scheduled to start on **March 28, 2022** at **9:00 a.m.**

17. A post-trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

18. The dates and times set forth herein will not be modified except for good cause shown.

**IT IS SO ORDERED.**

Dated: April 16, 2021

Honorable Allison H. Goddard
United States Magistrate Judge