ACLU FOUNDATION OF SAN
DIEGO & IMPERIAL COUNTIES
JONATHAN MARKOVITZ (301767)
(jmarkovitz@aclu-sdic.org)
P.O. Box 87131
San Diego, California 92138-7131
Telephone:  (619) 398-4493

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
KYLE VIRGIEN (278747)
(kvirgien@aclu.org)
39 Drumm Street
San Francisco, CA 94111-4805
Telephone:  (415) 621-2493

*Counsel for Plaintiff-Petitioners*

COOLEY LLP
JOHN HEMANN (165823)
(jhemann@cooley.com)
ELLIE W. BARCZAK (329180)
(ebarczak@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA, 94111-4004
Telephone:  (415) 693-2000
Facsimile:   (415) 693-2222

ALEXANDER GALICKI (308737)
(agalicki@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, CA 90401-4100
Telephone:  (310)-883-6400
Telephone:  (310)-883-6500

ALEXANDRA EBER (*Pro Hac Vice*)
(aeber@cooley.com)
1299 Pennsylvania Ave, NW, Suite 700
Washington, DC 20004-2400

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Adrian RODRIGUEZ ALCANTARA, et al., <br><br> Plaintiff-Petitioners, <br><br> v. <br><br> Gregory J. ARCHAMBEAULT, San Diego Field Office Director, Immigration and Customs Enforcement, et al., <br><br> Defendant-Defendants. | Case No.: 3:20-cv-00756-DMS-AHG <br><br> **PLAINTIFFS' CONSOLIDATED RESPONSE TO FEDERAL-DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR FOR DISMISSAL DUE TO LACK OF SUBJECT MATTER JURISDICTION; AND DEFENDANT SIXTO MARRERO'S MEMORANDUM IN SUPPORT THEREOF** <br><br> Date:        March 3, 2023 <br> Time:       1:30 p.m. <br> Dept:       13A <br> Judge:      Hon. Dana M. Sabraw <br><br> Case Filed:  April 21, 2020 |

Plaintiff-Petitioners (hereinafter "Plaintiffs") hereby file this response to (1) Federal Defendants' Notice of Motion and Motion for Judgement on the Pleadings and/or for Dismissal Due to Lack of Subject Matter Jurisdiction (Dkt. No. 201, "Fed. Def. Mot."), (2) Defendant Sixto Marrero's Notice of Motion and Motion for Judgment on the Pleadings (Federal Rule 12(c)), or Dismissal of Action (F.R.C.P. 12(h)(3)) (Dkt. No. 202, "Sixto Mot."); and (3) Defendant-Respondent Warden LaRose's Joinder in Federal Defendants' Notice of Motion and Motion for Judgment on the Pleadings and/or for Dismissal Due to Lack of Subject Matter Jurisdiction (Dkt. No. 203, "LaRose Joinder") (collectively, the "Motions").

## I.   INTRODUCTION

This case addresses Defendants' failures to adequately protect the people they hold in ICE detention at Otay Mesa Detention Center ("Otay Mesa") and Imperial Regional Detention Facility ("Imperial") (collectively, the "Facilities") from the dangers of COVID.  It was stayed for over 18 months by agreement of the parties, from April 2021 through November 2022.  During these stays, Plaintiffs had no reason (and no mechanism) to add new named plaintiffs to the case to replace the named plaintiffs who had been released from the Facilities.

In November 2022, Defendants abruptly pulled out of settlement negotiations and declined to agree to further extend the stay.  Under the Court's orders, the appropriate next step was for all case deadlines, which had been taken off calendar during the stay, "to be re-calendared."  Dkt. No. 185.  This would have included the deadline for Plaintiffs to seek class certification, in connection with which Plaintiffs would have sought to amend their complaint and substitute named plaintiffs currently held at the Facilities.  Instead of waiting for these deadlines to be re-calendared, Defendants rushed to file their Motions, with the first filed just 12 minutes after the stay expired.  Defendants' Motions seek judgment on the pleadings or dismissal on two grounds: (1) that all of Plaintiffs' claims are moot because no named plaintiff is

currently held at Otay Mesa or Imperial, Fed. Def. Mot. at 6-7; Sixto Mot. at 6-7, and (2) that the subset of Plaintiffs' claims that constitute "requests for class-wide release from detention" should be dismissed as moot under *Garland v. Aleman Gonzalez*, 142 S. Ct. 2057 (2022), Fed. Def. Mot at 5; Sixto Mot. at 7-8.

The Court should hold Defendants' premature Motions in abeyance and permit Plaintiffs to amend their complaint and substitute named plaintiffs currently held at the Facilities. This amended complaint will remove both grounds on which Defendants seek dismissal, and it will avoid the need for the Court to address Defendants' Motions.

## II.  FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiffs initiated this action on April 21, 2020 in the early weeks of the COVID-19 pandemic.  In the Complaint, Plaintiffs sought multiple forms of relief. First, Plaintiffs sought the release of people in detention who are medically vulnerable, as well as a sufficient number of additional people to allow for adequate COVID-19 prevention measures, such as social distancing and the provision of necessary medical care.  Second, Plaintiffs sought an order requiring Defendants to provide regular reporting of information regarding COVID-19 cases at Otay Mesa. Third (and among other requested relief), Plaintiffs sought an order declaring that the conditions at Otay Mesa and Imperial violated Plaintiffs' rights under the Due Process Clause of the Fifth Amendment by placing them at substantial risk of serious illness and death from COVID-19.  In order to remedy the Constitutional violations at the Facilities, the Complaint sought the implementation of "social distancing and sanitation measures compliant with public health requirements," Compl. ¶ 148, including:

- procedures allowing for social distancing, *id*. ¶¶ 80-84, 95-97;
- the provision of personal protective equipment including masks without precondition, *id*. ¶¶ 77-78, 85, 92-93;
- sufficient access to free soap, *id*. ¶¶ 90-91, 121;
- the provision of hand sanitizer in appropriate spaces, *id*. ¶ 96;

2

- adequate sanitation and cleaning supplies for toilets, sinks and showers, *id*. ¶ 89;
- sufficient cleaning of rooms where people who tested positive for COVID-19 while in detention were housed, *id*. ¶ 102;
- adequate quarantine procedures for new intakes, *id*. ¶ 94;
- information about COVID-19 offered in languages other than English, *id*. ¶ 87; and
- access to appropriate medical care and COVID-19 testing, *id*. ¶¶ 98-106.

At the time Plaintiffs filed the Complaint, Plaintiffs Adrian Rodriguez Alcantara and Yasmani Osorio Reyna were detained at Otay Mesa, and Plaintiffs Maria Flor Calderon Lopez and Mary Doe were detained at Imperial.  As Defendants detail in their Motion, these individuals are no longer held in the Facilities.  Fed. Def. Mot. at 2-3.

After almost over a year of litigation, on April 16, 2021, this Court granted the parties' joint motion staying the case schedule in order to pursue settlement discussions.  Dkt. No. 172.  As a result of these negotiations, the parties agreed to a stay of the case, with the Defendants regularly reporting information about COVID in the facilities.  Dkt. No. 183.  For the next 18 months, this Court continued to grant the parties' joint motions to extend the stay by 90 days.  *See* Dkt. Nos. 185, 188, 194, 196, 199.

In May 2022, the parties resumed settlement negotiations.  *See* Declaration of A. Galicki ("Galicki Decl.") ¶ 4.  On October 10, 2022, the parties requested an additional 30-day stay until November 10, 2022, noting that they had "made progress" in recent settlement negotiations, and agreed that the short stay would facilitate settlement.  *See* Dkt. No. 198.  Indeed, on November 1, 2022, the parties had a productive conversation over the telephone, which Plaintiffs believed (at the time) was a good faith settlement negotiation.  Galicki Decl. ¶ 4.  Consistent with that conversation, Plaintiffs sent Defendants a draft joint motion to extend the stay to allow time to finalize the settlement.  *Id.* ¶ 5.  On November 9, 2022, Defendants

informed Plaintiffs that they would not agree to a further stay and, two days later, on November 11, 2022, twelve minutes after the stay expired, Defendants filed the instant Motions. *Id.*

### III. PLAINTIFFS' PROPOSED AMENDED COMPLAINT

When the Court entered the April 16, 2021 stay, it also reset a number of then-pending deadlines, including resetting the deadline to seek class certification for June 21, 2021. Dkt. No. 172. The Court later continued these deadlines, Dkt. Nos. 180, 183, and eventually ordered that "all hearing dates and deadlines will be taken off calendar, to be re-calendared should the stay be lifted," Dkt. No. 185. Thus, now that the stay has been lifted, the appropriate next step is to hold a scheduling conference to re-calendar the deadline for Plaintiffs to seek class certification. Given the time that has elapsed since the initial class certification deadline, Plaintiffs also seek leave to amend their complaint in two primary ways.

First, Plaintiffs' amended complaint will substitute new named plaintiffs who are currently held at the Facilities. Since Defendants have informed Plaintiffs in November that they would not agree to a further stay, Plaintiffs have diligently worked to identify new named plaintiffs. They have already had discussions with at least three individuals interested in stepping in as class representatives moving forward. Galicki Decl. ¶ 6. Plaintiffs intend to seek class certification on behalf of these new named plaintiffs, who will readily satisfy the requirements of Rule 23.

Second, Plaintiffs' amended complaint will be narrowed and better tailored to align the remedies Plaintiffs seek with the current state of the pandemic and ICE's response to it. Plaintiffs' central claims will remain the same—seeking declaratory and injunctive relief under the Fifth Amendment to remedy failures in Defendants' COVID protections. However, they will realign the specific relief they seek. For example, when this case was first filed, "[t]he only known effective measures to reduce the risk for vulnerable people from injury or death from COVID-19 [we]re to

prevent them from being infected in the first place…" through measures such as social distancing and hygiene. Compl. ¶ 57.  Now, the United States has access to medications such as Paxlovid that can decrease the likelihood of hospitalization or death.  In the same ways that Defendants have long denied members of the putative class essentials such as soap, they are now denying them access to Paxlovid.  ICE has left this crucial drug off of its formulary list of medications that facilities must stock.  *E.g.*, ICE Health Service Corps, FY 2023 Medication Formulary for non-IHSC Staffed Detention Facilities (Revised 9/22/22), https://www.ice.gov/doclib/about/offices/ihsc/pdf/medicationFormularyNonIHSC.pdf.     ICE's    Pandemic Response Requirements similarly fail to include this drug in the COVID care the Facilities should provide.[1]  Plaintiffs' amended complaint will specify that the relief they seek includes safeguards to ensure access to this vital medication.  Similarly, since Plaintiffs' original complaint was filed, ICE has entered into a settlement agreement involving two other facilities in California that guarantees people detained in those facilities certain baseline protections against COVID.  *Zepeda Rivas v. Jennings*, No. 3:20-CV-02731, Dkt. No. 1205-1 (N.D. Cal. Jan. 27, 2022).  These baseline guarantees are "reasonable available measures to abate [the] risk" of COVID at Otay Mesa and Imperial, so Defendants must implement them to comply with the Fifth Amendment.  *Roman v. Wolf*, 977 F.3d 935, 943 (9th Cir. 2020).  Plaintiffs' amended complaint will specifically request that the Court remedy Defendants' failure to enact equal guarantees at Otay Mesa and Imperial.  Additionally, Plaintiffs'

---

[1] ICE's requirements spell out what "clinical care" facilities must provide for people infected with COVID, specifically referencing "monoclonal antibody therapy" but not referencing Paxlovid. U.S. Immigration and Customs Enforcement, *COVID-19 Pandemic Response Requirements*, 27-28 (Nov. 1, 2022), https://www.ice.gov/doclib/coronavirus/eroCOVID19responseReqsCleanFacilities.pdf. But the National Institutes of Health (NIH) "recommends against" monoclonal antibodies because they are not effective against the currently circulating subvariants of COVID. National Institutes of Health, *Anti-SARS-CoV-2 Monoclonal Antibodies* (Dec. 28, 2022), https://www.covid19treatmentguidelines.nih.gov/therapies/antivirals-including-antibody-products/anti-sars-cov-2-monoclonal-antibodies/.

amended complaint will not seek further releases of class members from the Facilities beyond those already ordered by the Court.

## IV.   ARGUMENT

### A.   The Court should hold Defendants' Motions in abeyance and grant Plaintiffs leave to amend their complaint and substitute new named plaintiffs.

The Court should grant leave for Plaintiffs to substitute named plaintiffs under Federal Rule of Civil Procedure 15 to ensure the rights of class members still in detention are protected.  The Court should hold Defendants' Motions in abeyance while Plaintiffs make this amendment, at which point Defendants can determine whether to file new motions.  This course of action will make most efficient use of the Court's time because Plaintiffs' proposed amended complaint will moot Defendants' motions.  The proposed amended complaint will substitute new named plaintiffs currently in Otay Mesa and Imperial, thus obviating the need for the Court to rule on Defendants' arguments that this case is moot because no named plaintiffs remain in custody.  Additionally, the proposed amended complaint will not contain the "requests for class-wide release from detention" that Defendants argue have been rendered moot by the *Aleman Gonzalez* decision, Fed. Def. Mot. at 5, thus removing any remaining need for the Court to rule on that question.  In the alternative, the Court should grant Defendants' motion on the basis that no named plaintiffs remain in the Facilities, with leave for Plaintiffs to file their proposed amended complaint.

Under Rules 15(a)(2) and 16, the Court may grant leave to amend the pleadings "when justice so requires."  Leave to amend should be granted with "extreme liberality" unless the opposing party can show (1) prejudice, (2) undue delay, (3) bad faith, or (4) futility of amendment.  *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citations omitted).  In evaluating whether to grant leave to amend, prejudice to the opposing party carries the most weight above all other factors.  *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

1    Indeed, "[a]bsent prejudice, or a strong showing of any of the remaining [] factors,
2    there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id*.

3          At this stage of the litigation, there is no prejudice to Defendants if the Court
4    permits Plaintiffs to substitute new class representatives.  When the Court entered the
5    April 16, 2021 stay, it also reset a number of then-pending deadlines, including
6    resetting the deadline to seek class certification for June 21, 2021.  Dkt. No. 172.  The
7    Court later continued these deadlines, Dkt. Nos. 180, 183, and eventually ordered
8    that "all hearing dates and deadlines will be taken off calendar, to be re-calendared
9    should the stay be lifted," Dkt. No. 185.  Now that the stay has been lifted, the
10   appropriate next step is for the Court to order a status conference at which the
11   deadline to seek class certification, among other deadlines, should be re-calendared.[2]
12   As part of this deadline for Plaintiffs to seek class certification, they should be
13   permitted to amend their complaint to substitute class representatives who are
14   currently detained in the facilities and to update their claim that the facilities'
15   defective COVID responses violate their Fifth Amendment rights.

16         This amendment will not affect Defendants' ability to litigate the case.  As
17   noted above, Plaintiffs' counsel is currently in the process of identifying other
18   putative class members at Imperial and Otay Mesa who will serve as class
19   representatives.  These individuals' legal claims are identical to those of the original
20   named plaintiffs: they seek injunctive and declaratory relief under the Fifth
21   Amendment to remedy the facilities' defective COVID responses.  This amendment
22   does not require Defendants to conduct additional or different discovery, research, or
23   briefing based on these new class representatives, who are already members of the
24   putative class.  Moreover, this litigation is in the early stages of discovery.
25   Defendants have not broadly searched, reviewed, or produced documents from any

26
27   _____
     [2] If the Court prefers to set deadlines in its order rather than order a scheduling
     conference, Plaintiffs respectfully request that they be granted 60 days from the
28   issuance of the Court's order to file an amended complaint and to move for class
     certification.

email accounts, hard drives, or share drives in response to Plaintiffs' discovery requests and no depositions have been taken.  In short, substitution will not harm Defendants' ability to litigate the substance of this case.  To the contrary, it will allow this Court to address the merits of Plaintiffs' claims.  *See Aguilar v. Boulder Brands, Inc.*, No. 3:12-CV-01862-BTM, 2014 WL 4352169, at *8 (S.D. Cal. Sept. 2, 2014) (permitting named plaintiff substitution pre-class certification because it would "allow[ ]resolution of the case on the merits" and amendment did not prejudice defendant because key legal claims "remained largely unchanged."); *see also In re Hard Disk Drive Suspension Assemblies Antitrust Litig.*, No. 19-mv-02918, 2021 WL 5848055, at *2 (N.D. Cal. Dec. 9, 2021) (granting plaintiff's motion to substitute putative class representative pre-class certification where substitution would not change defendant's discovery plans).

Defendants' Motions seem to suggest that Plaintiffs may not seek to amend the pleadings because of some unidentified delay in substituting named plaintiffs. *See* Fed. Def. Mot. at 5-6; Sixto Mot. at 5.  Defendants' position is wrong.  As noted above, the parties initiated settlement discussions in April 2021, and jointly sought a stay of the litigation to find a meaningful resolution to this case.  The parties agreed to a stay of this litigation, with reporting by the Defendants, and then resumed settlement negotiations in May 2022. Galicki Decl. ¶ 4.  Negotiations continued until October 2022, and included detailed, cooperative work on a settlement terms sheet. *Id*.  Two days before the stay expired on November 11, 2022, Defendants indicated— for the first time—that they opposed additional time to negotiate a settlement and filed the instant motions minutes after the stay expired.  *Id.* ¶ 5.  During these settlement negotiations and while the case was stayed, Plaintiffs had no reason (and no mechanism) to move to amend the pleadings to substitute the named plaintiffs. *Id.* ¶ 6.  Once the Defendants indicated they would no longer agree to continue the stay, Plaintiffs began diligently pursuing additional named plaintiffs so that they

1   could amend their complaint and seek class certification. *Id.* Plaintiffs have already

2   had discussions with at least three individuals interested in stepping in as class

3   representatives moving forward. *Id.* Any delay that Defendants may claim is a direct

4   result of the agreed-upon stay in this case to enable settlement negotiations, and

5   should not weigh against granting Plaintiffs leave to substitute named plaintiffs. In

6   sum, the Court should grant leave for Plaintiffs to substitute named plaintiffs under

7   Federal Rule 15.

8         In the alternative, if the Court determines it will not hold Defendants' motions

9   in abeyance to permit Plaintiffs to amend their complaint, then it should grant

10  Defendants' motions on the basis that no named plaintiffs remain at Otay Mesa or

11  Imperial, with leave for Plaintiffs to amend their complaint. The same reasons set

12  out above support this request.

13  **B.    The Court need not reach Defendants' *Aleman Gonzalez* argument.**

14        There is no reason for the Court to reach Defendants' argument that the

15  Supreme Court's ruling in *Aleman Gonzalez* moots some—but not all—of Plaintiffs'

16  claims. Defendants admit that their argument applies only to Plaintiffs' "requests for

17  class-wide release from detention . . . ." Fed. Def. Mot. at 5; *accord* Sixto Mot. at 7

18  (arguing that *Aleman Gonzalez* precludes Plaintiffs' request for "the[] immediate

19  release" of "a class of medically vulnerable detainees"). In other words, Defendants'

20  argument does not apply to Plaintiffs' requests for injunctive relief in the form of

21  modifications to their conditions of confinement[3] or to any aspect of Plaintiffs'

22  request for declaratory relief.[4] Thus, unlike Defendants' argument that all claims are

23  precluded because no named plaintiffs remain in Otay Mesa or Imperial, Defendants'

---

[3] *See*, *e.g.*, Compl. ¶ 90 ("Neither facility provides sufficient access to soap" for detainees); *id.* ¶ 96 (rooms used for asylum interviews or non-contact legal visits lacked hand sanitizer); *id.* ¶ 121 (at a housing unit in Otay Mesa, detainees "went without soap for the majority of the day . . . and then were eventually given only five bars to share amongst 100 people"); *id.* ¶ 102 (Otay Mesa did not make any arrangements to clean a room where two detainees were placed in isolation after testing positive for COVID-19 such that there was "vomit and phlegm everywhere").
[4] *See* Compl. at 42 ¶ e (seeking a declaratory judgment).

PLS.' CONSOLIDATED RESP. TO MOTS. FOR
JUDGMENT ON THE PLEADINGS AND/OR
DISMISSAL; 3:20-CV-756-DMS-AHG

*Aleman Gonzalez* argument applies only to a portion of Plaintiffs' case, and would not apply to the amended complaint at all.

The Court therefore need not reach Defendants' *Aleman Gonzalez* argument. If the Court grants Plaintiffs' request for leave to amend, Plaintiffs' amended complaint will not include the "requests for class-wide release from detention" to which Defendants' *Aleman Gonzalez* argument applies.   Fed. Def. Mot. at 5. Defendants' *Aleman Gonzalez* arguments thus will not apply to this new complaint. If the Court does not grant this request for leave to amend, then it will dismiss this case in its entirety as moot because no named plaintiffs remain in custody at Otay Mesa or Imperial.  In this scenario, Plaintiffs' "requests for class-wide release from detention" will no longer be live, leaving nothing for the Court to address under *Aleman Gonzalez.*

## V.   CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that this Court hold Defendants' Motions in abeyance while Plaintiffs have an opportunity to amend their complaint and substitute new named plaintiffs.  In the alternative, Plaintiffs respectfully request that the Court grant Defendants' Motions on the basis that no named plaintiffs are currently held in the Facilities, with leave for Plaintiffs to amend their complaint and substitute new named plaintiffs.

1    Dated:        February 17, 2023          Respectfully Submitted,

2

3                                            By: /s/ John Hemann
                                                 John Hemann
4                                                Alexander Galicki
                                                 Alexandra Eber (*Pro Hac Vice*)
5                                                Ellie W. Barczak
                                                 jhemann@cooley.com
6                                                agalicki@cooley.com
                                                 aeber@cooley.com
7                                                ebarczak@cooley.com

8                                            COOLEY LLP

9                                            Jonathan Markovitz

10                                           ACLU FOUNDATION OF SAN
                                             DIEGO & IMPERIAL COUNTIES
11

12                                           Kyle Virgien

13                                           AMERICAN CIVIL LIBERTIES
                                             UNION FOUNDATION
14

15                                           Counsel for Plaintiffs

16

17

18

19

20

21

22

23

24

25

26

27

28