ACLU FOUNDATION OF SAN
DIEGO & IMPERIAL COUNTIES
JONATHAN MARKOVITZ (301767)
(jmarkovitz@aclu-sdic.org)
P.O. Box 87131
San Diego, California 92138-7131
Telephone: (619) 398-4493

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
KYLE VIRGIEN (278747)
(kvirgien@aclu.org)
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493

*Counsel for Plaintiff-Petitioners*

COOLEY LLP
JOHN HEMANN (165823)
(jhemann@cooley.com)
ELLIE W. BARCZAK (329180)
(ebarczak@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

ALEXANDER GALICKI (308737)
(agalicki@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, CA 90401-4100
Telephone: (310)-883-6400
Telephone: (310)-883-6500

ALEXANDRA EBER (*Pro Hac Vice*)
(aeber@cooley.com)
1299 Pennsylvania Avenue NW, Ste 700
Washington, DC 20004
Telephone: (202) 842-7800
Facsimile: (202) 842-7899

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Adrian RODRIGUEZ ALCANTARA, et al.,<br><br>Plaintiff-Petitioners,<br><br>v.<br><br>Gregory J. ARCHAMBEAULT, San Diego Field Office Director, Immigration and Customs Enforcement, et al.,<br><br>Defendant-Respondents. | Case No.: 3:20-cv-00756-DMS-AHG<br><br>**DECLARATION OF ALEXANDER GALICKI IN SUPPORT OF PLAINTIFFS' CONSOLIDATED RESPONSE TO FEDERAL-DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR FOR DISMISSAL DUE TO LACK OF SUBJECT MATTER JURISDICTION; AND DEFENDANT SIXTO MARRERO'S MEMORANDUM IN SUPPORT THEREOF**<br><br>Date: March 3, 2023<br>Time: 1:30 p.m.<br>Dept: 13A<br>Judge: Hon. Dana M. Sabraw |

I, Alexander Galicki, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and am admitted to practice before this Court. I am an associate with the law firm of Cooley LLP, attorneys of record for Plaintiff-Petitioners ("Plaintiffs"). I have personal knowledge of the matters set forth herein and, if called as a witness, I could and would competently testify thereto.

2. I submit this declaration in support of Plaintiffs' Consolidated Response to Federal-Defendants' Motion For Judgment on the Pleadings and/or for Dismissal Due to Lack of Subject Matter Jurisdiction; and Defendant Sixto Marrero's Memorandum in Support Thereof ("Opposition").

3. The parties initiated settlement discussions in April 2021, and jointly sought a stay of the litigation to find a meaningful resolution to this case. As a result of these negotiations, the parties agreed to a stay of the case, with the Defendants regularly reporting information about COVID in the facilities. For the next eighteen months, the Court continued to grant the parties' joint motions to extend the stay by 90 days.

4. The parties resumed settlement negotiations in May of 2022. Negotiations continued until October 2022, and included detailed, cooperative work on a settlement terms sheet. On October 10, 2022, the parties requested an additional 30-day stay until November 11, 2022, noting that they had "made progress" in recent settlement negotiations, and agreed that the short stay would facilitate settlement. Indeed, on November 1, 2022, the parties had a productive conversation over the phone, which Plaintiffs believed (at the time) was a good faith settlement negotiation. During that conversation, Defendants requested that Plaintiffs share a list of settlements whose attorneys' fees provisions Plaintiffs viewed as comparable to an appropriate attorneys' fee provision in this case. Plaintiffs agreed to provide this list as part of continued settlement talks the following week.

5. Consistent with that conversation, Plaintiffs sent Defendants a draft joint motion to extend the stay to finalize the settlement. On November 9, 2022, Defendants informed Plaintiffs that they would not agree to a further stay, and two days later on November 11, 2022, twelve minutes after the stay expired, Defendants filed the instant motions.

6. During these settlement negotiations and while the case was stayed, Plaintiffs had no reason (and no mechanism) to move to amend the pleadings to substitute the named plaintiffs. Since Defendants informed Plaintiffs in November 2022 that they would not agree to a further stay, Plaintiffs' counsel has worked diligently to identify new named plaintiffs. My co-counsel at the ACLU Foundation, Kyle Virgien, has worked with immigration lawyers and community organizations to identify people currently or recently detained at Otay Mesa Detention Center and Imperial Regional Detention Facility who would be interested in speaking with this litigation team about COVID conditions at the two facilities and remedial measures that would address their concerns about COVID safety. Two of my colleagues at Cooley LLP have placed numerous phone calls to people Mr. Virgien has identified. Although some of these people have not been interested in serving as named plaintiffs in this case (for example, due to fears of retaliation), at least three of these individuals have indicated interest in stepping in as class representatives moving forward.

7. I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on February 17, 2023, in Santa Monica, California.

By: /s/ *Alexander Galicki*
      Alexander Galicki

281920465