RANDY S. GROSSMAN JR.
United States Attorney
KATHERINE L. PARKER, SBN 335097
Chief, Civil Division
SAMUEL W. BETTWY, SBN 94918
Assistant U.S. Attorney
COLIN M. McDONALD, SBN 286561
Assistant U.S. Attorney
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
619-546-7634/7125/9144 / 619-546-7751 (fax)

Attorneys for the Federal Defendants-Respondents (Respondents)

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN RODRIGUEZ ALCANTARA, et al.,<br><br>    Plaintiffs-Petitioners,<br><br>v.<br><br>GREGORY J. ARCHAMBEAULT, San Diego Filed Office Director, ICE; et al.,<br><br>    Defendants-Respondents. | Case No. 20cv0756 DMS AHG<br><br>**FEDERAL RESPONDENTS' REPLY** IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR FOR DISMISSAL DUE TO LACK OF SUBJECT MATTER JURISDICTION<br><br>DATE: March 3, 2023<br>TIME: 1:30 p.m.<br>CTRM: 13A<br><br>Hon. Dana M. Sabraw |

Opposing counsel do not dispute that class-wide injunctive relief is no longer available given the U.S. Supreme Court's decision in *Garland v. Aleman Gonzalez,* 142 S. Ct. 2057, 2065 (2022), and they do not dispute that the entire case has been rendered moot by the Petitioners' release from detention and the resolution of their removal proceedings. This case has become an empty vessel. There are no longer any complainants, and there are no longer any claims. *See, e.g., Martinez v. CoreCivic*, 20-CV-1309-WJ/CG, 2021 WL

2550319, at *7-9 (D.N.M. June 22, 2021) ("[T]he mere availability of the vaccine at CCCC also moots this action (and strips standing from all detainees for all future risk-based coronavirus actions) . . ."). This Court should therefore grant Respondents' motion to dismiss.

Instead, opposing counsel seek to salvage this case by requesting leave to amend the petition to pursue a new, unconfirmed claim with new petitioners. [ECF No. 209 at 10 (asking this Court to either hold Respondents' motion in abeyance while they amend the petition or grant the motion to dismiss with leave to amend).] *See Wilson v. Ponce*, No. 20-CV-4451-MWF, 2022 WL 2155119, at *8 (C.D. Cal. Feb. 2, 2022) ("Not so subtly, what Petitioners really want is for this Court to keep this action on life support to prod the Warden to continue to take the pandemic seriously.").

In *Foman v. Davis,* 371 U.S. 178 (1962), the Supreme Court offered the following non-exhaustive factors for a district court to consider in deciding whether to grant leave to amend: undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Id.* at 182, *cited in Eminence Cap., LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051-52 (9th Cir. 2003).

The *Foman* factors do not weigh in opposing counsel's favor here: an amended petition is futile, because their proposed claim is unfounded; their request is unduly delayed, because it is two years past the deadline to amend the petition, and they have not offered good cause under Rule 16; their Rule 15 request is prejudicial, because it is not accompanied by a proposed amended petition, as required under 15.1.b. (Civil); and the request is a dilatory measure to keep this case alive while opposing counsel look for new petitioners and new claims. The request to amend the petition should therefore be denied.

///
///
///

*Futility*

In an amended petition, unnamed and unknown petitioners would apparently seek a court order that requires Otay Mesa Detention Center (OMDC) and Imperial Regional Detention Facility (IRDF) to maintain a stock of Paxlovid.[1] Opposing counsel contend that, because Immigration and Customs Enforcement (ICE) does not require that OMDC and IRDF stock Paxlovid at their medical clinics, they are "now denying [members of the putative class] access to Paxlovid." [ECF No. 209 at 6.] Yet, the undersigned are informed by counsel for MTC and CoreCivic that medical providers at their medical clinics have the discretion[2] to prescribe Paxlovid for detainees and obtain it from local pharmacies. Opposing counsel cite no instance in which the medical clinics have refused to prescribe Paxlovid, and Respondents have not seen any habeas petitions making such allegations. A search of Westlaw has uncovered no Paxlovid habeas cases nationwide (search query: habeas and (paxlovid /255 Covid)). Opposing counsel's allegation, which is the basis for amending their petition, appears to lack a factual basis.

///

///

---

[1] Management and Training Corporation (MTC) manages the IRDF medical clinic, and after this case began, the responsibility to manage the OMDC medical clinic contractually transferred from ICE to CoreCivic.

[2] Prescribing Paxlovid is discretionary, to be dispensed individually upon consultation with a healthcare provider. *See* CDC, Interim Clinical Considerations for COVID-19 Treatment in Outpatients, Feb. 10, 2023, https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/outpatient-treatment-overview.html ("Clinicians should be aware of the eligibility criteria and the potential for drug interactions with the use of Paxlovid that may preclude Paxlovid use or may require temporary discontinuation of other medications") (last visited Feb. 23, 2023); FDA, Coronavirus (COVID-19) Update: FDA Authorizes Pharmacists to Prescribe Paxlovid with Certain Limitations, July 6, 2022, https://www.fda.gov/news-events/press-announcements/coronavirus-covid-19-update-fda-authorizes-pharmacists-prescribe-paxlovid-certain-limitations (last visited Feb. 23, 2023). The FDA warns individuals to not take Paxlovid if they are allergic to certain medication or are taking one of over 30 medications. *See* Fact Sheet for Patients, Parents, and Caregivers, Emergency Use Authorization (EUA) of Paxlovid for Coronavirus Disease 2019, *available at* https://www.fda.gov/media/155051/download (last revised 02/2023) (last visited Feb. 23, 2023).

Opposing counsel do not cite any instances where a detainee has been refused Paxlovid, so they have not articulated any actual injury. *See Brooks v. Fox*, No. 2:17-CV-1587-EFB P, 2018 WL 2229255, at *3 (E.D. Cal. May 16, 2018) ("Leave to amend in this case would be futile, as the complaint reveals that there is no actual or concrete injury to plaintiff."); *Heine v. Vilsack*, No. 1:12-CV-01992-AWI, 2014 WL 7447619, at *1 (E.D. Cal. Dec. 31, 2014) ("A claim in a proposed amended complaint is futile if it would be immediately subject to dismissal pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim on which relief may be granted. A court also may deny leave to amend if it cannot acquire jurisdiction over the proposed new claims.") (internal quotations and citations omitted).

Opposing counsel's retreat to Paxlovid—a COVID-19 treatment, not a preventative measure—further shows that the time has come to end this litigation. The petition sought the release of detainees, because "there is no specific treatment, vaccine, or cure for COVID-19, and no one is immune." [Pet., para. 6.] The situation has materially changed since then. *See, e.g., Wilson v. Ponce*, No. CV204451MWFMRWX, 2022 WL 2155119, at *8 (C.D. Cal. Feb. 2, 2022) ("[T]he time has come to end this litigation. The current situation, happily, is far from the literally mortal situation that existed in the spring of 2020."); *Lighthouse Fellowship Church v. Northam*, 20 F.4th 157, 164 (4th Cir. 2021) ("We are now better informed concerning COVID-19. The availability of vaccines and other measures to combat the virus have led to a significant change in the relevant circumstances — including the resumption of pre-COVID-19 activities — as evidenced by the removal of many restrictions.").

Opposing counsel's request to amend the petition should therefore be denied, because it would be futile. They have no viable claim to assert.

*Undue delay: no good cause stated under Rule 16*

Opposing counsel's request to amend the petition is over two years late. This Court's scheduling order specified that "any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed by December 31, 2020." [ECF No. 149.] Opposing

counsel need to establish good cause, under Fed. R. Civ. P. 16(b)(4), to have the scheduling order amended to permit the filing of an amended petition past the deadline of December 31, 2020. *See* Fed. R. Civ. P. 16(b)(4); *see Reed v. Tracy*, No. 3:11-CV-00066-HDM, 2013 WL 4875949, at *1 (D. Nev. Sept. 11, 2013), *aff'd*, 647 F. App'x 730 (9th Cir. 2016) ("However, because plaintiff Reed's request for leave to amend falls outside the deadline set by the scheduling order, Fed. R. Civ. P. 16(b)(4) governs, and plaintiff Reed's request for leave to amend may be granted 'only for good cause and with the judge's consent.'").

Eight months prior to the deadline to amend the petition, all the named petitioners had been released from custody, making clear the need to locate other petitioners and amend the petition. Opposing counsel generally cite the stay of litigation as an excuse for their inaction in this case, but the stay did not go into effect until April 16, 2021, four months after the deadline for filing an amended petition. [*See* ECF No. 183.][3] Opposing counsel therefore had one year (from April 2020 to April 2021) to amend the petition, and they made no effort, until after the pending motion was filed in November 2022, to find—let alone join—additional petitioners.

Opposing counsel's request to amend the petition should therefore be denied for failure to satisfy Rule 16(b)(4). *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) ("In short, Johnson failed to establish 'good cause' for modifying the pretrial scheduling order. The district court did not abuse its discretion when it denied his motion to amend—a motion made four months after the cut-off date for amendment had expired.").

///
///
///

---

[3] Opposing counsel assert that the extension of time on April 16, 2021, was a stay. [*See* ECF 209 at 2]. At that time, this Court granted a 60-day extension of discovery deadlines and the deadline to file for class certification to give the parties "time to determine whether continued settlement discussions will be fruitful." [ECF No. 172 at 2:13-14.] The parties and the Magistrate Judge then explored whether the case should be stayed. The actual stay order was on July 16, 2021. [ECF No. 183.]

*Preparation prejudice: Local Rule 15.1.b (Civil)*

In seeking leave to amend, opposing counsel invoke Rule 15 [ECF No. 209 at 7], but they are bypassing the local rules concerning amended pleadings, which detail how such a request should be made. The purpose of the rule is to give opposing parties an opportunity to respond and to give the court enough information to make an informed, discrete, discretionary ruling. *See* L.R. 15.1.b. (Civil) ("Any motion to amend a pleading must be accompanied by: (1) a copy of the proposed amended pleading, and (2) a version of the proposed amended pleading that shows---through redlining, underlining, strikeouts, or other similarly effective typographic methods---how the proposed amended pleading differs from the operative pleading.").

Opposing counsel should not be permitted to bypass noticed motion practice to seek a blank check while they hunt for new clients and claims. *See Husk v. Deutsche Bank Nat. Tr. Co.*, Civ. Action No. H-12-1630, 2013 WL 960679, at *6 (S.D. Tex. Mar. 12, 2013) (denying request for leave to amend included in response to motion for judgment on the pleadings where plaintiff "ha[d] neither shown how an amended complaint would be successful nor attached a proposed amended complaint"). *See also Foskaris v. Experian Info. Sols., Inc.*, 808 F. App'x 436, 439 (9th Cir. 2020) ("The district court did not abuse its discretion in denying Foskaris leave to amend his complaint. Foskaris failed to attach a proposed amended complaint in violation of the local rule, and, more significantly, did not otherwise explain why the amendment would not be futile.").

*Dilatory measure*

Opposing counsel's last-minute request to amend the petition to add new petitioners with an unconfirmed claim about the availability of Paxlovid is a dilatory move to extend the life of this case. They excuse themselves by blaming Respondents for a breakdown in settlement discussions, which they themselves brought about,[4] but that is beside the point. The breakdown in settlement discussions does not explain why they did not seek to amend

---

[4] The undersigned assert that it is improper for opposing counsel to broach the substance of settlement discussions before this Court, and opposing counsel have misrepresented, by omission, what happened.

the petition to add petitioners during the twelve months before April 16, 2021, and it does not explain why they never notified Respondents of concerns about the availability of Paxlovid or about any other condition of confinement at either OMDC or IRDF. Their new concerns were never mentioned during detailed settlement discussions, so they come as a complete surprise to Respondents.

Opposing counsel's request should therefore be denied as a dilatory measure.

*Conclusion*

This Court should dismiss the case without leave to amend. Opposing counsel concede that class-wide injunctive relief is no longer available and that there are no longer any petitioners with standing to sue. Opposing counsel's request for leave to amend the petition should be denied, because they have no viable claim to pursue, because they have not stated good cause for modifying the scheduling order under Rule 16 to join new, replacement petitioners, because they have not provided a copy of their proposed amended petition, and because their request is dilatory. If any individual detainee in 2023 believes they are not receiving appropriate medical treatment, including Paxlovid, upon contracting COVID-19, they can seek redress individually. This Court should reject counsel's attempt to make this case a perpetual vehicle for raising miscellaneous COVID-19 complaints as they might arise.

DATED: February 24, 2023           Respectfully submitted,

                                    RANDY S. GROSSMAN
                                    United States Attorney

                                    KATHERINE L. PARKER
                                    Chief, Civil Division

                                    s/ *Samuel W. Bettwy*
                                    SAMUEL. W. BETTWY
                                    Assistant U.S. Attorney

                                    COLIN M. McDONALD
                                    Assistant U.S. Attorney

                                    Attorneys for Defendants-Respondents