JOHN J. RICE (Bar No. 140865)
ricej@higgslaw.com
KYLE W. NAGEOTTE (Bar No. 285599)
nageottek@higgslaw.com
**HIGGS FLETCHER & MACK LLP**
401 West A Street, Suite 2600
San Diego, CA 92101-7910
Telephone: (619) 236-1551
Facsimile: (619) 696-1410

Attorneys for Defendant
SIXTO MARRERO, Facility Administrator,
Imperial Regional Detention Facility

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN RODRIGUEZ ALCANTARA; YASMANI OSORIO REYNA; MARIA FLOR CALDERON LOPEZ; MARY DOE; on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GREGORY ARCHAMBEAULT, San Diego Field Office Director, Immigration and Customs Enforcement; et al.,<br><br>Defendants. | Case No. 20-cv-0756 DMS (AHG)<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (FEDERAL RULE 12(c)), OR DISMISSAL OF ACTION (F.R.C.P. 12(h)(3))**<br><br>Date: March 3, 2023<br>Time: 1:30 p.m.<br>Ctrm: 13A<br>Judge: Hon. Dana M. Sabraw<br><br>Case Filed: April 21, 2020 |

Defendant SIXTO MARRERO, Facility Administrator, Imperial Regional Detention Facility ("IRDF") ("Defendant") respectfully submits this Reply to Plaintiffs' Opposition to Defendant's Motion for Judgment on the Pleadings. (Dkt. 209.)[1]

///

///

///

///

---

[1] As noted in Defendant's moving papers, Sixto Marrero is no longer Facility Administrator at IRDF. Given that Mr. Marrero was sued in his official capacity, IRDF files this reply on behalf of the facility and the facility's current Facility Administrator, William DeRevere.

## I. DEFENDANT JOINS THE FEDERAL DEFENDANTS' REPLY

To preserve judicial resources, Defendant joins the Federal Respondents' Reply (Dkt. 210) in its entirety. Defendant, however, submits this briefing to provide the Court additional information and argument in support of Defendant's Motion for Judgment on the Pleadings.

## II. PLAINTIFFS' CLAIMS ARE MOOT

In their Opposition, Plaintiffs, on the one hand, request that this Court "hold Defendants' Motions in abeyance" and grant them leave to file an "Amended Complaint" which will "not contain the 'requests for class-wide release from detention,'" (Dkt. 209, 7:5-5, 15-16[2]) all the while, on the other hand, claiming that "there is no prejudice to Defendants if the Court permits Plaintiffs to substitute new **class** representatives." (Dkt. 209, 8:3-4 [emphasis added].)

Plaintiffs' circular argument (including their acknowledgment that they cannot seek class-wide relief while requesting to substitute new "class" representatives) is simply a red herring.

Throughout their Opposition, Plaintiffs acknowledge that **(1)** their class-wide claims are moot given *Garland v. Aleman Gonzalez*, and **(2)** their individual claims are moot (and by extension, that this Court lacks subject matter jurisdiction over their claims) given the simple fact that none of the Plaintiffs are in custody at any facility operated by any Defendant.

Plaintiffs' requests in their Opposition reflect a very tardy and strained effort by their counsel to resurrect a case that has been moot for some time.[3] Indeed, per this Court's order, Plaintiffs had until December 31, 2020, to seek the relief they

---

[2] All page references refer to ECF page numbers. (Dkt. 209.)

[3] Notably, in this Court's Order dated July 22, 2020, denying Plaintiffs' motion for preliminary injunction and denying without prejudice Plaintiffs' motion for class certification, this Court took note of IRDF's exemplary reaction to the COVID-19 epidemic. "The conditions at IRDF are a lone bright spot for Imperial County, generally, which, as of last week, had the highest rate of COVID-19 spread and highest COVID-19 mortality rate in California." (Dkt. 106-3). Since there was no need for judicial intervention at IRDF at the height of the pandemic, there is hardly need for it now that the pandemic has run its course.

now seek **_some 26 months later_**.  (Dkt. 149.)  It is undisputed that each of the Plaintiffs (for the purposes of this Reply, "Plaintiffs" will refer to the Plaintiffs who were detained at IRDF[4]) were released from custody, at the latest, by April 27, 2020.  Plaintiffs' delay in waiting until February 2023 to seek this relief by way of an Opposition to Defendants' Motions, after being out of custody for 26 months, requires that their request be denied.  Additionally, *Garland v. Aleman Gonzalez* was decided on June 13, 2022, some 8 months ago, and yet Plaintiffs took no action to address the procedural deficiencies of their claims.

Plaintiffs' labored argument that they could not have addressed these fundamental changes to their case (that they had been released from custody and the United States Supreme Court had ruled that the relief they sought could not be done on a class-wide basis) due to the previous stay in this case is similarly weak.

At no time did Plaintiffs—or their counsel—attempt to, either by way of a motion or even a meet and confer with Defendants' counsel—seek to lift the stay to obtain the relief they now very-belatedly seek.  Such dilatory conduct should not be rewarded.

Stated simply, this Court lacks subject matter jurisdiction (which must persist throughout the life of a lawsuit) to hear Plaintiffs' claims.  Plaintiffs' tardy requests to set Defendants' Motions in abeyance and allow them leave to bring in new Plaintiffs is simply a last-ditch effort by their counsel to keep this case alive in the hope of collecting attorneys' fees.  Defendants' Motion should be granted in its entirety.

### III.   THE COVID-19 EMERGENCY IS ENDING

On February 10, 2023, President Biden informed the Speaker of the House of Representatives and the President of the Senate of his intention to "[terminate] the national emergency concerning the COVID-19 pandemic on **May 11, 2023**." (*See* "Letters to the Speaker of the House of Representatives and the President of the

---

[4] *See* Defendants' Motion (Dkt. 202-1), 2:15-23.

Senate on the Continuation of the National Emergency Concerning the Coronavirus Disease 2019 (COVID-19) Pandemic," accessible at *https://www.whitehouse.gov/briefing-room/presidential-actions/2023/02/10/letters-to-the-speaker-of-the-house-of-representatives-and-the-president-of-the-senate-on-the-continuation-of-the-national-emergency-concerning-the-coronavirus-disease-2019-covid-19-pandemic/* [emphasis added].)

The President additionally stated, "[t]oday, we are in a different phase of the response to that pandemic than we were in March of 2020, and my Administration is planning for an end to the national emergency, but an orderly transition is critical to the health and safety of the Nation." (*Id.*) Just as the COVID-19 pandemic has runs its course, so too has litigation based on the perceived dangers of COVID-19. See, e.g., *Martinez v. CoreCivic*, 20-CV-1309-WJ/CG, 2021 WL 2550319 at 7-9 (D.N.M. June 22, 2021) ["[T]he mere availability of the vaccine at CCCC also moots this action (and strips standing from all detainees for all future risk-based coronavirus actons)…]".)

Despite the late date of Plaintiffs' flawed attempt to amend the Complaint, they have failed to provide a proposed amended Complaint. It is unclear what will be contained in Plaintiffs' purported amended complaint, but it appears by way of their Opposition that Plaintiffs will seek an order requiring Defendant to keep Paxlovid available for the putative Plaintiffs, among other things. (Dkt. 209, 6:4-7:2.) However, because it is unclear *what* will be contained in Plaintiffs' amended complaint, it is impossible to summarize what *injury* the proposed new "class" representatives may have suffered, thus making any proposed amendment futile.

Further, the proposed new "class" representatives, and all putative class members (to the extent that any class could have been certified, which Defendant contests), are free to file individual actions and the statutes of limitations on those claims have been tolled during the pendency of the instant suit. (*Fierro v. Landry's Restaurant Inc.*, 32 Cal.App.5th 276, 297 (2019); *American Pipe & Construction*

*Co. v. Utah*, 414 U.S. 538 (1974).)

Moreover, while *Garland v. Aleman Gonzalez* made clear a class action cannot be maintained on these facts, introducing new "class" plaintiffs this late in the litigation would be significantly prejudicial to Defendants and is not compatible with the efficient resolution of the litigation. (*See China Agritech v. Resh*, 138 S. Ct. 1800, 1806 (2018) ["The 'efficiency and economy of litigation' that support tolling of individual claims do not support maintenance of untimely successive class actions; any additional class filings should be made early on, soon after the commencement of the first action seeking class certification."].)

### IV. PLAINTIFFS FAIL TO COMPLY WITH LOCAL RULE 15.1

Further, Plaintiffs' requests should be denied and Defendants' Motion should be granted because Plaintiffs have not identified the purported "new class representatives," or, as noted, provided Defendants—let alone this Court—with a proposed amended pleading by which the Parties and the Court could analyze the proposed new legal and factual claims.

Local Civil Rule 15.1(b) requires:

> "Any motion to amend a pleading must be accompanied by: (1) a copy of the proposed amended pleading, and (2) a version of the proposed amended pleading that shows—through redlining, underlining, strikeouts, or other similarly effective typographic methods—how the proposed amended pleading differs from the operative pleading."

Here, Plaintiffs do not bring a **motion**, but request leave to amend by way of an Opposition to Defendants' Motions. (*See* Discussion in Federal Defendants' Reply (Dkt. 210) at 3:6-24.)

Plaintiffs' failure to comply with the Local Rules further evidences their dilatory conduct. As noted above, Plaintiffs claim (wrongly) that they were unable to address the procedural and substantive deficiencies of their claims because of the previous stay in this case. However, the stay was lifted on November 11, 2022, and

yet Plaintiffs took no action regarding a proposed amended complaint, and instead waited until February 17, 2023, some **99 days after the stay was lifted**, in an Opposition to Defendants' Motions to, for the first time in this litigation, seek leave to file an amended complaint.

## V. CONCLUSION

For the reasons set forth in Defendants' moving papers, Federal Defendants' Reply Papers, and the arguments herein, Defendant respectfully requests that this Court enter judgment in his favor pursuant to Fed. R. Civ. P. 12(c) and for this Court to dismiss Plaintiffs' claims, with prejudice, pursuant to Fed. R. Civ. P. 12(h)(3).

Dated: February 24, 2023           **HIGGS FLETCHER & MACK LLP**

By: */s/ Kyle W. Nageotte*
JOHN J. RICE
KYLE W. NAGEOTTE
Attorneys for Defendant
SIXTO MARRERO, FACILITY ADMINISTRATOR, IMPERIAL REGIONAL DETENTION FACILITY