RANDY S. GROSSMAN
United States Attorney
KATHERINE L. PARKER, SBN 335097
Chief, Civil Division
SAMUEL W. BETTWY, SBN 94918
Assistant U.S. Attorney
COLIN M. MCDONALD, SBN 286561
Assistant U.S. Attorney
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
619-546-7634/7125/9144 / 619-546-7751 (fax)

Attorneys for the Federal Defendants-Respondents (Respondents)

### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN RODRIGUEZ ALCANTARA, et al.,<br><br>       Plaintiffs-Petitioners,<br><br>    v.<br><br>GREGORY J. ARCHAMBEAULT,<br>San Diego Field Office Director, ICE;<br>et al.,<br><br>       Defendants-Respondents. | Case No. 20cv0756 DMS AHG<br><br>FEDERAL RESPONDENTS' OBJECTION TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY, ECF NO. 215 |

On April 5, 2023, opposing counsel filed a notice of supplemental authority, citing an order in *Romero-Lorenzo v. Koehn*, 20-cv-00901-DJH (D. Ariz., Mar. 30, 2023), in which ACLU received a favorable result. Opposing counsel did not, however, notify this Court of an order that was issued in the same judicial district one day later in *Fenty v. Penzone, et al.*, Case No. 20-cv-01192-SPL-JZB (D. Ariz. Mar. 31, 2023), in which ACLU received an unfavorable result. [Exhibit 1.]

Apart from that oversight, Respondents do not object to apprising this Court of how other judges are addressing similar issues. Respondents would also like to apprise this Court of CDC guidance for detention facilities that was issued after the filing of the instant motion. The guidance does not require or suggest that detention facilities maintain Paxlovid on their

1

shelves instead of obtaining it from local pharmacies. CDC recommends only that facilities "support access to treatment, as needed"; that treatments be started "within a few days after symptoms develop"; and that "facilities without onsite healthcare capacity . . . plan to ensure timely access to care offsite." Guidance on Management of Covid-19 in Homeless Service Sites and in Correctional and Detention Facilities, https://www.cdc.gov/coronavirus/2019-ncov/community/homeless-correctional-settings.html (updated Nov. 29, 2022).

Relatedly, FDA guidelines emphasize that Paxlovid is not recommended for *everyone* who gets COVID-19; rather, it is for those "who are at high risk for progression to severe COVID-19." *See* Paxlovid Fact Sheet, *available at* https://www.fda.gov/media/155051/download (last visited Apr. 18, 2023). And within that high-risk subset, an individualized assessment must be made to ensure a patient may safely receive Paxlovid. *See id.* Likewise, the CDC's guidance on "COVID-19 Treatments and Medications" states that "[a] healthcare provider will help decide which treatment, if any, is right for you," and that those wanting to take such medications should "[a]sk a healthcare provider if medications to treat COVID-19 are right for you," as "[s]ome treatments might have side effects or interact with other medications you are taking." *See* https://www.cdc.gov/coronavirus/2019-ncov/your-health/treatments-for-severe-illness.html (last visited Apr. 18, 2023).

Respondents object to additional argument by opposing counsel. In brief response, Respondents reiterate that opposing counsel no longer represent anyone with an actual injury. There is no evidence that Respondents are "denying people they hold in detention access to Paxlovid" [ECF No. 215 at 2], and there is nothing but conjecture to support a new constitutional claim. In *Fenty*, the petitioners offered some statistical evidence in support of a constitutional claim, and the district court concluded that "the mere fact that [Correctional Health Services] only prescribed antivirals to 7 COVID-19 positive patients by June 2022 is not enough to create a genuine issue of material fact that [Correctional Health Services] made a conscious choice to withhold antivirals from patients for whom such treatments were clinically indicated or that its policies regarding antiviral treatments

are otherwise objectively deliberately indifferent to a substantial risk of serious harm to [Maricopa County Sheriff's Office] inmates." [Exhibit 1 at 58.]

Opposing counsel's conjecture that a detainee might be injured if ICE does not exceed CDC guidelines by requiring contractors to store Paxlovid (or any other specific medication) on the shelves of their medical clinics does not support a constitutional claim. Neither does conjecture that a detainee might be harmed if the OMDC or IRDF medical clinic obtains a medication from a local pharmacy instead of its own shelves.

DATED: April 19, 2023                     Respectfully submitted,

                                          RANDY S. GROSSMAN
                                          United States Attorney

                                          KATHERINE L. PARKER
                                          Chief, Civil Division

                                          s/ *Samuel W. Bettwy*
                                          SAMUEL. W. BETTWY
                                          Assistant U.S. Attorney

                                          s/ *Colin M. McDonald*
                                          COLIN M. MCDONALD
                                          Assistant U.S. Attorney

                                          Attorneys for Defendants-Respondents

3