UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN RODRIGUEZ ALCANTARA; YASMANI OSORIO REYNA; MARIA FLOR CALDERON LOPEZ; MARY DOE; on behalf of themselves and all others similarly situated,<br><br>Plaintiffs-Petitioners,<br><br>v.<br><br>GREGORY ARCHAMBEAULT, San Diego Field Office Director, Immigration and Customs Enforcement; et al.,<br><br>Defendants-Respondents. | Case No.: 20cv0756 DMS (AHG)<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART FEDERAL DEFENDANTS'/RESPONDENTS' MOTION TO DISMISS AND (2) GRANTING DEFENDANT/RESPONDENT MARRERO'S MOTION TO DISMISS** |

      This case comes before the Court on the motions for judgment on the pleadings and/or motions to dismiss filed by the Federal Defendants/Respondents and Defendant/Respondent Sixto Marrero, the former Facility Administrator at Imperial Regional Detention Facility ("IRDF").[1] Plaintiffs/Petitioners filed a consolidated response to the motions, and the Federal Defendants and Defendant Marrero each filed a reply brief.

---

[1] Marrero's Counsel states Marrero is no longer the Facility Administrator at IRDF. Therefore, Counsel filed the motion on behalf of the current Facility Administrator William DeRevere.

1

After the motions were submitted, Plaintiffs filed a Notice of Supplemental Authority in support of their response to the motions, to which all Defendants object. After thoroughly reviewing the parties' briefs, the record, and the relevant authority, the Court grants in part and denies in part the Federal Defendants' motion and grants Defendant Marrero's motion.

# I.

# BACKGROUND

On April 21, 2020, Plaintiffs Adrian Rodriguez Alcantara, Yasmani Osorio Reyna, Maria Flor Calderon Lopez, and Mary Doe filed the present putative class action against a number of federal government officials responsible for the care and custody of immigration detainees at Otay Mesa Detention Center ("OMDC") and Imperial Regional Detention Facility ("IRDF"). The COVID-19 pandemic was in its infancy at that time, and this case was one of numerous cases filed throughout the country concerning the health and safety of persons in congregate environments like those at OMDC and IRDF. Like many of the other plaintiffs/petitioners in those cases, Plaintiffs here alleged for themselves and putative class members that their continued custody in light of the COVID-19 pandemic violated their rights to substantive due process under the Fifth Amendment. To remedy that alleged violation, Plaintiffs sought various forms of relief, including release from custody, reduction of the detainee population, and modifications to their conditions of confinement.

On April 30, 2020, after full briefing and argument, this Court granted Plaintiffs' motion for certification of an Otay Mesa Medically Vulnerable Subclass and issued a temporary restraining order directing Defendants to review whether any Subclass members were suitable for release in light of certain factors and with certain safeguards. (*See* ECF No. 38.)[2] Defendants complied with that order and released a number of detainees under the necessary and appropriate conditions.

---

[2] At the time, OMDC was home to the largest confirmed COVID-19 outbreak in any federal immigration detention facility in the country. (*See* ECF No. 41.)

Thereafter, Plaintiffs moved for a preliminary injunction, which the Court denied. (*See* ECF No. 77.) The Court also denied Plaintiffs' motion for certification of a subclass of medically vulnerable detainees at IRDF, and Plaintiffs' motion for a preliminary injunction relating to those detainees. (*See* ECF No. 106.)

Following those rulings, the Federal Defendants moved to dismiss this case as moot, (*see* ECF No. 108), and Defendant Christopher LaRose, then the Warden of OMDC, moved to decertify the Otay Mesa Medically Vulnerable Subclass. (*See* ECF No. 109.) Plaintiffs also moved for relief from the Court's order denying their motion for a preliminary injunction, or in the alternative, for a preliminary injunction regarding the Subclass members who remained in detention at OMDC. (*See* ECF No. 112.) All of those motions were denied. (*See* ECF Nos. 130, 147.)

The case then proceeded to discovery, after which the parties began settlement negotiations. After a few months of negotiations, the parties filed a joint motion to stay the case so they could focus on settlement. (*See* ECF No. 182.) The Court granted that motion, and the case was stayed on July 16, 2021. (*See* ECF No. 183.) The parties filed five motions to extend the stay, all of which the Court granted. The last order extending the stay was entered on October 12, 2022, and that order extended the stay through November 10, 2022.

On November 11, 2022, at 12:12 a.m. the Federal Defendants filed their present motion, and approximately seven hours later at 7:27 a.m. Defendant Marrero filed his present motion.

## II.

## DISCUSSION

In the present motions, Defendants move for either judgment on the pleadings or dismissal on the ground of mootness. As indicated above, this is not the first time Defendants have raised this issue. In their first motion to dismiss, the Federal Defendants argued this case was moot because Plaintiffs had received the relief they sought, namely release from custody, and Plaintiffs and all other detainees who had been released would

not be re-detained at either facility "absent a material change in circumstances beyond the government's control, and consistent with CDC guidelines, ICE guidance, and all other applicable laws and court orders." (ECF No. 108-1.) The Court was not persuaded that either of those arguments rendered the case moot, and thus denied the first motion.

Defendants continue to rely on Plaintiffs' release from detention to support their present argument that the case is moot, but also rely on two new factors. The first is the resolution of Plaintiffs' removal proceedings. The second is the Supreme Court's decision in *Garland v. Aleman Gonzalez*, ___ U.S. ___, 142 S.Ct. 2057 (2022).[3]

Taking the latter argument first, the Supreme Court held in *Aleman Gonzalez* that 8 U.S.C. § 1252(f)(1) "generally prohibits lower courts from entering injunctions that order federal officials to take or to refrain from taking actions to enforce, implement, or otherwise carry out" certain provisions of federal immigration law. *Id.* at 2064-65. The parties here appear to agree that this holding applies to Plaintiffs' request for class-wide release from detention. (Pls.' Resp. at 9-10.) Accordingly, that request for relief is no longer at issue.[4]

The only issue that remains on the present motion is whether Plaintiffs' claims are moot in light of their release from detention and the resolution of their removal proceedings. "Mootness is a jurisdictional issue requiring the Court to determine whether a case or controversy exists under Article III of the Constitution." *Alliance for Wild Rockies v. Burman*, 499 F.Supp.3d 786, 790 (D. Mont. 2020) (citing *Maldonado v. Lynch*,

---

[3] Neither side addresses it, but there is a third factor in the background here, namely the end of the national and global COVID-19 public health emergencies. Although that change in landscape may not factor into the legal issue of mootness, it is of course a significant development in the health and safety of detainees in congregate environments.

[4] Although Defendants argue *Aleman Gonzalez* moots Plaintiffs' request for this relief, it is not clear to the Court that this is truly an issue of mootness. Rather, it appears *Aleman Gonzalez* renders Plaintiffs' request for this relief legally noncognizable. Regardless of what theory applies, the parties agree this form of relief is no longer available to Plaintiffs in light of *Aleman Gonzalez*. Therefore, the Court considers the issue resolved.

786 F.3d 1155, 1160 (9th Cir. 2015). "Consistent with the dictates of the Supreme Court, we approach mootness cautiously and with care to ensure that the party claiming the benefit of mootness—here, the government—has carried its burden of establishing that the claim is moot." *United States v. Larson*, 302 F.3d 1016, 1020 (9th Cir. 2002). To meet that burden, Defendants must show it is absolutely clear that Plaintiffs no longer need the judicial protection sought through their Complaint. *Id.*

In this case, Defendants argue they have met that burden because the named Plaintiffs were released from custody, and "[t]here is no reasonable expectation that they will be re-detained at OMDC, IRDF, or anywhere else." (Fed. Defs.' Mot. at 6.) As to Plaintiffs Lopez and Doe, both of whom were detained at IRDF when the Complaint was filed, the Court agrees their claims are now moot and should be dismissed. There is no dispute both of these Plaintiffs were released from custody on April 24, 2020, and that their removal proceedings have since been resolved. Thus, Plaintiffs' requests for release from custody are moot, *see Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (dismissing as moot appeal of denial of habeas petition because petitioner had been released and government demonstrated "alleged wrong will not recur"), as are their claims challenging the conditions of confinement at IRDF. *See Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (citing *Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir. 1986)) (finding moot plaintiff's claim for injunctive relief challenging conditions of confinement where plaintiff was transferred to another facility and there was no reasonable expectation he would be returned to previous facility). The same result applies to the individual claims of Plaintiffs Alcantara and Reyna, both of whom were detained at Otay Mesa Detention Facility ("OMDC") when the Complaint was filed, and both of whom have since been released and whose removal proceedings have been resolved.

However, the termination of Alcantara's and Reyna's individual claims does not moot this case in its entirety. As set out above, Alcantara's and Reyna's claims were certified for class treatment, and that certification decision "significantly affects the mootness determination." *Sosna v. Iowa*, 419 U.S. 393, 399 (1975). This is because when

a court certifies a claim for class treatment, "the class of unnamed persons described in the certification acquire[s] a legal status separate from the interest asserted by" the class representative. *Id.* In this situation, "'the termination of a class representative's claim does not moot the claims of the unnamed members of the class.'" *County of Riverside v. McLaughlin*, 500 U.S. 44, 51 (1991) (citations omitted).

Neither Defendants nor Plaintiffs addressed this issue in their briefing on the present motions. In the supplemental authorities cited by the parties, the courts relied on the above-referenced Supreme Court precedent to conclude that the named plaintiffs' release or transfer to other facilities did not render the class claims moot. (*See* Pls.' Notice of Supp. Authority in Supp. of Consolidated Resp. to Mots., Ex. A at 26-27; Fed. Defs.' Objection to Pls.' Notice of Supp. Authority, Ex. 1 at 39-40.) That same precedent applies with equal force here, and leads this Court to the same conclusion, namely, that the class claims arising out of the class members' detention at OMDC are not moot in light of Alcantara's and Reyna's release from detention and the termination of their removal proceedings.

## III.
## CONCLUSION

For the reasons set out above, Defendant Marrero's motion to dismiss is granted. Plaintiffs' claims relating to detention and conditions of confinement at IRDF are dismissed as moot. The Federal Defendants' motion to dismiss the individual claims of Alcantara and Reyna relating to their detention and conditions of confinement at OMDC is also granted, and those claims are dismissed as moot. As to the class claims arising out of class members' detention and conditions of confinement at OMDC, the Federal Defendants' motion is denied.

On or before **June 5, 2023**, Plaintiffs shall file a motion to substitute a new class representative for the Otay Mesa Medically Vulnerable Subclass. After that motion is

/ / /

/ / /

resolved, the Magistrate Judge shall hold a case management conference forthwith to reset all remaining dates, including a trial date.

**IT IS SO ORDERED**.

Dated:  May 22, 2023

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court