ANDREW R. HADEN
Acting United States Attorney
KATHERINE L. PARKER, SBN 335097
Chief, Civil Division
SAMUEL W. BETTWY, SBN 94918
Assistant U.S. Attorney
COLIN M. MCDONALD, SBN 286561
Assistant U.S. Attorney
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
619-546-7634/7125/9144 / 619-546-7751 (fax)

Attorneys for the Federal Respondents

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN RODRIGUEZ ALCANTARA, et al., <br><br> Plaintiffs-Petitioners, <br><br> v. <br><br> GREGORY J. ARCHAMBEAULT, San Diego Filed Office Director, ICE; et al., <br><br> Defendants-Respondents. | Case No. 20cv0756 DMS AHG <br><br> FEDERAL RESPONDENTS' MOTION TO DISMISS PETITION OR MOTION TO DECERTIFY SUBCLASS <br><br> DATE: August 18, 2023 <br> TIME: 1:30 p.m. <br> CTRM: 13A <br><br> Hon. Dana M. Sabraw |

## MOTION TO DISMISS OR DECERTIFY/DISMISS

Federal Defendants-Respondents (Respondents) hereby move, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3), to dismiss this case for lack of subject matter jurisdiction. Alternatively, Respondents move, pursuant to Fed. R. Civ. P. 23 and this Court's inherent authority, to vacate or decertify the provisional subclass, which would render this case moot for lack of a case or controversy. This motion is based on the Memorandum of Points and Authorities below, the documents on file in this action, and any other evidence or argument that the Court may permit.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I

<u>SUMMARY OF ARGUMENT</u>

In a separate pending motion, the provisional subclass seeks to substitute a new class representative to keep their claims alive. *See* ECF No. 222. Respondents have opposed that motion, because the proposed substitute is not an appropriate representative. *See* ECF No. 224. The instant motion raises additional reasons why the subclass' case is no longer viable: there is no longer a case or controversy given all that has transpired since this case began in 2020, especially the advent of the vaccine, and the provisional subclass either no longer exists as a matter of law or it should be decertified as a matter of discretion.

The availability of the COVID-19 vaccine and the end of the COVID-19 emergency have eliminated the basis of the subclass' claims and requests for relief. The proposed class representative is a good example of this: he has received three COVID-19 vaccinations while in custody and has successfully recovered from COVID-19. *See* ECF No. 224 at 9. He does not face "dramatically increased chances of contracting COVID-19, becoming seriously ill, and dying"—the impetus of this lawsuit in April 2020. ECF No. 1 at ¶ 32.

In the alternative, it is respectfully submitted that, according to a 2021 Ninth Circuit decision, the provisional subclass expired as a matter of law in 2020, either when the TRO expired or when the Court denied Petitioners' motion to convert the TRO to a preliminary injunction.

Apart from mootness and the expiration of the provisional subclass, this Court "may decertify a class at any time." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009). That time has come in this case. The subclass definition is from an outdated lexicon—it speaks to the emerging pandemic in April 2020, not the realities of July 2023. Moreover, under Rule 23, the subclass must establish numerosity and commonality, among other prerequisites, for certification. It cannot meet those requirements because of the availability of the vaccine and the end of the pandemic.

In addition, as set forth in Respondents' response to the subclass' pending motion to substitute class representative, the claims of the proposed representative are not typical of the claims of the subclass, and the proposed representative will not fairly and adequately protect the interests of any subclass members. The Court should therefore decertify the subclass.

Lacking a case or controversy or any petitioners, subclass, claims, and further relief to grant, this case should be dismissed with prejudice.

II

STATEMENT OF FACTS

This motion incorporates the entirety of Respondents' Response in Opposition to Plaintiffs' Motion to Substitute New Class Representative, including the statement of facts. *See* ECF No. 224 at 6-9. Pertinent to the instant motion, on April 30, 2020, the Court granted Petitioners' emergency motion for a temporary restraining order and provisionally certified the following subclass:

> All civil immigration detainees incarcerated at the Otay Mesa Detention Center who are age 60 or over or who have medical conditions that place them at heightened risk of severe illness or death from COVID-19 as determined by CDC guidelines.

ECF No. 38 at 2. As part of the TRO, the Court required Respondents to, among other things, "immediately review subclass members for release, and release all subclass members suitable for release in the discretion of Defendants after considering the subclass members' health, public safety, and mandatory detention requirements . . . ." ECF No. 38 at 2. On May 1, 2020, the Court issued a subsequent order expanding on its reasoning for granting the TRO and the provisional class certification. ECF No. 41 at 8:7–9, 11:2–4.

On May 11, 2020, Petitioners requested that the Court convert the TRO into a preliminary injunction. *See* ECF No. 60. Petitioners acknowledged that the subclass had been provisionally certified for purposes of the TRO and requested the Court to expand the subclass definition. *See id.* at 22–25. On May 26, 2020, the Court denied the motion, stating that it was adequately assured "that the constitutional rights of subclass members are now

being protected" and noting that Respondents had "taken additional measures to mitigate the spread of the virus at OMDC, which lessen[ed] the need for court intervention." ECF No. 77 at 7-8. The Court found that the subclass was unlikely to succeed on its constitutional claim and that subclass members who remained detained were unlikely to suffer irreparable injury given the change in circumstances, such as the decrease in capacity and infection rates, and given additional measures employed at OMDC. *See* ECF No. 77.

On November 11, 2022, Respondents moved for judgment on the pleadings, and the Court denied the motion, in part, ruling that the subclass continued to exist as a separate entity beyond termination of the class representative's claim. *See id.* at 5-6 (citing *Sosna v. Iowa*, 419 U.S. 393 (1975) and *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991)). The Court therefore granted the subclass an opportunity to find someone who could became a subclass representative. The subclass has proposed Hever Alberto Mendoza Linares to serve as the new subclass representative. *See* ECF No. 222. In a separate filing, Respondents oppose the proposed substitution. *See* ECF No. 224.

III

ARGUMENT

A.   LACK OF CASE OR CONTROVERSY

There is no longer effective relief for the Court to grant the subclass, so the case should be dismissed for mootness. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) ("Mootness is a jurisdictional issue, and federal courts have no jurisdiction to hear a case that is moot . . . ."). An action is generally moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Ruiz v. City of Santa Maria*, 160 F.3d 543, 549 (9th Cir. 1998) (quoting *Lee v. Schmidt-Wenzel*, 766 F.2d 1387, 1389 (9th Cir. 1985)). "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Id.* at 549 (quoting *Northwest Env. Defense Center v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988)). It is not enough for a controversy to exist at the beginning

of the case; rather, an "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (quotations omitted). *See also Deakins v. Monaghan*, 484 U.S. 193, 199 (1988) ("Because there no longer is a live controversy between the parties over whether a federal court can hear respondents' equitable claims, the first question on which certiorari was granted is moot.").

As the Court observed in its recent order, the end of the COVID-19 public health emergency "is of course a significant development in the health and safety of detainees in congregate environments." ECF No. 221 at 4 n.3. Indeed, the current circumstances bear no resemblance to those that existed when this case was filed on April 21, 2020. The petition noted that there was "no specific treatment, vaccine, or cure for COVID-19, and no one [was] immune." ECF No. 1 at ¶ 6. The advent of the vaccine has eliminated the reason for this case, much less the need for a provisional subclass, because it has significantly reduced the risk of serious illness or death from COVID-19.

Now that there is a vaccine, courts have consistently refused to grant further relief based on medical vulnerability to COVID-19. In *Martinez v. CoreCivic*, a New Mexico district court found that "the mere availability of the vaccine . . . also moots this action (and strips standing from all detainees for all future risk-based coronavirus actions), given that this lawsuit is premised entirely on COVID-19 exposure." *Martinez v. CoreCivic*, No. 20-CV-1309-WJ-CG, 2021 WL 2550319, at *7 (D.N.M. June 22, 2021). Given the claims had been rendered non-justiciable, the district court dismissed with prejudice the petitioners' class action for habeas and injunctive relief. *Id.*

*Martinez* is not alone in recognizing that the uncertain risk of harm faced in April 2020—before vaccines were available—is no longer the proper lens through which to view COVID-related litigation. *See, e.g., Wilson v. Ponce*, No. CV204451MWFMRWX, 2022 WL 2155119, at *8 (C.D. Cal. Feb. 2, 2022) ("[T]he time has come to end this litigation. The current situation, happily, is far from the literally mortal situation that existed in the spring of 2020."); *Lighthouse Fellowship Church v. Northam*, 20 F.4th 157, 164 (4th Cir.

2021) ("We are now better informed concerning COVID-19. The availability of vaccines and other measures to combat the virus have led to a significant change in the relevant circumstances — including the resumption of pre-COVID-19 activities — as evidenced by the removal of many restrictions.").

This Court, for example, has "denied compassionate release to vaccinated inmates . . . even where they had underlying health conditions associated with heightened risk and where the defendant had already contracted COVID-19." *United States v. Lopez-Quevedo*, No. 19-cr-02845-DMS, 2021 WL 5303111, at *2 (S.D. Cal. Nov. 15, 2021) (citing *United States v. Grummer*, No. 08-cr-4402-DMS, 2021 WL 568782, at *2 (S.D. Cal. Feb. 16, 2021) (denying a defendant's motion for compassionate release and noting that "[a]lthough Defendant suffers from several chronic medical conditions, his vaccination significantly mitigates the risk that he will contract COVID-19.")).[1]

The subclass' claims and requests for relief have been rendered moot due to the existence and availability of the vaccine and the end of the COVID-19 emergency. The Court should therefore dismiss this case for mootness.

B.   SUBCLASS CERTIFICATION EXPIRED WHEN THE COURT DENIED THE PRELIMINARY INJUNCTION AND THE TRO EXPIRED

When the Court denied Respondents' motion to decertify in October 2020, it stated that the "denial of a request for preliminary injunction, standing alone, does not appear to be the kind of 'subsequent development in the litigation' that warrants decertification.'" ECF No. 130 at 2. Since then, however, the Ninth Circuit's decisions in *Fraihat* and

---

[1] *See also United States v. King*, No. 15-CR-00139-SEB-TAB, 2021 WL 2431348, at *2 (S.D. Ind. June 14, 2021) ("Absent some evidence that the vaccine is medically contraindicated for Defendant, it does not appear to the Court that the risks he faces from the COVID-19 pandemic can be an extraordinary and compelling reason warranting his immediate release."); *United States v. Gonzalez*, No. 00-CR-0054-JFK, 2021 WL 2433817, at *3 (S.D.N.Y. June 15, 2021) ("Having now received such protection from the virus, the fundamental and overriding purpose of Gonzalez's request for immediate release—i.e., the desire to remove him from an environment where he may be exposed to the disease—is significantly less compelling.").

*Ahlman*—decided in October 2021 and December 2021, respectively—resolved that issue and made clear that provisional class certification rises and falls with the related interim relief. In *Ahlman v. Barnes*, 20 F.4th 489, 495 (9th Cir. 2021), the district court issued a preliminary injunction and certified a provisional subclass. However, once the preliminary injunction automatically expired (pursuant to a ninety-day provision in the Prison Litigation Reform Act), the provisional class certification expired as well and had no "legal effect":

> Because the district court's injunction was not expressly made final by the district court, the preliminary injunction expired 90 days after it was issued under the PLRA. *As such, both the preliminary injunction and provisional class certification have expired and no longer have any legal effect.*

*Id.* at 495 (emphasis added). The Ninth Circuit panel therefore "vacated" the provisional class certification, noting that it "'depended on, and was in service of, [the] preliminary injunction.'" *Id.* (quoting *Fraihat v. ICE*, 16 F.4th 613, 635 (9th Cir. 2021)). That was true "'regardless of whether class certification was otherwise proper under [Rule 23.]'" *Id.* (quoting *Fraihat*).

In *Fraihat*, the district court provisionally certified two nationwide classes and issued a preliminary injunction that applied to all immigration detention facilities in the United States. *See* 16 F.4th at 618. "The injunction imposed a broad range of obligations on the federal government, including ordering ICE to identify and track detainees with certain risk factors that the district court identified; requiring ICE to issue a comprehensive Performance Standard covering a myriad of COVID-19-related topics, such as social distancing and cleaning policies; and setting directives for releasing detainees from custody altogether." *Id*. On appeal, the Ninth Circuit held that the district court wrongly issued the preliminary injunction, because the plaintiffs failed to demonstrate a likelihood of success on their claims. *See id.* at 636. Termination of the provisional class was therefore automatic: "The district court's class certification ruling depended on, and was in service of, its preliminary injunction. If the preliminary injunction is infirm, the class certification order necessarily falls as well, regardless of whether class certification was otherwise proper under Federal Rule of Civil Procedure 23." *Id.* at 635.

Likewise, the provisional subclass here was certified in service of the TRO issued at the outset of the case: the *ex parte* TRO request was filed on April 21, 2020; Respondents had six days to respond; and the Court certified the subclass and entered the TRO on April 30, 2020. The Court's order specified that the subclass was "provisional." ECF No. 38 at 1.[2] Thereafter, the TRO expired in its usual course, *see* Fed. R. Civ. P. 65,[3] and the Court denied Petitioners' request for a preliminary injunction. *See* ECF No. 77. As of that time, the provisional subclass no longer had any "legal effect"—even if the "class certification was otherwise proper[.]" *Ahlman*, 20 F.4th at 495.

Accordingly, given there are no remaining petitioners or subclass, this case should be dismissed with prejudice. *See Emps.-Teamsters Loc. Nos. 175 & 505 Pension Tr. Fund v. Anchor Cap. Advisors*, 498 F.3d 920, 924 (9th Cir. 2007) ("'[A] suit brought as a class action must as a general rule be dismissed for mootness when the personal claims of all named plaintiffs are satisfied and no class has been properly certified.' In these situations there is no longer a 'case or controversy' to be decided within the meaning of Article III of

---

[2] *See Al Otro Lado v. Wolf*, 952 F.3d 999, 1005 n.4 (9th Cir. 2020) (citing *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1041–43 (9th Cir. 2012)) ("We have approved provisional class certification for purposes of preliminary injunction proceedings."); *Al Otro Lado, Inc. v. McAleenan*, 423 F. Supp. 3d 848, 870 (S.D. Cal. 2019) ("The Court may provisionally certify a class for purposes of a preliminary injunction."); *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1202 (N.D. Cal. 2017) (provisionally certifying class "for the limited purpose of issuing a preliminary injunction"); *Criswell v. Boudreaux*, No. 120CV01048DADSAB, 2020 WL 7646405, at *11 (E.D. Cal. Dec. 23, 2020) ("District courts in this circuit can provisionally certify a class for the purposes of a preliminary injunction.") (citing *Al Otro Lado v. Wolf*, 952 F.3d at 1005 n.4).

[3] Fed. R. Civ. P. 65(b)(2) specifies that a temporary restraining order expires "at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension."); *see also Jordan v. Bank of Am.*, No. 2:18-CV-02717-KJM-AC, 2020 WL 374363, at *3 (E.D. Cal. Jan. 23, 2020) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 433 (1974)) (noting that a temporary restraining order dissolves automatically once the time afforded in Rule 65(d) expires and a preliminary injunction does not issue).

the Constitution.") (quoting *Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1045 (5th Cir. 1981)).

B.   IN THE ALTERNATIVE, THE SUBCLASS SHOULD BE DECERTIFIED

1.   *The subclass definition has been rendered obsolete given the availability of a vaccine and the end of the COVID-19 emergency*

A district court retains "broad discretion" to decertify a class at any time after certification or provisional certification. *See Heffelfinger v. Elec. Data Sys. Corp.*, 492 F. App'x 710, 714 (9th Cir. 2012). As set forth above, the advent of the vaccine has eliminated the reason for having a provisional subclass, because it has significantly reduced the risk of serious illness or death from COVID-19, thereby vitiating the very definition of the subclass. The Court should therefore vacate the subclass certification, because it has been rendered obsolete due to the existence and availability of the vaccine and the end of the COVID-19 emergency.

2.   *Rule 23(a) is no longer satisfied*

Apart from whether the subclass has expired or should be summarily decertified as obsolete, the requirements for Rule 23 are no longer met. Rule 23(a) requires a plaintiff to establish the following elements to merit class certification:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Rule 23 "provides district courts with broad discretion to . . . revisit [its] certification throughout the legal proceedings before the court." *Armstrong v. Davis*, 275 F.3d 849, 871 n.28 (9th Cir. 2001). *See also Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982) ("Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation."). The subclass bears "the burden of demonstrating compliance with class certification requirements even on a motion to

decertify a class." *Arredondo v. Univ. of La Verne*, 618 F. Supp. 3d 937, 942 (C.D. Cal. 2022) (citing *Marlo v. United Parcel Serv., Inc.*, 639 F.3d 942, 947 (9th Cir. 2011)).

### i.   *Numerosity*

Rule 23(a)(1) requires that a party seeking class certification show that "the class is so numerous that joinder of all members is impracticable." *See* Fed. R. Civ. P. 23(a)(1). As the Supreme Court has explained, the "numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations." *General Tel. Co. of the NW., Inc. v. EEOC*, 446 U.S. 318, 330 (1980). The Court did state, however, that a class with only fifteen members "would be too small to meet the numerosity requirement." *Id.*

Here, numerosity can no longer be satisfied due to the availability of a vaccine, which has significantly reduced the risk of severe illness, as the CDC has acknowledged. *See* CDC, *Monitoring COVID-19 Cases, Hospitalizations, and Deaths by Vaccination Status*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/monitoring.html (updated Mar. 21, 2023) ("COVID-19 vaccines help protect against severe illness, hospitalization, and death. People who are up to date on COVID-19 vaccines are much less likely to experience severe symptoms than people who are not up to date, if they get infected with SARS-CoV-2, the virus that causes COVID-19.") (last visited July 10, 2023).

Unless the subclass can demonstrate that Respondents are denying the vaccine to detainees, there is no longer a sizable subclass, if any, to protect. Indeed, the subclass' proposed subclass representative has been fully vaccinated, and he has even contracted COVID-19 without serious illness. *See* ECF No. 224 at 9. The fact that this is the only representative that the subclass can find is itself evidence that there are no OMDC detainees who fit within the defined subclass. The subclass can therefore no longer satisfy the element of numerosity.

### ii.   *Commonality*

The commonality requirement of Rule 23(a)(2) requires that a party seeking class certification show that its claims "depend upon a common contention" that "is capable of classwide resolution—which means that determination of its truth or falsity will resolve an

issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Here, there is no longer a one-size-fits-all resolution. Some detainees, like the subclass' proposed representative, have already been vaccinated; others, for medical reasons, perhaps cannot be; still others may have rejected the vaccine for one reason or another. In the end, there can be no "common contention" of the subclass to support its Fifth Amendment claims in "one stroke." Rather, any claims that may still exist are individualized medical claims, such as the proposed subclass representative's claim that, in effect, he has a constitutional right to Nexium instead of lansoprazole to treat his acid reflux. *See* ECF No. 224 at 10. The subclass therefore cannot satisfy the element of commonality.

### iii. *Typicality and Adequate Representation*

For the reasons set forth in Respondents' opposition to the pending motion to substitute a new class representative, the proposed representative fails the typicality and adequacy of representation prongs of Rule 23(a). *See* ECF No. 224 at 13-17. Since the subclass can no longer meet the requirements of Rule 23(a), the Court should decertify it. And without a subclass or petitioners, the case should be dismissed. *See Emps.-Teamsters Loc. Nos. 175 & 505 Pension Tr. Fund,* 498 F.3d at 924.

### IV

### CONCLUSION

All roads lead to the same conclusion: this case should be dismissed with prejudice. The advent of the vaccine and the end of the pandemic have mooted the basis of the subclass' claims and requests for relief. Alternatively, the Court should either recognize that the subclass' certification has expired, or it should decertify the subclass. In that scenario as well, shorn of petitioners and claims, this case should be dismissed.

///

///

///

DATED: July 10, 2023

Respectfully submitted,

ANDREW R. HADEN
Attorney for the United States,
Acting under Authority Conferred
by 28 U.S.C. § 515

KATHERINE L. PARKER
Chief, Civil Division

s/ *Samuel W. Bettwy*
SAMUEL. W. BETTWY
Assistant U.S. Attorney

s/ *Colin M. McDonald*
COLIN M. MCDONALD
Assistant U.S. Attorney

Attorneys for Respondents