STRUCK LOVE BOJANOWSKI & ACEDO, PLC
Daniel P. Struck, AZ Bar #012377
*(admitted pro hac vice)*
Rachel Love, AZ Bar #019881
*(admitted pro hac vice)*
Nicholas D. Acedo, AZ Bar #021644
*(admitted pro hac vice)*
Jacob B. Lee, AZ Bar #030371
*(admitted pro hac vice)*
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Tel.:  (480) 420-1600
Fax:  (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
nacedo@strucklove.com
jlee@strucklove.com

WITHAM MAHONEY & ABBOTT, LLP
Matt Mahoney, Esq., CA Bar # 211184
401 B Street, Suite 2220
San Diego, CA 92101
Tel.: (619) 407-0505
Fax: (619) 872-0711
mahoney@wmalawfirm.com

Attorneys for Defendant-Respondent LaRose

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Adrian Rodriguez Alcantara, et al., | No. 3:20-cv-00756-DMS-AHG |
| Plaintiffs-Petitioners, | **WARDEN LAROSE'S EX PARTE MOTION FOR REVISED SCHEDULING ORDER** |
| v. | |
| Gregory J. Archambeault, San Diego Field Office Director, Immigration and Customs Enforcement, et al., | Date: November 17, 2023<br>Time:        1:30 p.m.<br>Courtroom: 13A<br>Judge:  Honorable Dana M. Sabraw |
| Defendants-Respondents. | |

Defendant-Respondent Warden LaRose moves ex parte to revise the briefing schedule set by the Court's September 22, 2023 Order (Dkt. 240) to allow him to file a separate Opposition to Plaintiffs' Motion to Substitute New Class

Representative ("Motion to Substitute") (Dkt. 222).[1] As set forth in more detail below, when the Court stayed briefing on the Motion to Substitute on July 26, 2023 (Dkt. 234), Warden LaRose had not yet filed an Opposition, but was preparing to do so by the September 8, 2023 deadline (Dkt. 231). *See* CivLR 7.1(e)(2) (requiring oppositions to motions to be filed no later than 14 calendar days before the noticed hearing on the motion). The Court's September 22 Order denied him the opportunity to do so, finding that "Defendants" have already filed an Opposition to the Motion to Substitute, when in fact only the Federal Defendants have done so. (Dkt. 224, 240.) Warden LaRose therefore respectfully requests that the Court revise the September 22 Order to allow him to file an Opposition to the Motion to Substitute on or before October 26, 2023.

## I.     Procedural Background

On September 21, 2023, the parties filed a Joint Scheduling Motion (Dkt. 239) asking the Court to set the following deadlines:

- October 26, 2023—Defendants' deadline to file their Oppositions to Plaintiffs' Motion to Substitute New Class Representative ("Motion to Substitute") (Dkt. 222) and Plaintiffs' deadline to file their Opposition to the Federal Respondents' Motion to Dismiss or Decertify Subclass ("Motion to Dismiss/Decertify") (Dkt. 227);

- November 9, 2023—Parties' deadline to file Replies in support of the Motion to Substitute (Dkt. 222) and the Motion to Dismiss/Decertify (Dkt. 227); and

- November 17, 2023—Hearing on both Motions.

On September 22, 2023, the Court granted the Joint Scheduling Motion in part, setting the October 26 deadline for Plaintiffs to file their Opposition to the

---

[1] Counsel for the Federal Defendants-Respondents ("Federal Defendants") have stated they do not oppose this Motion. Counsel for Plaintiffs-Petitioners ("Plaintiffs") have stated they take no position on the Motion.

Motion to Dismiss/Decertify and the November 9 deadline for the parties to file their Replies in support of both Motions. (Dkt. 240.) The Court denied the Joint Scheduling Motion as to Defendants' deadline to file Oppositions to the Motion to Substitute, however, reasoning that "Defendants have already filed an opposition to Plaintiffs' motion to substitute a new class representative, so there is no need to extend that deadline." (Id.)

To date, however, only the Federal Defendants have filed an Opposition to the Motion to Substitute. (Dkt. 224.) Warden LaRose has not, but he intends to do so, as the Court stayed the deadline for his Opposition before it expired.

On June 5, 2023, Plaintiffs filed their Motion with a hearing date of August 18, 2023, which made any responses due by August 1, 2023 and the reply due by August 11, 2023. (Dkt. 222.) *See* CivLR 7.1(e)(2). The Federal Defendants filed their Response to the Motion to Substitute on July 7, 2023, nearly one month early. (Dkt. 224.)

On July 10, 2023, the Federal Defendants filed their Motion to Dismiss/Decertify with the same hearing date of August 18, 2023. (Dkt. 227.) As a result, responses and replies to the Motion to Dismiss/Decertify were due on the same dates as the Motion to Substitute.

On July 12, 2023, the Court set a settlement conference for July 21, 2023. (Dkt. 228.) On July 18, 2023, the Court reset the hearing on the Motion to Substitute and the Motion to Dismiss/Decertify to September 22, 2023, making responses due by September 8, 2023 and replies due by September 15, 2023. (Dkt. 231.) *See* CivLR 7.1(e)(2). On July 19, 2023, the Court reset the settlement conference for July 25, 2023. (Dkt. 232.)

The case did not settle at the July 25, 2023 settlement conference. (Dkt. 233.) The next day, on July 26, 2023, the Court set a further settlement conference for September 29, 2023 and stayed further briefing on the Motion to Substitute and

1  Motion to Dismiss/Decertify. (Dkt. 234.) On July 28, 2023, the Court reset the
2  further settlement conference to September 13, 2023. (Dkt. 235.)

3      The case did not settle at the September 13 settlement conference. (Dkt. 238.)
4  On September 19, 2023, the Court asked the parties to propose briefing schedules
5  for the Motion to Substitute and Motion to Dismiss/Decertify. The parties did so on
6  September 21, 2023. (Dkt. 239.)

7  **II.   Efforts to Meet and Confer with Plaintiffs**

8      On September 19, 2023, after the Court asked the parties to propose briefing
9  schedules for the Motion to Substitute and Motion to Dismiss/Decertify, the Federal
10 Defendants proposed that Plaintiffs file their Opposition to the Motion to
11 Dismiss/Decertify and their Reply in support of the Motion to Substitute within two
12 weeks (i.e., by October 3, 2023) and that the Federal Defendants file their Reply in
13 support of the Motion to Dismiss/Decertify within two weeks after that (i.e., by
14 October 17, 2023). (Ex. 1, Dec. of Jacob B. Lee, at ¶ 3.) Before Plaintiffs provided
15 a substantive response, Warden LaRose advised that he intended to file a separate
16 Opposition to the Motion to Substitute, asked to have until October 6, 2023 to do so
17 due to commitments and deadlines in other matters, and stated that he was open to
18 giving Plaintiffs the time they need for their Reply. (Id. at ¶ 4.)

19     Plaintiffs responded that they understood that Warden LaRose "opted
20 against" filing an Opposition by the deadline but stated they would consider
21 Warden LaRose's request if he would give them a preview of the arguments he
22 intended to make in his Opposition. (Id. at ¶ 5.) On September 20, 2023, Warden
23 LaRose declined to do so, and instead laid out the timeline of events discussed
24 above to demonstrate that the deadline for his Opposition never actually expired
25 before it was stayed, such that he should have an opportunity to file it now that
26 briefing was being re-opened. (Id. at ¶ 6.) The Federal Defendants agreed to
27 Warden LaRose's proposed briefing schedule, which included a deadline for all
28 Oppositions to the Motion to Substitute. (Id. at ¶ 7.)

Plaintiffs conceded that Warden LaRose should be allowed to file an Opposition to the Motion to Substitute but proposed later briefing deadlines to accommodate their commitments and deadlines in other matters. (Id. at ¶ 8.) Warden LaRose proposed minor revisions to Plaintiffs' proposed briefing schedule to accommodate the Veterans Day holiday, and Plaintiffs and the Federal Defendants agreed. (Id. at ¶ 9.) The next morning, on September 21, 2023, the parties agreed on the language of the Joint Scheduling Motion, and Warden LaRose and the Federal Defendants gave permission for Plaintiffs to file it. (Id. at ¶ 10.)

Warden LaRose did not consider at the time the confusion that might be caused by a request for a deadline for "Defendants" to respond to the Motion to Substitute when the Federal Defendants had already filed their Opposition to the Motion, the effect of which became clear when he received the Court's September 22 Order denying that particular request. (Id. at ¶ 11.) Warden LaRose therefore promptly prepared a proposed Joint Motion for Revised Scheduling Order and sent it to the other parties for approval at 1:58 p.m. PDT on September 22, 2023. (Id. at ¶ 12.) The Federal Defendants responded within minutes, stating that they approved the Joint Motion. (Id. at ¶ 13.)

Plaintiffs did not respond until 7:30 a.m. PDT on September 25, 2023. (Id. at ¶ 14.) Although they had previously agreed to ask for October 26, 2023, as the deadline for all Oppositions to the Motion to Substitute knowing that the practical effect of the deadline would be to allow Warden LaRose to file his separate Opposition, Plaintiffs refused to consent to the proposed Joint Motion. (Id. at ¶ 15.) Instead, they opined that the Court was likely already aware of the filings and deadlines discussed above when it denied the request for a deadline for "Defendants" to file Oppositions to the Motion to Substitute and stated that they could not take a position one way or another on the proposed Joint Motion without getting a preview of the arguments Warden LaRose intends to make in his Opposition. (Id. at ¶ 16.) Warden LaRose informed Plaintiffs that he would file the

Motion and note their non-position. (Id. at ¶ 17.) Thus, Plaintiffs are aware of Warden LaRose's intent to file this Motion as required by CivLR 83.3(g)(2). (Id. at ¶ 18.)

## III.   Conclusion

The parties proposed October 26, 2023 as the deadline for Defendants to file Oppositions to the Motion to Substitute because Warden LaRose had not yet filed an Opposition to the Motion, and the deadline for him to do so was stayed before it expired. (Dkt. 222, 231, 234; Ex. 1 at ¶¶ 3–10.) Now that the stay has been lifted, Warden LaRose intends to file his own Opposition to the Motion to Substitute, a fact that should have been more clearly specified in the parties' Joint Scheduling Motion. Plaintiffs, however, are attempting to use the Court's decision not to set a deadline for Warden LaRose to file an Opposition (which was based on incomplete information) to gain an unfair advantage by depriving Warden LaRose of his due process right to be heard on the Motion to Substitute. Warden LaRose therefore respectfully requests that the Court revise the briefing schedule to make October 26, 2023 the deadline for Oppositions to both the Motion to Substitute and the Motion to Dismiss/Decertify so that he can file his separate Opposition to the Motion to Substitute. Warden LaRose further requests that November 9, 2023 remain the deadline for Replies in support of both Motions and that the hearing on the Motions remain set for November 17, 2023.

Dated:  September 25, 2023

By s/ Jacob B. Lee
Daniel P. Struck
dstruck@strucklove.com
Rachel Love
rlove@strucklove.com
Nicholas D. Acedo
nacedo@strucklove.com
Jacob B. Lee
jlee@strucklove.com
STRUCK LOVE BOJANOWSKI & ACEDO, PLC

Matt Mahoney, Esq.
WITHAN MAHONEY & ABBOTT, LLP

1           mahoney@wmalawfirm.com

2           Attorneys for Defendant-Respondent
              LaRose

1

## **CERTIFICATE OF SERVICE**

2

    The undersigned hereby certifies that a true and correct copy of the above

3

and foregoing document has been served on September 25, 2023, to all counsel of

4

record who are deemed to have consented to electronic service via the Court's

5

CM/ECF system per Civil Local Rule 5.4.

6

Dated:  September 25, 2023

7

                                    By s/ Jacob B. Lee

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28