# ATTACHMENT A

# To Declaration of Warden C. LaRose



**OTAY MESA DETENTION CENTER**
**MEMORANDUM**

Date:        Thursday, April 22, 2021

To:          Warden C. LaRose
             Facility Investigator C. Cross Jr.

From:        STG Officer M. Rodriguez

Subject:     Threat Assessment - Immigration and Customs Enforcement (ICE) Detainee
             Mendoza-Linares, Hever REDACTED

## OVERVIEW

| | | | | | | |
|---|---|---|---|---|---|---|
| Name: | MENDOZA-LINARES, | Release: | | Location: OTAY MESA DET | Perm #: | 5723022 |
| D.O.B.: | REDACTED | Adm Type: ICE - LEVEL 2 DETAINEE | Section: D | | CID #: | REDACTED |
| Sex: | Male - | SS #: | | Block: SEG | Bkg Date: | 07/20/2020 |
| Race: | HISPANIC | Booking #: 6762493 | | Cell: Bed: 203  L | Classif: | LOW |

## Synopsis:

On 04/13/2021, Detainee Mendoza-Linares, Hever REDACTED was assaulted by Detainee REDACTED in the L Pod Dayroom. Detainee Mendoza-Linares has been assaulted on two previous occasions in which claims of him provoking the assaults led to a request for involuntary protective custody investigation by Unit Manager Hogue for his safety and the safety of the detainees in L Pod, including the orderly operations of the facility.

## Classification:

**Inmate:** MENDOZA-LINARES, HEVER
ALBERTO

**Screen:** Booking

---

**Date/Time:** 01/31/2021 09:11                    **Author:** REDACTED

90-120 DAY RECLASSIFICATION

NO SPECIAL VULNERABILITIES

1. IMMIGRATION - 0 PTS

2. NONE

3. NONE

4. NONE

5. NONE

6. NONE

7. NONE

TOTAL SCORE: 0 POINTS LOW CUSTODY, OVERRIDE TO MEDIUM HIGH CUSTODY DUE TO HAVING WARRANT FOR PROTECTION ORDER, MURDER AND RAPE ISSUED ON 10/03/2019 IN EL SALVADOR

**Time Line:**

Institutional History:

On 03/10/2020, at approximately 2145 hours, Immigration Custom and Enforcement (ICE) Detainee Mendoza-Linares, Hever Alberto REDACTED (DOB: REDACTED /M/EL SALVADOR/STG:NONE) reported to Detention Officer (D/O) E. Holguin that on 03/05/2020 Immigration Custom and Enforcement (ICE) Detainee REDACTED ) punched him in the face over a chair. At approximately 0930 hours detainee Mendoza-Linares was sent to Intake to be interviewed by staff.  At 1200 hours, a review of Milestone Camera System (L Unit N) was conducted and the following was discovered: On 03/05/2020 at approximately 12:30:35 hours in L Pod-Dayroom, (ICE) detainee REDACTED walks up to (ICE) Detainee Mendoza-Linares, Hever Alberto and strikes him with a closed left fist in the facial area then walks away.  Case Manager T. Julien, Detention Counselor F. Gomez escorted detainee REDACTED Once they arrived to intake, Detainee REDACTED was evaluated by Registered Nurse J. Hadley and was cleared for RUH. C/M Julien, D/C Gomez and Detention Officer S. Lopez-Ruiz escort detainee REDACTED to D Pod Segregation. D/C Gomez placed and removed hands and legs restraints on detainee REDACTED . (D/0) Lopez-Salvador was the camera operator and took 12 picture. At approximately 1215 hours detainee Mendoza-Linares, Hever Alberto was medically cleared to return to general population by Register Nurse U. Obasi.


On Tuesday, October 06, 2020, at approximately 2130 hours, Detention Officer (D/O) Indalecio called out via radio that he needed the Emergency Response Team (ERT) to L-pod due to a physical altercation taking place involving two detainees. Shift Supervisor (S/S) Rodwell activated the ERT team to L-pod. D/O Indalecio observed Immigration Enforcement Customs (ICE) Detainee (D) REDACTED kicking and punching (D) Mendoza-Linares, Hever Alberto REDACTED (DOB: REDACTED /M/Hispanic/EL Salvador/STG: None) in the torso area inside the Satellite Law Library. Verbal directives were given to (D) REDACTED to back away from (D) Mendoza-Linares which he complied. The ERT team arrived and began locking the pod down. (D) REDACTED was escorted from the law library to the sally port and was placed in hand and leg restraints by D/O Pfaff. (D) REDACTED was escorted to medical for evaluation and special housing clearance. D/O Benyard videotaped the escort. Registered Nurse (R/N) Adamos cleared (D) REDACTED of any injuries and special housing clearance. (D) REDACTED was escorted to D-pod segregation and placed in cell 214 where all restraints were removed without incident. D/O Gonzales, J applied hand restraints on (D) Mendoza-Linares, who was then placed in a wheelchair and escorted to medical with the assistance of D/O Anaya. D/O Chavez videotaped the escort. Registered Nurse Domingo (R/N) evaluated (D) Mendoza-Linares; he had an small abrasion to his lower right leg and some redness to the right side of his head. (D) Mendoza-Linares was placed in MHU2 cell 1448 for 23 hour observation. S/S Rodwell attempted to interview both detainees, but both spoke Spanish only. S/S Rodwell had D/O Hernandez, R who speaks and understands Spanish conduct the interviews.  (D) REDACTED stated (D) Mendoza-Linares was on a video call with someone from the news media and they wanted him to say something that would be on the news. (D) Mendoza-Linares stated he was on a video call with a lady from an organization and she asked to speak with (D)

REDACTED regarding if he needed an attorney, upon completion of the call (D) REDACTED struck him. (D) Mendoza-Linares was asked if he wanted to press charges against (D) REDACTED for assaulting him and he stated, No I would like to speak with my attorney first before making a decision. (D) REDACTED and (D) Mendoza-Linares both wrote 5-1C statements. (D) REDACTED received a disciplinary report for CoreCivic rule violation #101 Assault.

On March 16, 2021, STG Officer Rodriguez entered L Pod and interviewed Mendoza-Linares REDACTED and REDACTED in regards to an ICE request that Mendoza-Linares may have safety issues in L Pod. After interviewing all three detainees, not one detainee stated any safety issues or stated that one or the other was to be assaulted or had been threatened.

However, Detainees REDACTED and REDACTED stated that Detainee Mendoza-Linares continues to harass Detainee REDACTED by calling her (transgender) names like "Puta" ("Faggot") and "Pendeja" ("Idiot"). Detainee Mendoza-Linares allegedly pinches his nose when he walks past REDACTED to make fun of her. REDACTED and REDACTED recalled an instance on 02/10/21 after dinner in which Detainee Mendoza-Linares hung up the phone on Detainee REDACTED while Detainee REDACTED was attempting to make a phone call. Detainee REDACTED alleged that she attempted to prevent Detainee Mendoza from hanging up the call but in the process sustained an injury to one of her fingers. Review of Milestone Video Recordings did indeed reveal this incident actually occurred.

Since no verbal threat was made and all detainees stated they felt safe, just annoyed by Mendoza for "harassing" REDACTED, no further action was taken on STG's part.

On Tuesday, April 13, 2021 at approximately 1006 hours, Detention Officer (D/O) Dawson called out via radio that he needed the Emergency Response Team (ERT) to L pod that an assault was taking place in the day room. Supervisor (S/S) Parsons activated the ERT to L pod. D/O Dawson observed Immigration Customs Enforcement (ICE) Detainee (D) REDACTED involved in a physical altercation in the dayroom with (ICE) Detainee Mendoza-Linares, Hever Alberto REDACTED (DOB: REDACTED /M/Latino/El Salvador. Specifically, (D) REDACTED was striking (D) Mendoza with closed fists to the facial and upper torso area multiple times. D/O Dawson gave verbal directives to Detainee REDACTED to stop assaulting Detainee Mendoza-Linares and he refused his verbal directives. D/O Dawson then deployed a one 2 second burst of OC from his facility issued MK9 to the facial area of (D) REDACTED. Detainee REDACTED stopped and was separated from detainee Mendoza-Linares. Detainee Mendoza-Linares was placed in the L Pod sally port.

Written 5-1c statement from Detention Officer Dawson (witness) to assault:

On Tuesday April 13, 2021 at approximately 1006 hours, I Detention Officer (D/O) Dawson was asked by (ICE) Detainee (D) ████████ and (ICE) (D) Mendoza-Linares, Hever Alberto ████████ to change the TV to the history channel, both detainees agreed on the same channel, after the selected channel was on. (ICE) (D) Mendoza-Linares, Hever Alberto requested for another channel change (ICE) (D) ████████ stated he was watching the history channel, Mendoza-Linares, Hever Alberto said "fuck you" in Spanish. Detainee (D) ████████ gets up and approaches Mendoza-Linares with closed fist and began to assault (D) Mendoza-Linares, Hever Alberto. I called out via radio that I needed the Emergency Response Team (ERT) to L pod that an assault was taking place in the day room. I D/O Dawson observed Immigration Customs Enforcement (ICE) (D) ████████ involved in a physical altercation in the dayroom with (ICE) (D) Mendoza-Linares, Hever Alberto. Specifically, (D) ████████ was striking (D) Mendoza with closed fists to the facial and upper torso area multiple times. I D/O Dawson gave verbal directives to detainee ████████ to stop fighting and he refused my verbal directives. I, D/O Dawson then deployed one 2 second burst of OC from my facility issued MK9 to the facial area of (D) ████████ Detainee ████████ stopped and was separated from detainee Mendoza-Linares. End of statement.

**Interviews:**

Detainee Mendoza-Linares stated that he did not say "fuck you" to Detainee ████████ right before Mendoza-Linares was assaulted by Detainee ████████. Detainee Mendoza-Linares stated that Detainee ████████ had been asking for coffee from Detainee Mendoza-Linares' commissary in exchange for soups, which Detainee Mendoza-Linares claims he denied Detainee ████████ offer. Detainee Mendoza-Linares added that on Sunday, 04/11/21, some detainees in L Pod had a birthday party for him which Detainee ████████ was not invited to and Detainee ████████ took offense to not participating in. Detainee Mendoza-Linares stated that led to the disagreement with the television channel a few days later which led to Detainee ████████ assaulting him. Detainee Mendoza-Linares is requesting to be re housed in general population L Pod, citing that previous incidents were in the past and that there should not be any further issues. Detainee Mendoza-Linares added that if his request to return to general population is not met, he would contact the Office of the Inspector General (OIG) for a formal complaint concerning his status in segregation. Detainee Mendoza-Linares stated that Detainees ████████ and ████████ can vouch for his good behavior in the pod and that the only detainee he has an issue with is Detainee ████████, whom Mendoza-Linares claims he stays away from.

Detainee ████████ stated that Detainee Mendoza-Linares has been problematic in L Pod, pushing detainees buttons by cussing at them. Detainee ████████ stated that on the day he assaulted Mendoza-Linares, he had enough and when Mendoza-Linares cussed at him, ████████ snapped. Detainee ████████ stated that if Detainee Mendoza-Linares were to return to general population there would be no issues between himself and Detainee Mendoza-Linares.

Detainee ████████ stated that L Pod is more calm without Detainee Mendoza-Linares in the unit. Detainee ████████ also stated that Detainee ████████ is a good, older man that finally snapped due to Detainee Mendoza-Linares' constant harassment. Detainee ████████ stated that Detainee Mendoza-Linares lack of respect for people is why he keeps being assaulted because the detainees can only tolerate so much disrespect.

Detainee REDACTED stated that Detainee Mendoza-Linares has tried to provoke REDACTED twice to fight Mendoza-Linares. Detainee REDACTED claims that Detainee Mendoza-Linares has challenged REDACTED to fight but Detainee REDACTED refused the offer. Detainee REDACTED also stated that he has been provoking other detainees in the unit.

Detainee REDACTED stated that he always pushes other detainees buttons. He uses strong language to other detainees such as "fucking bitch," "go fuck yourself," "bitch" and "pendejo." Detainee REDACTED also stated that on a previous occasion, Detainee REDACTED was playing checkers with other detainees. Mendoza-Linares went to the area and picked up the checkerboard and threw it in efforts to get detainee REDACTED to react. Detainee REDACTED, however, did not react.

Montes REDACTED stated from what he hears and sees, Detainee Mendoza-Linares is always trying to provoke people. Detainee REDACTED stated that Detainee Mendoza-Linares knows whom he can push buttons with. Detainee REDACTED also stated that he thinks Detainee Mendoza-Linares' behavior has to do with the "Organization." According to Detainee REDACTED, Detainee Mendoza-Linares is having outside civilians from the organization place money on detainee's books. When those detainees would upset Mendoza-Linares or they were not friends anymore the money would stop coming in. Detainee REDACTED stated that Detainee Mendoza-Linares makes disrespectful comments to others indirectly. Detainee REDACTED stated that he does not have a problem with the Detainee Mendoza-Linares personally but he does not agree with Detainee Mendoza-Linares' behavior and Detainee REDACTED feels it is unfair for other detainees to have to deal with Detainee Mendoza-Linares behavior. Detainee REDACTED stated that he has witnessed Detainee Mendoza-Linares bullying a detainee during a previous occasion. Detainee REDACTED stated that he had to pull Detainee Mendoza-Linares to the side and tell him to stop because it was bothering him.

Detainee REDACTED stated on a previous occasion he was sitting at the table playing cards. OMDC Staff had called detainees for mail and REDACTED got up. When he came back, Detainee Mendoza-Linares was at the table calling him names stating he was a chicken when he first got in the unit. Detainee REDACTED told him to "knock it off." Detainee Mendoza-Linares then told REDACTED to hit Mendoza-Linares in efforts to try to get REDACTED to assault him. Detainee REDACTED stated to Mendoza-Linares that he does not want to assault him because he does not want to get in trouble. Later on that night, Detainee REDACTED stated that the officer called for count Detainee Mendoza-Linares grabbed the checkerboard that he was playing with and threw it on the ground in efforts to get detainee REDACTED to react. Detainee REDACTED also stated that he continuously calls REDACTED and REDACTED (who identifies as transgender) "faggots" and that Detainee REDACTED is a "faggot" because he likes to hang out with "faggots." Detainee REDACTED also stated that Detainee Mendoza-Linares keeps bullying him in efforts for Mendoza-Linares to be assaulted.

Detainee REDACTED stated that Detainee Mendoza-Linares has been harassing detainee REDACTED lately. Detainee Mendoza-Linares had been making fun of him because Detainee REDACTED goes to church. He stated that Detainee REDACTED is a good person and that Mendoza-Linares continued to push his buttons and that this has been going on for a few weeks. Detainee REDACTED also stated that Detainee Mendoza-Linares has been giving false information to "Ruth" from the organization (OMDC Resistance). He has been telling her that he has been getting beat up at the facility and that he is being victimized and his goal is to get a U-Visa.

Detainee REDACTED stated that Detainee Mendoza-Linares wants detainees to attack him so he (Mendoza-Linares) can be the victim.

Detainee REDACTED stated that he personally does not pay any attention to Detainee Mendoza-Linares because he (Mendoza-Linares) is a "shit talker." Detainee REDACTED added that because of Detainee Mendoza-Linares, money that was being placed in L Pod detainees commissary from advocacy groups ceased from continuing.

Detainee REDACTED stated that Detainee Mendoza-Linares provokes people to assault him in efforts to receive a U-Visa. Detainee REDACTED added that on a previous occasion, Detainee Mendoza-Linares spat on him but REDACTED refrained from a physical conflict with Detainee Mendoza-Linares. Detainee REDACTED stated that without Detainee Mendoza-Linares in L Pod, the pod is more calm and that there are no longer issues with the televisions.

Detainee REDACTED, did not offer a comment concerning Detainee Mendoza-Linares.

Detainee REDACTED stated that Detainee Mendoza-Linares gets in the business of other detainees and tells them to "fuck off." Detainee REDACTED added that Detainee Mendoza-Linares is "cool" at first and the starts trouble with other detainees, for example grabbing the television remote and changing in the middle of programs that detainees are watching.

Detainee REDACTED did not offer a comment concerning Detainee Mendoza-Linares.

Detainee REDACTED stated that Detainee Mendoza-Linares is impulsive but he has never disrespected him.

Detainee REDACTED stated that Detainee Mendoza-Linares has tried to antagonize him in the past. Detainee REDACTED stated that Detainee Mendoza-Linares is a "big mouth" and claims that Detainee Mendoza-Linares stole his address book.

Detainee REDACTED stated that Detainee Mendoza-Linares on one occasion was helping REDACTED out with his paperwork in exchange for a bag of coffee and two stamps, which was written down on a list as an agreement between the two detainees. Detainee REDACTED claimed that Detainee Mendoza-Linares added two additional stamps on the list without approval from Detainee REDACTED Detainee REDACTED claims that when he approached Detainee Mendoza-Linares about the two additional stamps, Detainee Mendoza-Linares threatened to rip Detainee REDACTED legal paperwork.

Detainee REDACTED stated outside advocacy organizations send Detainee Mendoza-Linares money to share with other detainees. However, Detainee Mendoza-Linares uses the money to purchase commissary for himself. Detainee REDACTED added that Detainee Mendoza-Linares constantly disrespects the officers in the unit by cussing at them. Detainee REDACTED stated that the detainees in L Pod are better off without him because he cusses at the detainees for power over the television usage. Detainee REDACTED stated that Detainee Mendoza-Linares would do whatever it takes to remain in the United States and get a U-Visa because in Mendoza-Linares home country of El Salvador, he (Mendoza-Linares) is wanted by the authorities for rape and murder.

Detainee REDACTED , stated that he does not have any issues with Detainee Mendoza-Linares.

Detainee REDACTED stated that Detainee Mendoza-Linares provokes detainees in L Pod in efforts for them to assault him so that he can acquire a U-Visa. Detainee REDACTED stated that that Detainee Mendoza-Linares is an antagonistic detainee and the pod is more calm now that he is not in the unit. Detainee REDACTED claims that on one occasion, Detainee Mendoza-Linares called him REDACTED ) a "Nigger" in an effort to provoke Detainee REDACTED .

Detainee REDACTED did not offer a comment in regards to Detainee Mendoza-Linares.

Detainee REDACTED stated that he had no personal issues with Detainee Mendoza-Linares however; Detainee Mendoza-Linares grabs the television remote and changes the channel purposefully in efforts to provoke them.

Detainee REDACTED stated that Detainee Mendoza-Linares provokes other detainees to get a U-Visa and added that Detainee Mendoza-Linares should remain in segregation for his safety and the safety of the detainees in the pod. Detainee REDACTED reiterated that he is not threatening Detainee Mendoza-Linares.

Detainee REDACTED stated that Detainee Mendoza-Linares blames other detainees for his problems because he (Mendoza-Linares) wants a U-Visa to remain in the country.

Detainee REDACTED stated that he has no issues with Detainee Mendoza-Linares.

Detainee REDACTED stated that Detainee Mendoza-Linares had threatened him to fight in the past but REDACTED ignored him.

Detainee REDACTED stated that Detainee Mendoza-Linares sits at the dayroom tables and while the detainees are watching television, he purposefully slams his plastic cup repeatedly to annoy the detainees watching television. Detainee REDACTED added that when the detainees tell Mendoza-Linares to stop, he says he can do whatever he wants and that the detainees better not complain to staff about him or else he will say that the detainees are threatening him with harm. Detainee REDACTED also stated that during one previous occasion, Detainee Mendoza-Linares asked for his (REDACTED ) facility identification card in which Detainee REDACTED refused to give to Detainee Mendoza-Linares. Detainee REDACTED stated that was when Detainee Mendoza-Linares threatened to fight him.

Detainee REDACTED did not offer a comment in regards to Detainee Mendoza-Linares.

Detainee REDACTED stated that Detainee Mendoza-Linares provoked detainees in the unit to fight him and that Detainee Mendoza-Linares argues with other detainees concerning the viewing of the televisions even when he is not watching.

Detainee REDACTED stated no issues with Detainee Mendoza-Linares.

Detainee REDACTED stated that Detainee Mendoza-Linares creates issues with other detainees concerning the television viewing and cusses at the detainees when they don't agree with what he (Mendoza-Linares) says.

Detainee REDACTED stated that he has no issues with Detainee Mendoza-Linares because he never speaks to him.

Detainee REDACTED stated that Detainee Mendoza-Linares deserves another chance to return to the unit but also stated that Mendoza-Linares needs to change behaviorally in order to co-exist peacefully with other detainees in the unit.

Detainee REDACTED stated that Detainee Mendoza-Linares constantly harasses him and calls him a "Chink" and "Chino."  Detainee ▮▮ added that Detainee Mendoza-Linares is better off away from the detainees from L Pod.

**Conclusion:**
It is the conclusion of The Investigations Department at OMDC that Detainee Mendoza-Linares attempts to provoke detainees to fight or assault him, whether it be an effort to obtain a U-Visa or for behavioral reasons, which have in the past and may lead to in the future, safety and security concerns within the detainee population of L Pod.  By way of multiple detainee statements that have been housed in L Pod with Detainee Mendoza-Linares for a considerable amount of time in ICE Detention, Detainee Mendoza-Linares behavior in the unit has been found to be a threat to the detainees of L Pod, to include himself.

# **ATTACHMENT B**

# **To Declaration of Warden C. LaRose**

*Off      Enforcement and Removal Operations*

**U.S. Department of Homeland Security**
7488 Calzada De La Fuente
San Diego, CA 92154



**U.S. Immigration
and Customs
Enforcement**

May 17, 2021

Christopher J. LaRose
Senior Warden
Otay Mesa Detention Center

RE: Involuntary Protective Custody of Hever Alberto MENDOZA-Linares, ███████

Warden,

This letter is being provided to you in regard to Immigration and Customs Enforcement (ICE),
Enforcement and Removal Operations' (ERO) decision on April 29, 2021, to supersede your
facility's decision of releasing detainee Hever Alberto MENDOZA-Linares, ███████ to
general population (GP) and instead, to place him on involuntary protective custody (PC) and
moved to segregation for his safety. ICE's decision to place Detainee MENDOZA on PC
status was due to an aggregate of evidence that were collected by CoreCivic investigators,
Security Threat Group (STG) Officers, unit managers, and ICE compliance officers that
indicate MENDOZA is highly likely to be assaulted in the foreseeable future.

Background:

On April 13, 2021, Detainee Hever Alberto MENDOZA-Linares, ███████ was
physically assaulted by Detainee███████                    Consequently,
Detainee███ was placed in the Special Management Unit (SMU) pending disciplinary
proceedings and Detainee MENDOZA was removed from general population (GP) pending a
protective custody investigation.

Following the assault, a thorough investigation completed by a STG Officer revealed that
Detainee MENDOZA has been assaulted on three occasions by three different detainees while
in custody at the facility.  In addition, interviews with other detainees from the housing unit
revealed that Detainee MENDOZA regularly engages in acts or in verbal confrontations to
elicit physical responses from other detainees.  The detainees interviewed stated that they
would not retaliate against Detainee MENDOZA if he returned to GP but reported that
Detainee MENDOZA habitually and intentionally aggravates them, and that the entire unit
would be perturbed with his re-integration. To wit, Detainee MENODZA's behavior is
deliberate and intentional to provoke others to cause him harm.  Given that there were no
immediate threats to his safety at that time, Detainee MENDOZA was returned to GP on April
23, 2021.

RE: Involuntary Protective ( dy of Hever Alberto MENDOZA-Linar 
Page 2

In the brief period in which Detainee MENDOZA was returned to GP, he continued to provoke several of the detainees into retaliating against him. On several occasions, ICE compliance officers spoke to other detainees within the housing units in which they stated that Detainee MENDOZA continued purposely engaging in behaviors to aggravate them. In addition, Detainee MENDOZA's questions to ICE regarding who is responsible for his safety further illuminates his intentions of deliberately putting himself in a position to be assaulted. ICE observed that Detainee MENDOZA's provocative behavior was creating a hostile environment, thus increasing the number of credible threats to Detainee MENDOZA's safety due to his provocations. As a precaution, an ICE compliance officer advised Detainee MENDOZA that he can voluntarily ask to be placed on protective custody status and moved to SMU if there are any concerns for his safety, but he declined.

However, pursuant to Performance-Based National Detention Standards (PBNDS) 2011, Section (V)(A)(1) of Standard 2.12: Special Management Units, a detainee may be placed in administrative segregation when the detainee's continued presence in the general population poses a threat to life, property, self, staff, or other detainees; for the secure and orderly operation of the facility; for medical reasons; or under other circumstances. The Standard further indicates that if a detainee requires protection, protective custody may be initiated at the detainee's request or by staff as needed to protect the detainee from harm. Each facility shall develop procedures to consider continued placement in protective custody as well as provisions for release from protective custody when appropriate. Frequently, the types of detainees who require this type of treatment include but are not limited to detainees who appear to be in danger of bodily harm.

Therefore, on April 29, 2021, based on the totality of the circumstances and evidence, and out of abundance of caution, as well as proactively working to ensure that the safety and security of the facility is not compromised, an ICE compliance officer and I spoke to Detainee MENDOZA in person and explained to him using a Spanish interpreter from the CoreCivic Language Line, that he will be involuntarily placed in PC and will remain in SMU until the threats are no longer valid or can be mitigated. Detainee MENDOZA was advised that ICE and CoreCivic will actively assess the situation and adjust his housing when appropriate.

In closing, please include this letter in Detainee MENDOZA's detention file, but do not provide him a copy as it contains privileged information. Should you have any questions or concerns regarding this matter, please do not hesitate to contact me.

Sincerely,



Supervisory Detention and Deportation Officer
Otay Mesa Detention Center

**Law Enforcement Sensitive – For Official Use Only**
www.ice.gov

# ATTACHMENT C

# To Declaration of Warden C. LaRose

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## INCIDENT OF PROHIBITED ACTS AND NOTICE OF CHARGES

Detainee Name: Mendoza-Linares, Hever Alberto     A-Number: REDACTED

Nationality: Hispanic     Date & Time of Incident: 06/14/2021   1847

Incident Location: E Pod     Work Assignment: N/A

Classification Level: High     Quarters: E-Pod Day Room

**PROHIBITED ACTS:**

| | | |
|---|---|---|
| 1. Fighting,boxing, wrestling, sparring | Code: 201 | |
| 2. and any other form of physical | Code: | |
| 3. encounter. | Code: | |
| 4. | Code: | |

Description of Incident: On 06/14/2021 at 1847 HRS I Detention Officer Settles was doing a 30
minute break in E-Pod. I D/O Settles was exiting the office and noticed (D) Mendoza-
Linares, Hever Alberto REDACTED swing a chair at (D) REDACTED Once both detainees
put down their objects, they both continued to wrestle against the wall. I D/O Settles
gave verbal directives to stop fighting and then sprayed both detainees with my MK9.
Therefor (D) Mendoza-Linares, Hever Alberto is being charged with violating CoreCivic
code 201, Fighting,boxing, wrestling, sparring and any other form of physical encounter.

Staff Witnesses? ☐ Yes ☒ No     Evidence Attached? ☐ Yes ☐ No ☒ N/A

Supporting Memoranda? ☐ Yes ☐ No ☒ N/A

T. Settles     6/14/21  2254

Name of Reporting Officer     Date & Time     Signature

Reviewed for accuracy prior to investigation by: Cpt Brown     14 Jun 21 / 2345
Supervisor     Date & Time

Incident Recorded on D.C.S? ☐ Yes ☐ No     Classification Level Change? ☐ Yes ☐ No

Level change from _____ to _____

ICE Form I-884 (9/09)     Page 1 of 1

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## DETAINEE RIGHTS AT THE INSTITUTION DISCIPLINARY PANEL HEARING (IDP)

### Detainee Rights at The Institution Disciplinary Panel Hearing (IDP)

As a detainee charged with a prohibited act(s), you have been referred to the Institution Disciplinary Panel for disposition. While at the IDP hearing, you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the IDP.

2. The right to have a full time member of staff who is reasonably available to assist you before the IDP.

3. The right to call witnesses and present documentary evidence in your behalf, provided institutional safety would not be jeopardized.

4. The right to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act.

5. The right to be present throughout the IDP decision, except during committee deliberations and where institutional safety would be in jeopardy.

6. The right to be advised of the IDP decision in writing and the facts supporting the panel's decision, except where institutional safety would be jeopardized.

7. The right to appeal the decision of the IDP by means of the Detainee Grievance Procedure to the Officer in Charge, within 15 days of the notice of the panel's decision and disposition.

I hereby acknowledge that I have been advised of the rights afforded me at the Institution Disciplinary Panel hearing.

Signed: _REFUSED TO SIGN_    A-Number: **REDACTED**    Date: _6/15/21_

Notice of Rights given to the detainee by _S D/O ESTOESTA_ _____
Staff Member & Date    _6/15/21_

**Refusal to Sign**

I have personally advised _MENDOZA - LINARES_ of the rights afforded detainees at the Institution Disciplinary Panel hearing. The detainee refused to sign the acknowledgment.

Staff member and date: _SD/O ESTOESTA_ _____    _6/15/21_

**Waiver of 24 hours Notice:**

I have been advised that I have a right to receive a copy in writing of the charges against me at least 24 hours prior to my appearance before the IDP. At this time, I wish to waive this right and proceed with the IDP hearing.

Detainee Signature, Date and Time: _REFUSED TO SIGN_    _6/15/21, 0612_

ICE Form I-892 (4/11)    Page 1 of 1



DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## NOTICE OF INSTITUTION DISCIPLINARY PANEL HEARING

MENDOZA-LINARES, HEVER ALBERTO     REDACTED     6/15/21

Name of Detainee           A-Number           Date

Alleged Disciplinary Code Violation(s): 201  FIGHTING, BOXING, WRESTLING, SPARRING

Date of Offense: 6/14/21

You are being referred to the Institution Disciplinary panel for the above mentioned charge(s).

The hearing will be held on ___ TO BE DETERMINED (TBD) ___, at ___ TBD ___ (time) at the following location

TO BE DETERMINED _____.

You are entitled to have a full-time staff member represent you at the hearing. Please indicate below if you desire to have a staff member assist you, and if so, his or her name.

I (do) ___ (do not) X wish to have a staff representative.

If so, the staff representative's name is ___ NOT REQUESTED ___.

You also have the right to call witnesses at the hearing and to present documentary evidence in your behalf, provided, that calling your witnesses will not jeopardize facility security. Names of witnesses you wish to call should be listed below. State below what each proposed witnesses would be able to testify to:

Name: ___ NOT REQUESTED ___ Can testify to: _____

Name: _____ Can testify to: _____

Name: _____ Can testify to: _____

The chairperson of the Institution Disciplinary Panel will call those listed above as witnesses (staff or detainee) who are reasonably available, and who are determined by the chairperson to be necessary for an appreciation of all of the circumstances surround the charge(s). Repetitive witnesses need not be called. Unavailable witnesses may be asked to submit written statements. If additional space is required, use the reverse side of the form.

ICE Form I-893 (9/09)                                             Page 1 of 1

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## INVESTIGATION REPORT

MENDOZA-LINARES, HEVER ALBERTO   **REDACTED**   6/14/21
Name of Detainee                              A-Number          Date of Incident

E-POD   DAYROOM   D-110   6/15/21   201
Place of Incident   Quarters   Date/Investigation   Code(s)

Name of Investigating Officer: S D/O ESTOESTA   has advised   MENDOZA-LINARES
                                                                      Detainee

that he/she has the right to remain silent at stages of the disciplinary process, but, that silence may be used to draw an adverse inference against him/her at any stage of the disciplinary process. However, silence alone may not be used to support a finding that he/she committed a prohibited act.

Detainee Statement and Attitude During the Interview: DETAINEE MENDOZA-LINARES WAS UNCOOPERATIVE AND DID NOT WANT TO BE READ HIS RIGHTS OR SIGN FOR ANYTHING. REFUSED TO RECEIVE HIS COPY OF THE DISCIPLINARY REPORT BUT EVENTUALLY TOOK IT. DID NOT WANT TO SPEAK WITH ANYONE BUT I.C.E.

Other Facts about the Incident: DETAINEE MENDOZA-LINARES SAID HE WAS TRYING TO DEFEND HIMSELF WITH THE CHAIR BUT WAS SEEN WRESTLING WITH DETAINED **REDACTED** ONCE THE CHAIR WAS RELEASED. VIDEO OF THE INCIDENT WAS REVIEWED BY MYSELF SD/O ESTOESTA VIA MILESTONE AND THE DISCIPLINARY REPORT WAS TRANSLATED FROM SPANISH TO ENGLISH BY OFFICER ROBLES.

Investigator's Comments and Conclusions: I SD/O ESTOESTA REVIEWED MILESTONE AND WATCHED DETAINEE MENDOZA SWINGING A CHAIR AT DETAINEE **REDACTED** AND SAW BOTH DETAINEES WRESTLING WITH EACH OTHER.

Date and Time Investigation Began: 6/15/21   0500

Date and Time Investigation Ended: 6/15/21   0620

S Tooth /ESTOESTA
Signature of Investigating Officer

ASIS ANDRE
Reviewed for Accuracy by: (Supervisor Name and Title)

ICE Form I-890 (9/09)                                                Page 1 of 1

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## INSTITUTION DISCIPLINARY PANEL REPORT

Name of Detainee: Mendoza-Linares, Hever Albert    A-Number: REDACTED

Date of Incident: 06/14/2021    Code(s): 201

**I.**  Notice of Charge(s):

A.  Advance written notice of charge(s) (copy of Incident Report) was given to the detainee on
06/15/2021    at    0500
date                                    time

B.  The IDP hearing was held on    06/16/2021    at    1000
date                                    time

C.  The detainee was advised of his/her rights before this IDP by    DHO G.IWUABA
officer

on    6-16-21    and a copy of the advisement of rights form is attached.

**II.**  Staff Representative

A.  Detainee waived his/her right to staff representative:    YES

B.  Detainee requested staff representative and    NONE REQUESTED    appeared.
staff representative

C.  Requested staff representative declined or could not appear but detainee was advised of option to postpone hearing to
obtain an alternative staff representative with the result: N/A

**III.**  Presentation of Evidence:

A.  Detainee has been advised of his/her right to present a statement or to remain silent, to present document, including written
statements of unavailable witnesses, and for relevant and material witnesses to appear on his/her behalf.

B.  Summary of detainee's statement: Detainee Mendoza-Linares, Hever plead not guilty to
committing the prohibited act. (D) Mendoza-Linares stated during his hearing
that he was defending himself during the incident. (D) Mendoza-Linares stated
(D) REDACTED put a hit on him in the pod and has had issues with him in the past.

C.  Witnesses:

1.  The following persons were called as witnesses at this hearing and appeared: None was requested to
appear. (Translated by Detention Ibarra)

2.  A summary of testimony of each witness is attached.

3.  The following person requested were not called for the reason(s) given None.

4.  Unavailable witnesses were requested to submit written statements and those statements received were considered
(statements attached)

5.  Documentary evidence: In addition to the incident report and investigation, the panel considered the following
documents: Milestone recording system.

6.  Confidential information was considered by the IDP and was not provided to the detainee on
N/A
date

ICE Form I-894 (09/09)

IV. Findings:

    X  A. The Act Was Committed as Charged

    _____  B. The Following Act Was Committed: _____201_____

    _____  C. No Prohibited Act Was Committed.

V. Specific Evidence Relied on to Support Findings:

The Reporting Officer observed this detainee swinging a chair at (D) REDACTED REDACTED in E-pod dayroom, shortly after both detainees began to wrestle on the wall, and when both detainees were given verbal directives to stop, they refused, which resulted

VI. Sanctions or Action Taken:  Offense Severity:

in the deployment of inflammatory agents, were the specific evidence relied on to support findings of guilt. Recommended penalty for the prohibited act committed will be 30 days disciplinary segregation with 2 day time served from 6-16-21 thru 7-14-21. (D)

VII. Reason for Sanction or Action Taken:

(D) Mendoza-Linares was given the 30 sanction because he was a willing participant who used a weapon (a chair) in the efforts to cause bodily harm to another. The imposed penalty is to ensure that this detainee abides and adheres to the facility regulations.

_____    _____    _____
DHO G.IWUABA                                           
     Chairperson                       Member                      Member

VIII. Review and Concur:

A. Concur with findings: _____

B. Proceedings terminated: _____

C. Discipline Imposed: _____

Signature _____   Date: _6/17/21_  Time: _0843 A_
      Officer in Charge

Copy delivered to detainee by: G.IWUABA _____    DHO  on  06/16/2021
                                 Signature and Title                         Date

ICE Form I-894 (09/09)

# ATTACHMENT D

# To Declaration of Warden C. LaRose

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## INCIDENT OF PROHIBITED ACTS AND NOTICE OF CHARGES

Detainee Name: Mendoza-Linares, Hever

A-Number: REDACTED

Nationality: Hispanic

Date & Time of Incident: 07/26/2021   2106 hours

Incident Location: E-Pod

Work Assignment: N/A

Classification Level: High Level Ice

Quarters: 212/U

**PROHIBITED ACTS:**

1. Using abusive or obscene language.   Code: 404

2.   Code:

3.   Code:

4.   Code:

Description of Incident:  On Monday 07/26/2021 at approximately  2106 hours, I Detention Officer
(D/O) Ibarra was standing by the podium in E-Pod and I observed and heard Detainee (D)
Mendoza-Linares REDACTED call (D) REDACTED "Chino", which is a racial slur in Spanish.
The incident occurred as (D) REDACTED was walking up the stairs and (D) Mendoza-Linares was
standing by the microwave. I eventually talked to (D) REDACTED about the incident and he
said that the name calling was an ongoing issue and that (D) Mendoza-Linares was "trying
to provoke a reaction" out of him. For this I am charging (D) Mendoza-Linares with code
404: Using abusive or obscene language. End of Statement.

Staff Witnesses?  ☐ Yes  ☒ No                    Evidence Attached?  ☐ Yes  ☐ No  ☒ N/A

Supporting Memoranda?  ☐ Yes  ☐ No  ☒ N/A

V. E. Ibarra                    07/27/2021    0039
Name of Reporting Officer           Date & Time              Signature

Reviewed for accuracy prior to investigation by:                    7/27/21   0100
                                          Supervisor                    Date & Time

Incident Recorded on D.C.S?  ☐ Yes  ☐ No          Classification Level Change?  ☐ Yes  ☐ No

Level change from                to

ICE Form I-884 (9/09)                                      Page 1 of 1

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## DETAINEE RIGHTS AT THE INSTITUTION DISCIPLINARY PANEL HEARING (IDP)

**Detainee Rights at The Institution Disciplinary Panel Hearing (IDP)**

As a detainee charged with a prohibited act(s), you have been referred to the Institution Disciplinary Panel for disposition. While at the IDP hearing, you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the IDP.

2. The right to have a full time member of staff who is reasonably available to assist you before the IDP.

3. The right to call witnesses and present documentary evidence in your behalf, provided institutional safety would not be jeopardized.

4. The right to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act.

5. The right to be present throughout the IDP decision, except during committee deliberations and where institutional safety would be in jeopardy.

6. The right to be advised of the IDP decision in writing and the facts supporting the panel's decision, except where institutional safety would be jeopardized.

7. The right to appeal the decision of the IDP by means of the Detainee Grievance Procedure to the Officer in Charge, within 15 days of the notice of the panel's decision and disposition.

**I hereby acknowledge that I have been advised of the rights afforded me at the Institution Disciplinary Panel hearing.**

Signed: _____   A-Number: _____   Date: _____

Notice of Rights given to the detainee by _____ As/s Armenson _____ 7.27.21

Staff Member & Date

---

**Refusal to Sign**

I have personally advised _Mendoza-Linares, Hern_ of the rights afforded detainees at the Institution Disciplinary Panel hearing. The detainee refused to sign the acknowledgment.

Staff member and date: As/s Armenson.   7·27·21 _____

---

**Waiver of 24 hours Notice:**

I have been advised that I have a right to receive a copy in writing of the charges against me at least 24 hours prior to my appearance before the IDP. At this time, I wish to waive this right and proceed with the IDP hearing.

Detainee Signature, Date and Time: _____

ICE Form I-892 (4/11)                                                     Page 1 of 1

**Exhibit 1, Attachment D**
**023**

DEPARTMENT OF HOMELAND SECURITY

U.S. Immigration and Customs Enforcement

## NOTICE OF INSTITUTION DISCIPLINARY PANEL HEARING

Mendoza-Linares, Hever
Name of Detainee


REDACTED
A-Number

7·27·21
Date

Alleged Disciplinary Code Violation(s):   404

Date of Offense:   7·26·21

You are being referred to the Institution Disciplinary panel for the above mentioned charge(s).

The hearing will be held on      TO BE DETERMINED (TBD)      , at       TBD      (time) at the following location

TO BE DETERMINED                                    .

You are entitled to have a full-time staff member represent you at the hearing. Please indicate below if you desire to have a staff member assist you, and if so, his or her name.

I (do) ___ (do not)  X  wish to have a staff representative.

If so, the staff representative's name is _____.

You also have the right to call witnesses at the hearing and to present documentary evidence in your behalf, provided, that calling your witnesses will not jeopardize facility security. Names of witnesses you wish to call should be listed below. State below what each proposed witnesses would be able to testify to:

Name: ____c/n X_____   Can testify to: _____

Name: ____N/a X_____   Can testify to: _____

Name: ____N/n W_____   Can testify to: _____

The chairperson of the Institution Disciplinary Panel will call those listed above as witnesses (staff or detainee) who are reasonably available, and who are determined by the chairperson to be necessary for an appreciation of all of the circumstances surround the charge(s). Repetitive witnesses need not be called. Unavailable witnesses may be asked to submit written statements. If additional space is required, use the reverse side of the form.

ICE Form I-893 (9/09)                                                                                     Page 1 of 1

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## INVESTIGATION REPORT

MENDOZA - LINARES, HEVER                    **REDACTED**                    7.26.21
_____                                          _____
Name of Detainee                            A-Number                Date of Incident

E - POD                    E - 112            7.27.21              454
_____    _____    _____     _____
Place of Incident          Quarters           Date/Investigation   Code(s)

Name of Investigating Officer: AS/S ARMENDARIZ has advised MENDOZA - LINARES, HEVER
                                                                        _____
                                                                        Detainee

that he/she has the right to remain silent at stages of the disciplinary process, but, that silence may be used to draw an adverse inference against him/her at any stage of the disciplinary process. However, silence alone may not be used to support a finding that he/she committed a prohibited act.

Detainee Statement and Attitude During the Interview: UPON ARRIVAL TO E-112, I ADVISED DETAINEE MENDOZA - LINARES OF HIS RIGHTS, EXPLAINED THE ISSUE AND CHARGE ON THIS DR. DETAINEE MENDOZA-LINARES WAS VERY CALM AND RESPECTFUL WHEN SPEAKING TO ME. HE WAS STANDING BY HIS CELL DOOR SPEAKING TO ME.

Other Facts about the Incident: (B) MENDOZA - LINARES BEGAN TO EXPLAIN THAT THERE WAS NO BAD INTENTION IN CALLING A **REDACTED** "CHUNG", HE STATED THAT EVERYONE CALLS HIM THAT AND IT'S HIS NICKNAME IN THE POD. (D) MENDOZA-LINARES ALSO STATED THAT ICE HAD CAME IN EARLIER TO ADDRESS THE ISSUE AND THEY WERE ALL AT PEACE.

Investigator's Comments and Conclusions: WHEN I WAS DONE I ALSO SPOKE WITH D) **REDACTED** AT HER CELL DOOR **REDACTED** AND ASKED H2M IF HE HAD AN ISSUE WITH THE NICKNAME "CHUNG"? (D) **REDACTED** STATED NO, THAT'S FINE, IT'S WHAT THEY ALL CALL ME. I ASKED H2M IF HE WAS 100%. SURE, (D) **REDACTED** STATED HE HAD NO ISSUE WITH IT.

Date and Time Investigation Began: 7.27.21    2232

Date and Time Investigation Ended: 7.28.21    0000

_____
Signature of Investigating Officer

S/S Fadine

_____
Reviewed for Accuracy by: (Supervisor Name and Title)

DETAINEE MENDOZA-LINARES REFUSED RESPECTFULLY TO SIGN, HE STATED HE FEELS HE GETS IN TROUBLE, AND THE CHARGE, WHETHER HE SIGNS OR NOT.

ICE Form I-890 (9/09)                                                Page 1 of 1

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## UNIT DISCIPLINARY COMMITTEE REPORT OF FINDINGS & ACTIONS

Name of Detainee: Mendoza-Linares, Ever [REDACTED]

A-Number: [REDACTED]

Date of Incident: 7/24/21

Place of Incident: E/Pod

Prohibited Act(s) Code: 404

Committee Action: Comments to Committee from Detainee Regarding the above Incident: _Detainee Mendoza stated to Unit Manager Walburn, "(1) [REDACTED] I stabel to Unit Menager Walburn, (1) Cull him Chino (they when Sued it was ok to (1) [REDACTED] did (2) Mendoza asked by U/m Anderson to (1) [REDACTED] stated, I didn't Cree Said a name Cheno (1) [REDACTED] Our Day chief._

It Is the Finding of the Unite Disciplinary Committee that:

1. You Committed the Prohibited Act as Charged: Code(s) _____

2. You Committed the Following Prohibited Act: Code(s) _404_

3. You Did Not Commit a Prohibited Act as Charged: _____

Committee Findings Are Based on the Following Information: _Due to the Disciplinary Report does not Clearly Identify the Word Chino his does not report that (2) disciplinary Deem dismissed. As well, (1) [REDACTED] stated, I did not hear any th_

Committee Action:

☐ Waives IDP Hearing and Accepts the UDCs Sanction: _____

Name of Detainee

☐ Refer to IDP       Date & Time: _____ / _____

☐ Loss of Privileges    ☐ Loss of job           ☐ Quarter Changes
☐ Restrict to Dorm      ☐ Remove from Program   ☐ Reprimand
☑ Warning               ☐ Confiscate Contraband ☐ Impound Personal Property

Comments: _Detainee Mendoza was given a verbal Warning USCY the word Chino is a absolute Word, you can not use this word toward other detinees (1) Mendoza Understood the Outcome of they Conversation._

UDC Chairpersons Signature: _____

UDC Member's Signature: _____

UDC Time and Date: 7/24/21 / 1439

# **ATTACHMENT E**

# **To Declaration of Warden C. LaRose**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## INCIDENT OF PROHIBITED ACTS AND NOTICE OF CHARGES

Detainee Name: Mendoza-Linares, Hever Alberto       A-Number: REDACTED

Nationality: El Salvador       Date & Time of Incident: 12/04/2021   2108

Incident Location: E pod dayroom       Work Assignment: n/a

Classification Level: Low       Quarters: E 112

**PROHIBITED ACTS:**

    **1.** Any form of physical encounter       **Code:** 201

    **2.** refuse to obey a staff directive       **Code:** 307

    **3.** _____       **Code:** _____

    **4.** _____       **Code:** _____

Description of Incident: On 12/1/21, I Asst. Chief of Security A. Mora gave a verbal directive to
ICE detainee Mendoza-Linares, Hever REDACTED to not engage in any form of communication
or confrontation with ICE detainee REDACTED. On 12/6/21 a review of milestone camera
system, I witnessed on 12/4/21 at 2108hrs, (D)Mendoza-Linares engage in a confrontation
with (D) REDACTED over the TV, (D) Mendoza-Linares made physical contact with (D)
REDACTED hand by moving it from the TV. There has been an ongoing issue between both
detainees that could lead to a more physical altercation. Due to this confrontation with
each other,(D)Mendoza-Linares is being charge with Core Civic rule violation #201- any
form of physical contact including horseplay and #307 Refusing to obey a staff member

Staff Witnesses?  ☐ Yes  ☒ No       Evidence Attached?  ☒ Yes  ☐ No  ☐ N/A

Supporting Memoranda?  ☐ Yes  ☐ No  ☒ N/A

A. Mora       12/06/2021   1130       _____
Name of Reporting Officer       Date & Time       Signature

Reviewed for accuracy prior to investigation by: _____       12/6/2021 @ 300#R
    Supervisor       Date & Time

Incident Recorded on D.C.S?  ☐ Yes  ☐ No       Classification Level Change?  ☐ Yes  ☐ No

Level change from _____ to _____

ICE Form I-884 (9/09)       Page 1 of 1

**Exhibit 1, Attachment E
027**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## DETAINEE RIGHTS AT THE INSTITUTION DISCIPLINARY PANEL HEARING (IDP)

### Detainee Rights at The Institution Disciplinary Panel Hearing (IDP)

As a detainee charged with a prohibited act(s), you have been referred to the Institution Disciplinary Panel for disposition. While at the IDP hearing, you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the IDP.

2. The right to have a full time member of staff who is reasonably available to assist you before the IDP.

3. The right to call witnesses and present documentary evidence in your behalf, provided institutional safety would not be jeopardized.

4. The right to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act.

5. The right to be present throughout the IDP decision, except during committee deliberations and where institutional safety would be in jeopardy.

6. The right to be advised of the IDP decision in writing and the facts supporting the panel's decision, except where institutional safety would be jeopardized.

7. The right to appeal the decision of the IDP by means of the Detainee Grievance Procedure to the Officer in Charge, within 15 days of the notice of the panel's decision and disposition.

I hereby acknowledge that I have been advised of the rights afforded me at the Institution Disciplinary Panel hearing.

Signed: _____   A-Number: REDACTED   Date: 12/7/21

Notice of Rights given to the detainee by Sso ColawGato   12/7/21

_____
Staff Member & Date

**Refusal to Sign**   MENDOZA-LINARES, HEVER Alberto

I have personally advised _____ of the rights afforded detainees at the Institution Disciplinary Panel hearing.
The detainee refused to sign the acknowledgment.

Staff member and date: _____ NA _____

**Waiver of 24 hours Notice:**

I have been advised that I have a right to receive a copy in writing of the charges against me at least 24 hours prior to my appearance before the IDP. At this time, I wish to waive this right and proceed with the IDP hearing.

Detainee Signature, Date and Time _____   12/7/21   0505

ICE Form I-892 (4/11)                                                                                              Page 1 of 1

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## NOTICE OF INSTITUTION DISCIPLINARY PANEL HEARING

MENDOZA LINARES, Heven Alberto    REDACTED    12/7/21
_Name of Detainee_    A-Number    Date

Alleged Disciplinary Code Violation(s): _201 + 307_

Date of Offense: _12/4/21_

You are being referred to the Institution Disciplinary panel for the above mentioned charge(s).

The hearing will be held on ___TO BE DETERMINED (TBD)___, at ___TBD___ (time) at the following location

TO BE DETERMINED .

You are entitled to have a full-time staff member represent you at the hearing. Please indicate below if you desire to have a staff member assist you, and if so, his or her name.

I (do) ___ (do not) X wish to have a staff representative.

If so, the staff representative's name is _____NA_____

You also have the right to call witnesses at the hearing and to present documentary evidence in your behalf, provided, that calling your witnesses will not jeopardize facility security. Names of witnesses you wish to call should be listed below. State below what each proposed witnesses would be able to testify to:

Name: ___NONE___    Can testify to: ___NA___

Name: ___NONE___    Can testify to: ___NA___

Name: ___NONE___    Can testify to: ___NA___

The chairperson of the Institution Disciplinary Panel will call those listed above as witnesses (staff or detainee) who are reasonably available, and who are determined by the chairperson to be necessary for an appreciation of all of the circumstances surround the charge(s). Repetitive witnesses need not be called. Unavailable witnesses may be asked to submit written statements. If additional space is required, use the reverse side of the form.

ICE Form I-893 (9/09)    Page 1 of 1

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## INVESTIGATION REPORT

| MENDOZA-LINARES, HEVER ALBERTO | REDACTED | 12/04/2021 |
|---|---|---|
| Name of Detainee | A-Number | Date of Incident |

| E-POD DAY ROOM | D/SEG 218 | 12/07/2021 | 307 & 201 |
|---|---|---|---|
| Place of Incident | Quarters | Date/Investigation | Code(s) |

Name of Investigating Officer: _____ SDO COLANGELO _____ has advised _____ MENDOZA-LINARES, HEVER ALBERTO
Detainee

that he/she has the right to remain silent at stages of the disciplinary process, but, that silence may be used to draw an adverse inference against him/her at any stage of the disciplinary process. However, silence alone may not be used to support a finding that he/she committed a prohibited act.

Detainee Statement and Attitude During the Interview:  On 12/07/2021 at approximately 0505 hours I, SDO Colangelo: served Detainee MENDOZA-LINARES with 1-Notice of Charges, 2-Detainee Rights and 3-Notice of Disciplinary Hearing; explained the charges against him,; and, advised him of his rights. Detainee MENDOZA-LINARES was calm and cooperative during my interview.

Other Facts about the Incident: Detainee MENDOZA-LINARES: Denied the charge, but stated he knew why he was in SEG; DID NOT request a staff advisor; DID NOT name any witnesses; DID waive 24 hour notice; and DID sign for receipt of documents 1,2 & 3 referenced above, as well as DID sign for waiver of his right to 24 notice.

Investigator's Comments and Conclusions: *I, SDO Colangelo utilized D/O Robles as a Spanish interpreter throughout my interview with Detainee MENDOZA-LINARES.
I, SDO Colangelo refer this matter for further proceedings and proper disposition.

Date and Time Investigation Began: 12/07/2021   0300 hours

Date and Time Investigation Ended: 12/07/2021   0630 hours

_____
Signature of Investigating Officer

_____
Reviewed for Accuracy by: (Supervisor Name and Title)

ICE Form I-890 (9/09)                                                                                                    Page 1 of 1

# XProtect Smart Client 2019 R3 Surveillance Report

**Surveillance Report**



| Camera name: | E Unit Seg 1 |
|---|---|
| Image capture time: | 12/4/2021 9:09:28 PM (UTC-08:00) |
| Report print time: | 12/6/2021 11:32:43 AM (UTC-08:00) |
| User: | REDACTED |
| User's note: | |

Copyright © Milestone Systems A/S - www.milestonesys.com



DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## INSTITUTION DISCIPLINARY PANEL REPORT

Name of Detainee: MENDOZ-LINARES, HEVER ALBERTO      A-Number: REDACTED

Date of Incident: 12/04/2021                         Code(s):   201 307

I.  **Notice of Charge(s):**

A. Advance written notice of charge(s) (copy of Incident Report) was given to the detainee on

    12/07/2021       at       0300
    ___date___                ___time___

B. The IDP hearing was held on    12/08/2021    at    0800
                                  ___date___          ___time___

C. The detainee was advised of his/her rights before this IDP by    SDO COLANGELO
                                                                     ___officer___

    on   12/07/2021    and a copy of the advisement of rights form is attached.

II. **Staff Representative**

A. Detainee waived his/her right to staff representative:        YES

B. Detainee requested staff representative and    NONE REQUESTED                appeared.
                                                  ___staff representative___

C. Requested staff representative declined or could not appear but detainee was advised of option to postpone hearing to
   obtain an alternative staff representative with the result: N/A

III. **Presentation of Evidence:**

A. Detainee has been advised of his/her right to present a statement or to remain silent, to present document, including written
   statements of unavailable witnesses, and for relevant and material witnesses to appear on his/her behalf.

B. Summary of detainee's statement: (D)Mendoz-Linares admitted that he was instructed by Chief
   Mora not to have any contact or confrontation with (D)REDACTED. (D)Mendoz-
   Linares also admitted that when he went attempted to change the TV channel back
   he made physical contact with (D) REDACTED. Translation by D/O Parra.

C. **Witnesses:**

    1. The following persons were called as witnesses at this hearing and appeared: None was called to
       appeared.

    2. A summary of testimony of each witness is attached.

    3. The following person requested were not called for the reason(s) given None.

    4. Unavailable witnesses were requested to submit written statements and those statements received were considered
       (statements attached)

    5. Documentary evidence: In addition to the incident report and investigation, the panel considered the following
       documents: Milestone recording system.

    6. Confidential information was considered by the IDP and was not provided to the detainee on
       N/A
       ___date___

ICE Form I-894 (09/09)

IV.   Findings:

    _____ A. The Act Was Committed as Charged

      X   B. The Following Act Was Committed: _____ 307, 201 _____

    _____ C. No Prohibited Act Was Committed.

V.   Specific Evidence Relied on to Support Findings:

After given verbal directives by ACOS Mora not to communicate or have any contact for
this (D) not to have any contact with (D)REDACTED this (D) was observed on the
milestone recording system approach (D)REDACTED while he was changing the TV channel

VI.   Sanctions or Action Taken:  Offense Severity:

made physical contact with him by changing the channel back while (D) REDACTED hand
was still in position of the channel button, was the specific evidence relied on to
support findings go guilty. Recommended penalty will be 10 days DIS for the 201 act

VII.   Reason for Sanction or Action Taken:

and 3 days DIS for the 307 act both to be ran concurrent with 2 days time served from
12-8-21 thru 12-16-21. The impose penalty to ensure that this (D) abides by the
admonishment of Chief Mora and stay away from (D)REDACTED in the future.

      DHO G.IWUABA _____ % Calapan _____        D/o Prado _____
            Chairperson                Member                           Member

VIII.  Review and Concur:

    A. Concur with findings: _____ ✓

    B. Proceedings terminated: _____

    C. Discipline Imposed: _____ ✓

Signature _____    Date: 12/9/21  Time: 0745
        Officer in Charge

Copy delivered to detainee by: G.IWUABA              DHO  on  12-10-21
                Signature and Title                          Date

ICE Form I-894 (09/09)

# ATTACHMENT F

# To Declaration of Warden C. LaRose

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## INCIDENT OF PROHIBITED ACTS AND NOTICE OF CHARGES

Detainee Name: Mendoza-Linares, Hever Alberto     A-Number: REDACTED

Nationality: El Salvadorian     Date & Time of Incident: 01/26/2022   1300 hours

Incident Location: E-Pod Dayroom     Work Assignment: N/A

Classification Level: Level 2     Quarters: E-210(L)

**PROHIBITED ACTS:**

| | |
|---|---|
| 1. Assault | Code: 101 |
| 2. | Code: |
| 3. | Code: |
| 4. | Code: |

Description of Incident: On Tuesday, February 22, 2022, I, Investigator Cross, finished an
investigation into a possible PREA allegation filed by ICE (D) REDACTED
In the grievance REDACTED, REDACTED alleged on January 26, 2022, (D) Mendoza-Linares,
Hever Alberto #213209821 bit his chest causing pain to REDACTED right breast. A review
of Milestone (E Unit Seg 2) showed on January 26, 2022, at approximately 1300 hours (D)
Mendoza and (D) REDACTED hug. (D) Mendoza walks away but returns and grabs (D) REDACTED
nipples, places his head on (D) REDACTED chest, then bits (D) REDACTED right breast
causing (D) REDACTED to flinch in pain. (D) Mendoza laughs, pulls up his shirt, and when
(D) REDACTED pulls his up touches him again on his right breast. (D) REDACTED stated he

Staff Witnesses? ☐ Yes ☒ No     Evidence Attached? ☒ Yes ☐ No ☐ N/A

Supporting Memoranda? ☒ Yes ☐ No ☐ N/A

| Investigator Cross | 02/22/2022  0930 hour | _Investigulon_ |
|---|---|---|
| Name of Reporting Officer | Date & Time | Signature |

Reviewed for accuracy prior to investigation by: _D. Rodwu_ S/S     2/22/22 @ 1020
                                                           Supervisor                 Date & Time

Incident Recorded on D.C.S? ☐ Yes ☐ No     Classification Level Change? ☐ Yes ☐ No

Level change from _____ to _____

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## INCIDENT OF PROHIBITED ACTS AND NOTICE OF CHARGES

**Detainee Name:** Mendoza-Linares, Hever Alberto          **A-Number:** REDACTED

**Nationality:** El Salvadorian          **Date & Time of Incident:** 01/26/2022   1300 hours

**Incident Location:** E-Pod Dayroom          **Work Assignment:** N/A

**Classification Level:** Level 2          **Quarters:** E-210(L)

**PROHIBITED ACTS:**

**1.** Assault          **Code:** 101

**2.**          **Code:**

**3.**          **Code:**

**4.**          **Code:**

**Description of Incident:** he did not wish to file a PREA complaint because he did not feel (D) Mendoza did this in a sexual manner.  (D) REDACTED stated he did not give (D) Mendoza permission to bite him on his right breast.  As a result of this information an Assault Packet was generated and (D) Mendoza was placed in the Restrictive Housing Unit (RHU) for CoreCivic rule violation #101 (Assault).

**Staff Witnesses?**  ☐ Yes  ☒ No          **Evidence Attached?**  ☒ Yes  ☐ No  ☐ N/A

**Supporting Memoranda?**  ☒ Yes  ☐ No  ☐ N/A

Investigator Cross          02/22/2022   0930 hour   _Investigator_ (signature)
**Name of Reporting Officer**          **Date & Time**          **Signature**

**Reviewed for accuracy prior to investigation by:** (signature)  S/S          2/22/22 @ 1020
          **Supervisor**          **Date & Time**

**Incident Recorded on D.C.S?**  ☐ Yes  ☐ No          **Classification Level Change?**  ☐ Yes  ☐ No

**Level change from** _____ **to** _____

ICE Form I-884 (9/09)          Page 1 of 1

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## DETAINEE RIGHTS AT THE INSTITUTION DISCIPLINARY PANEL HEARING (IDP)

### Detainee Rights at The Institution Disciplinary Panel Hearing (IDP)

As a detainee charged with a prohibited act(s), you have been referred to the Institution Disciplinary Panel for disposition. While at the IDP hearing, you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the IDP.

2. The right to have a full time member of staff who is reasonably available to assist you before the IDP.

3. The right to call witnesses and present documentary evidence in your behalf, provided institutional safety would not be jeopardized.

4. The right to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act.

5. The right to be present throughout the IDP decision, except during committee deliberations and where institutional safety would be in jeopardy.

6. The right to be advised of the IDP decision in writing and the facts supporting the panel's decision, except where institutional safety would be jeopardized.

7. The right to appeal the decision of the IDP by means of the Detainee Grievance Procedure to the Officer in Charge, within 15 days of the notice of the panel's decision and disposition.

I hereby acknowledge that I have been advised of the rights afforded me at the Institution Disciplinary Panel hearing.

Signed: _REFUSED TO SIGN. (G)_ A-Number: **REDACTED** Date: _2/22/22_

Notice of Rights given to the detainee by _Soo Cesanos_ _2/22/22_
Staff Member & Date

**Refusal to Sign**

I have personally advised _MENDOZA-LINARES, HEVER_ of the rights afforded detainees at the Institution Disciplinary Panel hearing. The detainee refused to sign the acknowledgment.

Staff member and date: _Soo Cesanos_ _2/22/22_

**Waiver of 24 hours Notice:**

I have been advised that I have a right to receive a copy in writing of the charges against me at least 24 hours prior to my appearance before the IDP. At this time, I wish to waive this right and proceed with the IDP hearing.

Detainee Signature, Date and Time: _DOES NOT WISH TO WAIVE 24 Hours._

**Exhibit 1, Attachment F**
**036**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## NOTICE OF INSTITUTION DISCIPLINARY PANEL HEARING

*MENDOZA-LINARES, HEVER*
Name of Detainee

REDACTED
A-Number

2/22/22
Date

Alleged Disciplinary Code Violation(s): _____ *101* _____

Date of Offense: *1/26/22*

You are being referred to the Institution Disciplinary panel for the above mentioned charge(s).

The hearing will be held on _____ TO BE DETERMINED (TBD) _____, at _____ TBD _____ (time) at the following location

_____ TBD _____.

You are entitled to have a full-time staff member represent you at the hearing. Please indicate below if you desire to have a staff member assist you, and if so, his or her name.

I (do) ___ (do not) ✓ wish to have a staff representative.

If so, the staff representative's name is _____ *NO STAFF REQUESTED.* _____

You also have the right to call witnesses at the hearing and to present documentary evidence in your behalf, provided, that calling your witnesses will not jeopardize facility security. Names of witnesses you wish to call should be listed below. State below what each proposed witnesses would be able to testify to:

*NO WITNESS REQUESTED*
Name: _____ Can testify to: _____

*NO WITNESS REQUESTED.*
Name: _____ Can testify to: _____

*NO WITNESS REQUESTED.*
Name: _____ Can testify to: _____

The chairperson of the Institution Disciplinary Panel will call those listed above as witnesses (staff or detainee) who are reasonably available, and who are determined by the chairperson to be necessary for an appreciation of all of the circumstances surround the charge(s). Repetitive witnesses need not be called. Unavailable witnesses may be asked to submit written statements. If additional space is required, use the reverse side of the form.

ICE Form I-893 (9/09)

Page 1 of 1

## XProtect Smart Client 2019 R3 Surveillance Report

**Surveillance Report**



| Camera name: | E Unit Seg 2 |
|---|---|
| Image capture time: | 1/26/2022 1:01:13 PM (UTC-08:00) |
| Report print time: | 2/22/2022 10:11:33 AM (UTC-08:00) |
| User: | REDACTED |
| User's note: | Mendoza touch REDACTED right breast |

Copyright © Milestone Systems A/S - www.milestonesys.com

## XProtect Smart Client 2019 R3 Surveillance Report

**Surveillance Report**



| Camera name: | E Unit Seg 2 |
|---|---|
| Image capture time: | 1/26/2022 1:00:55 PM (UTC-08:00) |
| Report print time: | 2/22/2022 10:07:54 AM (UTC-08:00) |
| User: | REDACTED |
| User's note: | Mendoza grabbing REDACTED breatss |

Copyright © Milestone Systems A/S - www.milestonesys.com

**Exhibit 1, Attachment F**
**039**

## XProtect Smart Client 2019 R3 Surveillance Report

**Surveillance Report**



| Camera name: | E Unit Seg 2 |
|---|---|
| Image capture time: | 1/26/2022 1:00:57 PM (UTC-08:00) |
| Report print time: | 2/22/2022 10:08:52 AM (UTC-08:00) |
| User: | REDACTED |
| User's note: | Mendoza placing his head on REDACTED chest |

Copyright © Milestone Systems A/S - www.milestonesys.com

XProtect Smart Client 2019 R3 Surveillance Report

**Surveillance Report**



| Camera name: | E Unit Seg 2 |
|---|---|
| Image capture time: | 1/26/2022 1:00:58 PM (UTC-08:00) |
| Report print time: | 2/22/2022 10:09:49 AM (UTC-08:00) |
| User: | REDACTED |
| User's note: | Mendoza assaulting REDACTED by biting his right breast |

Copyright © Milestone Systems A/S - www.milestonesys.com

## XProtect Smart Client 2019 R3 Surveillance Report

**Surveillance Report**



| Camera name: | E Unit Seg 2 |
|---|---|
| Image capture time: | 1/26/2022 1:00:59 PM (UTC-08:00) |
| Report print time: | 2/22/2022 10:10:34 AM (UTC-08:00) |
| User: | REDACTED |
| User's note: | REDACTED showing physical pain from the bite |

Copyright © Milestone Systems A/S - www.milestonesys.com

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## INVESTIGATION REPORT

| Mendoza-Linares, Hever Alberto | REDACTED | 01/26/2022 |
|---|---|---|
| Name of Detainee | A-Number | Date of Incident |

| E-Unit | E-210 | 02/22/2022 | 101 |
|---|---|---|---|
| Place of Incident | Quarters | Date/Investigation | Code(s) |

Name of Investigating Officer:  SDO C.Ceballos  has advised  Mendoza-Linares, Hever Alberto
                                                                                          Detainee

that he/she has the right to remain silent at stages of the disciplinary process, but, that silence may be used to draw an adverse inference against him/her at any stage of the disciplinary process. However, silence alone may not be used to support a finding that he/she committed a prohibited act.

Detainee Statement and Attitude During the Interview:  Detainee(D) Mendoza was calm, but uncooperative when I attempted to interview him in regards to the Disciplinary Report(D.R.) and the allegations that have been made against him. (D) Mendoza stated that he was aware of the D.R. and did not want to speak to me about the incident.

Other Facts about the Incident: I, Senior Detention Officer(SDO) C. Ceballos, was able to ask if he wanted a Staff member or any other witness in support of his case but, (D) Mendoza stated that he did not want anything. Images of the incident captured with the Milestone Surveillance System have been attached to this report.

Investigator's Comments and Conclusions: Copies of the Incident of Prohibited Acts and Notice of Charges, Detainee Rights, and the Notice of IDP Hearing were offered to (D)Mendoza, but were refused. This matter will be forwarded to the next stage for processing.

Date and Time Investigation Began: 02/22/2022  1625

Date and Time Investigation Ended: 02/22/2022  1645

Signature of Investigating Officer

Assistant Shift Supervisor R. Evans
Reviewed for Accuracy by: (Supervisor Name and Title)

ICE Form I-890 (9/09)                                                                 Page 1 of 1

**Exhibit 1, Attachment F**
**043**



EPARTMENT OF HOMELAND SECURIT.
U.S. Immigration and Customs Enforcement

## INSTITUTION DISCIPLINARY PANEL REPORT

Name of Detainee: MENDOZA-LINARES, HEVER ALBERT   A-Number: REDACTED

Date of Incident: 01/26/2022   Code(s): 101

I.   Notice of Charge(s):

A.   Advance written notice of charge(s) (copy of Incident Report) was given to the detainee on

     02/22/2022   at    1625
     date           time

B.   The IDP hearing was held on   02/23/2022  at    0800
                      date         time

C.   The detainee was advised of his/her rights before this IDP by   SDO. CEBALLOS
                                                  officer

    on    02/22/2022    and a copy of the advisement of rights form is attached.

II.   Staff Representative

A.   Detainee waived his/her right to staff representative:       YES

B.   Detainee requested staff representative and   NONE REQUESTED       appeared.
                                         staff representative

C.   Requested staff representative declined or could not appear but detainee was advised of option to postpone hearing to obtain an alternative staff representative with the result:  N/A

III.   Presentation of Evidence:

A.   Detainee has been advised of his/her right to present a statement or to remain silent, to present document, including written statements of unavailable witnesses, and for relevant and material witnesses to appear on his/her behalf.

B.   Summary of detainee's statement: Detainee Mendoza-Linares, Hever waived right to a DHO hearing.

C.   Witnesses:

1.   The following persons were called as witnesses at this hearing and appeared: None was called to appear.

2.   A summary of testimony of each witness is attached.

3.   The following person requested were not called for the reason(s) given None.

4.   Unavailable witnesses were requested to submit written statements and those statements received were considered (statements attached)

5.   Documentary evidence: In addition to the incident report and investigation, the panel considered the following documents: The milestone recording system.

6.   Confidential information was considered by the IDP and was not provided to the detainee on
        N/A
        date

ICE Form I-894 (09/09)

IV.  Findings:

    X  A. The Act Was Committed as Charged

       B. The Following Act Was Committed:     101

       C. No Prohibited Act Was Committed.

V.  Specific Evidence Relied on to Support Findings:

After the completion of investigation concerning a possible PREA allegation, it was
concluded through video footage that on 1-26-22 at 1300 hours this detainee was
observed biting another detainee on the right chest area causing pain, was the specific

VI.  Sanctions or Action Taken:  Offense Severity:

evidenced relied on to support findings of guilt. Recommended penalty for the
prohibited act committed will be 15 day disciplinary segregation with 1 day time served
from 2-23-22 thru 3-9-22. (D) Mendoza-Linares was 15 days disciplinary segregation

VII.  Reason for Sanction or Action Taken:

because he was found guilty of committing the prohibited act. This detainee was
observed on the milestone recording system biting another on the right chest. This type
of behavior is will not be tolerated warranting the 15 day sanction as a penalty.

DHO G. IWUABA _____    o/o Rvamvn _____    P/o Prado _____

         Chairperson                       Member                         Member

VIII.  Review and Concur:

     A. Concur with findings: _____X_____

     B. Proceedings terminated: _____

     C. Discipline Imposed: _____

Signature _____    Date: 2/28/22    Time: 8:20 Am

       Officer in Charge

Copy delivered to detainee by: G. IWUABA _____   DHO   on 3.1.22

                                   Signature and Title                                 Date

ICE Form I-894 (09/09)