STRUCK LOVE BOJANOWSKI & ACEDO, PLC
Daniel P. Struck, AZ Bar #012377
*(admitted pro hac vice)*
Rachel Love, AZ Bar #019881
*(admitted pro hac vice)*
Nicholas D. Acedo, AZ Bar #021644
*(admitted pro hac vice)*
Jacob B. Lee, AZ Bar #030371
*(admitted pro hac vice)*
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Tel.:  (480) 420-1600
Fax:  (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
nacedo@strucklove.com
jlee@strucklove.com

WITHAM MAHONEY & ABBOTT, LLP
Matt Mahoney, Esq., CA Bar # 211184
401 B Street, Suite 2220
San Diego, CA 92101
Tel.: (619) 407-0505
Fax: (619) 872-0711
mahoney@wmalawfirm.com

Attorneys for Defendant-Respondent LaRose

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Adrian Rodriguez Alcantara, et al.,<br><br>    Plaintiffs-Petitioners,<br><br>v.<br><br>Gregory J. Archambeault, San Diego Field Office Director, Immigration and Customs Enforcement, et al.,<br><br>    Defendants-Respondents. | No. 3:20-cv-00756-DMS-AHG<br><br>**DEFENDANT-RESPONDENT WARDEN LAROSE'S MOTION TO FILE DOCUMENTS UNDER SEAL** |

Defendant-Respondent Warden LaRose moves for leave to file the attachments to his Declaration in support of his Joinder to Federal Defendants-Respondents' ("Federal Defendants") Response in Opposition to Plaintiffs-Petitioners' ("Plaintiffs") Motion to Substitute New Class Representative (ECF No. 224) and Separate Response in in Opposition to Plaintiffs-Petitioners' Motion to

Substitute New Class Representative (ECF No. 222) under seal. Plaintiffs' Motion is not dispositive of any claims or defenses in this case. As such, Warden LaRose must show only good cause to file the attachments (Dkt. 245-3) under seal. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy. A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.") (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135–36 (9th Cir. 2003)).

Good cause exists here. The attachments consist of a confidential investigation report regarding Hever Alberto Mendoza-Linares, Plaintiffs' proposed new class representative; a letter from U.S. Immigration and Customs Enforcement ("ICE") to Warden LaRose regarding Mendoza-Linares; and four disciplinary reports issued to Mendoza-Linares.

The investigation report and ICE letter contain confidential information that, if released publicly, could jeopardize the safety and security of Otay Mesa Detention Center ("OMDC") and the staff and detainees within its walls. All six documents contain identifying information, including but not limited to names, identification numbers, birth dates, Social Security numbers, and/or security threat group ("STG") (i.e., gang) information, of Mendoza-Linares and other detainees that Warden LaRose is prohibited from publicly disclosing pursuant to 8 C.F.R. § 236.6 (prohibiting the publication of "the name of, or other information relating to, [any detainee being housed, maintained, or otherwise held on behalf of U.S. Immigration and Customs Enforcement ("ICE"), whether by contract or otherwise]").

The attachments also contain full names of CoreCivic and/or ICE personnel. First names of such personnel are security-sensitive, privacy-protected information to which detainees at OMDC are not privy, and which are not divulged to current or

Defendant LaRose's Motion to File
Documents Under Seal                               2                      20cv00756-DMS-AHG

1  former detainees in order to protect the individuals' privacy and security. For
2  example, first names do not appear on detention officer or ICE name badges.
3  Putting these individuals' full names on the public docket, where they can be seen
4  by current and former detainees, many of whom are verified members of criminal
5  gangs, would endanger not only the individuals, but their families, as well. The
6  potential safety risks if their full names become public record in this matter
7  outweigh the need for the public's access to that information. (*See, e.g.*, *Freitas v.*
8  *Thomas*, No. CV-13-01364-PHX-SRB (ESW), United States District Court, District
9  of Arizona, Doc. 137, p. 3.)

10  For these reasons, Warden LaRose respectfully requests that the Court allow
11  him to file unredacted copies of the attachments to his Declaration in support of his
12  Response to Plaintiffs' Motion (Dkt. 245-3) under seal, with redacted copies on the
13  public docket.

14  Dated:  October 26, 2023

16  By s/ Jacob B. Lee
17  Daniel P. Struck
    dstruck@strucklove.com
    Rachel Love
18  rlove@strucklove.com
    Nicholas D. Acedo
19  nacedo@strucklove.com
    Jacob B. Lee
20  jlee@strucklove.com
    STRUCK LOVE BOJANOWSKI & ACEDO, PLC

22  Matt Mahoney, Esq.
    WITHAN MAHONEY & ABBOTT, LLP
23  mahoney@wmalawfirm.com

24  Attorneys for Defendant-Respondent
    LaRose

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 26, 2023, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

Dated: October 26, 2023

By s/ Jacob B. Lee