LAW OFFICES OF
BARDIS VAKILI, PC
BARDIS VAKILI (247783)
(bardis@vakililegal.com)
Cooperating Counsel – ACLU of
San Diego & Imperial Counties
P.O. Box 234160
Encinitas, California 92023
Telephone: (619) 483-3490

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
KYLE VIRGIEN (278747)
(kvirgien@aclu.org)
39 Drumm Street
San Francisco, CA 94111-4805
Telephone:  (415) 621-2493

*Counsel for Plaintiff-Petitioners*

COOLEY LLP
JOHN HEMANN (165823)
(jhemann@cooley.com)
ELLIE W. BARCZAK (329180)
(ebarczak@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:  (415) 693-2000
Facsimile:   (415) 693-2222

ALEXANDER GALICKI (308737)
(agalicki@cooley.com)
355 S. Grand Avenue, Suite 900
Los Angeles, CA 90071-1560
Telephone:  (213) 561-3250
Facsimile:  (213) 561-3244

ALEXANDRA EBER (*Pro Hac Vice*)
(aeber@cooley.com)
MATT K. NGUYEN (329151)
(mnguyen@cooley.com)
1299 Pennsylvania Avenue NW, Ste 700
Washington, DC 20004
Telephone:  (202) 842-7800
Facsimile:   (202) 842-7899

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Adrian RODRIGUEZ ALCANTARA, et al.,<br><br>　　　　Plaintiff-Petitioners,<br><br>　v.<br><br>Gregory J. ARCHAMBEAULT, San Diego Field Office Director, Immigration and Customs Enforcement, et al.,<br><br>　　　　Defendant-Respondents. | Case No.: 3:20-cv-00756-DMS-AHG<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO ADD NEW PLAINTIFFS**<br><br>Date:　December 15, 2023<br>Time:　1:30pm<br>Dept:　13A<br>Judge:　Honorable Dana M. Sabraw<br><br>Case Filed: April 21, 2020 |

**MOTION TO ADD NEW PLAINTIFFS**
**20-CV-756-DMS-AHG**

## NOTICE OF MOTION AND MOTION

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE THAT, on a date to be determined by this Court, Plaintiff-Petitioners ("Plaintiffs") will and hereby do move this Court to add new named plaintiffs as class representatives. This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the accompanying declarations of Awais Muhammad and Artemio Garcia Illenes, the pleadings and papers on file in this action, and such other matters as may be presented to the Court at hearings or otherwise.

## MEMORANDUM OF POINTS AND AUTHORIITES

On April 30, 2020, this Court granted Plaintiffs' motion to certify a Medically Vulnerable Subclass (the "Class") of individuals in detention at the Otay Mesa Detention Center ("Otay Mesa"). ECF No. 38. The Class was defined as "All civil immigration detainees incarcerated at Otay Mesa Detention Center who are age 60 or over or who have medical conditions that place them at heightened risk of severe illness or death from COVID-19 as defined by CDC guidelines." Since the Class was certified, the class representatives, Adrian Rodriguez Alcantara and Yasmani Osorio Reyna, have been released from custody and their removal proceedings have been resolved.

On May 22, 2023, this Court denied Federal Defendants' motion to dismiss the class claims arising out of Class members' detention and conditions of confinement at Otay Mesa and the Court ordered Plaintiffs to file a motion to substitute a new representative for the Class. ECF No. 221. On June 6, 2023 Plaintiffs filed the motion to substitute Hever Alberto Mendoza Linares as class representatives per the Court's request. ECF No. 222. On July 7, 2023 Federal Defendants opposed Plaintiffs' motion (ECF No. 224), which Defendant LaRose joined on October 26, 2023 (ECF No. 245). The Federal Defendants and Defendant LaRose (collectively, "Defendants") have attacked Mr. Mendoza Linares' ability to

adequately represent the certified Medically Vulnerable Subclass. While Plaintiffs firmly believe Defendants' arguments have no merit in fact or law and have addressed each attack in the concurrently filed Reply in Support of its Motion to Substitute, Mr. Mendoza Linares is far from the only individual fit to represent the subclass in this case. Indeed, Defendants' failure to implement adequate COVID-19 protections at Otay Mesa continues to put numerous individuals at risk of severe illness on a daily basis. This Motion asks the Court to add Mr. Muhammad and Mr. Garcia Illenes (together the "Proposed New Plaintiffs") to represent the Class in this matter.

## I.   THE COURT MAY ADD NEW NAMED PLAINTIFFS AT ANY TIME

Pursuant to Federal Rule of Civil Procedure 21, courts have the authority to add parties "at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21; *see, e.g., Boudreaux v. Sch. Bd. of St. Mary Parish*, 405 F. Supp. 3d 652, 664-67 (6th Cir. 2019) (granting motion to substitute named plaintiffs in decades-old school desegregation case); *Graves v. Walton Cnty. Bd. of Educ.*, 686 F.2d 1135, 1138 (5th Cir. 1982) (affirming district court's decision to allow substitution of additional plaintiffs after original named plaintiffs' claims became moot); *cf. Bain v. Cal. Teachers Ass'n*, 891 F.3d 1206, 1217 (9th Cir. 2018) (explaining that in cases where a class has been certified, courts have "authority to replace a party with a new one once [an original plaintiff's] case becomes moot"). Additions of "named plaintiff[s] making allegations substantially similar to those of the original plaintiffs" is "a routine amendment" in class actions. *See* 2 McLaughlin on Class Actions § 12:3 (17th ed. 2020). In this case, former named Plaintiffs Alcantara and Reyna no longer have active claims.

The addition of these individuals as named plaintiffs is appropriate and "just" under Rule 21. As detailed extensively in Plaintiffs opposition to Defendants' Motion to Dismiss or Decertify, there is still a live controversy between the parties and the claims of this class are not moot. ECF No. 244. As discussed below, the two

proposed individuals share the same claims and concerns about the conditions and available healthcare options in the Otay Mesa facility as Mr. Mendoza Linarez and the other class members. As such, adding Mr. Muhammad and Mr. Garcia Illenes would not prejudice the Defendants in defending their conduct in this case. *See Bain*, 891 F.3d at 1217; *Mathis v. Bess*, 761 F. Supp. 1023, 1026-27 (S.D.N.Y. 1991) (finding defendants were not prejudiced by addition of named plaintiff in § 1983 class action because new named plaintiff's claims "arise from the same conduct, transactions and occurrences").

## II. THE PROPOSED NEW PLAINTIFFS MEET THE REQUIREMENTS OF RULE 23

The Proposed New Plaintiffs are similarly situated to current class representatives Alcantara and Reyna at the time the individuals were detained, as well as to proposed class representative Mendoza Linares. The Proposed New Plaintiffs are detained at Otay Mesa. (Garcia Decl. ¶ 1; Muhammad Decl. ¶ 1). Both have been detained from the early days of the pandemic: Mr. Muhammad for four years and Mr. Garcia Illenes for three years. (*Id.*) Both men are medically vulnerable as defined by CDC guidelines and Class definition are familiar with the current status of this litigation. (Garcia Decl. ¶ 2-5; Muhammad Decl. 3-7). The Proposed New Plaintiffs meet the requirements of a class representative under Rule 23(a).

### A. The Proposed New Plaintiffs' claims are typical of the Class.

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The Proposed New Plaintiff asserts claims that are typical of the Class.

The Proposed New Plaintiffs assert the same claims as the Class--like its prior representatives--pertaining to the adequacy of the protocols and procedures at Otay Mesa in response to the COVID-19 pandemic. In addition, like all members of the Class, both Mr. Muhammad and Mr. Garcia Illenes are medically vulnerable within the meaning of the Class definition. Mr. Muhammad has significant respiratory problems as well as severe pain in his throat, eyes, back and extremities.

(Muhammad Decl. ¶ 4). He also suffers intermittent bouts of tunnel vision, dizziness, and chronic low blood pressure. (*Id.*). Mr. Garcia Illenes is 63 years old, has asthma, and has been diagnosed with major depressive disorder. (Garcia Decl. ¶ 3).

### B. The Proposed New Plaintiffs will fairly and adequately protect the interests of the Class.

Rule 23(b)(4) requires that the class representative "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Proposed New Plaintiffs have been incarcerated in Otay Mesa for three and four years respectively and have long been members of the Class. As such, the Proposed New Plaintiffs are deeply familiar with the facts that give rise to Plaintiffs' claims. Both Mr. Muhammad and Mr. Garcia Illenes understand the responsibilities of representing the Class, and are prepared do what they can to protect other at-risk individuals. (Muhammad Decl. ¶ 7, Garcia Decl. ¶ 7). The Proposed New Plaintiffs are represented by the same counsel who have vigorously litigated the case on behalf of the current class representatives Alcantara and Reyna.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion and that Mr. Muhammad and Mr. Garcia Illenes be appointed as named plaintiffs and class representatives in this action.

Dated: November 9, 2023                                    Respectfully Submitted,

By: */s/ Alexander Galicki*
John Hemann
Alexander Galicki
Alexandra Eber (*Pro Hac Vice*)
Ellie W. Barczak
Matt K. Nguyen
jhemann@cooley.com
agalicki@cooley.com
aeber@cooley.com
ebarczak@cooley.com
mnguyen@cooley.com

COOLEY LLP

Bardis Vakili
bardis@vakililegal.com

LAW OFFICES OF
BARDIS VAKILI, PC

Kyle Virgien
kvirgen@aclu.org

AMERICAN CIVIL LIBERTIES UNION FOUNDATION

*Counsel for Plaintiffs*

292322292