```
1   TARA K. McGRATH
    United States Attorney
2   KATHERINE L. PARKER, SBN 335097
    Chief, Civil Division
3   SAMUEL W. BETTWY, SBN 94918
    Assistant U.S. Attorney
4   COLIN M. McDONALD, SBN 286561
    Assistant U.S. Attorney
5   Office of the U.S. Attorney
    880 Front Street, Room 6293
6   San Diego, CA 92101-8893
7   619-546-7634/7125/9144 / 619-546-7751 (fax)
8   Attorneys for Federal Defendants-Respondents (Respondents)
```

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN RODRIGUEZ ALCANTARA, et al., | Case No. 20cv0756 DMS AHG |
| Plaintiffs-Petitioners, | **MOTION TO FILE DOCUMENTS UNDER SEAL** |
| v. | |
| GREGORY J. ARCHAMBEAULT, San Diego Filed Office Director, ICE; et al., | |
| Defendants-Respondents. | |

Respondents hereby file this motion to file medical records under seal.

The documents are exhibits in support of Respondents' Response in Opposition to Petitioners' motion "to add new named plaintiffs as class representatives." [ECF No. 250 at 2.] Petitioners' motion is a non-dispositive motion. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy. A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.") (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135-36 (9th Cir. 2003)).

The documents comprise 1130 pages of medical records of the proposed subclass representative, Mr. Artemio Garcia Illenes, and 1138 pages of medical records of the proposed subclass representative Mr. Awais Muhammad, during their detention at the Otay Mesa Detention Center, as of November 2023. Because Petitioners have placed their medical condition and treatment at issue, Respondents' response brief necessarily includes references to their medical records, which are confidential. It is therefore not feasible to redact the documents for a public filing. *See Pratt v. Gamboa*, No. 17-cv-04375-LHK, 2020 WL 8992141, at *2 (N.D. Cal. May 22, 2020) (noting that "medical records are deemed confidential under the Health Insurance Portability and Accountability Act" and that "[c]ourts routinely conclude that the need to protect medical privacy qualifies as a compelling reason for sealing records") (internal quotation marks omitted) (citing cases), *cited in Paez v. Akima Support Operations LLC*, No. 2:21-CV-01920-DAD-AC, 2022 WL 14129916, at *1 (E.D. Cal. Oct. 24, 2022); *Johnsen v. Tambe*, No. 19-141-TSZ-MLP, 2019 WL 4014256, at *1 (W.D. Wash. Aug. 26, 2019) ("the Court finds that compelling reasons justify GRANTING the motion to seal with respect to the exhibits to Defendant's motion, which contain Plaintiff's medical records").

Respondents therefore request that the unredacted documents be filed under seal.

DATED: December 1, 2023

Respectfully submitted,

TARA K. McGRATH
United States Attorney

KATHERINE L. PARKER
Chief, Civil Division

s/ *Samuel W. Bettwy*
SAMUEL. W. BETTWY
Assistant U.S. Attorney

s/ *Colin M. McDonald*
COLIN M. McDONALD
Assistant U.S. Attorney

Attorneys for Respondents