LAW OFFICES OF
BARDIS VAKILI, PC
BARDIS VAKILI (247783)
(bardis@vakililegal.com)
Cooperating Counsel – ACLU of
San Diego & Imperial Counties
P.O. Box 234160
Encinitas, California 92023
Telephone: (619) 483-3490

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
KYLE VIRGIEN (278747)
(kvirgien@aclu.org)
39 Drumm Street
San Francisco, CA 94111-4805
Telephone: (415) 621-2493

*Counsel for Plaintiff-Petitioners*

COOLEY LLP
JOHN HEMANN (165823)
(jhemann@cooley.com)
ELEANOR W. BARCZAK (329180)
(ebarczak@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:  (415) 693-2000
Facsimile:   (415) 693-2222

ALEXANDER G. GALICKI (308737)
(agalicki@cooley.com)
355 S. Grand Avenue, Suite 900
Los Angeles, CA 90071-1560
Telephone:  (213) 561-3250
Facsimile:   (213) 561-3244

ALEXANDRA EBER (*Pro Hac Vice*)
(aeber@cooley.com)
MATT K. NGUYEN (329151)
(mnguyen@cooley.com)
1299 Pennsylvania Avenue NW, Ste 700
Washington, DC 20004
Telephone:  (202) 842-7800
Facsimile:   (202) 842-7899

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Adrian RODRIGUEZ ALCANTARA, et al.,<br><br>    Plaintiff-Petitioners,<br><br>v.<br><br>Gregory J. ARCHAMBEAULT, San Diego Field Office Director, Immigration and Customs Enforcement, et al.,<br><br>    Defendant-Respondents. | Case No.: 3:20-cv-00756-DMS-AHG<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO ADD NEW PLAINTIFFS**<br><br>Date:  December 15, 2023<br>Time:  1:30pm<br>Dept:  13A<br>Judge:  Honorable Dana M. Sabraw<br><br>Case Filed: April 21, 2020 |

## I. INTRODUCTION

Federal Respondents' ("Federal Defendants") Opposition to Plaintiffs' Motion to Substitute New Class Representative (ECF No. 254) and Defendant-Respondent Warden LaRose's ("Defendant LaRose") (collectively, "Defendants") Joinder (ECF No. 256) do not alter the outcome that Awais Muhammad and Artemio Illenes-Garcia (the "Proposed Plaintiffs") should be appointed as Class Representatives.

*First,* leave to substitute new named plaintiffs is "freely allowed" to protect class members' interests, *see Osuegbu v. AMN Healthcare, Inc.*, No. 3:16-CV-02816 JCS, 2016 WL 11735439, at *2 (N.D. Cal. Aug. 25, 2016), and the Court should grant Plaintiffs' Motion to Substitute New Class Representative ("Motion to Substitute") (ECF No. 250) because the Medically Vulnerable Subclass (the "Class") has already been certified. (ECF No. 38.)

*Second,* Plaintiffs Awais Muhammad and Artemio Illenes-Garcia satisfy Federal Rule of Civil Procedure 23's typicality and adequacy requirements to represent the Class because they assert claims that are co-extensive with absent Class Members, satisfying typicality, and seek the same relief as Class Members, satisfying adequacy. Fed. R. Civ. P. 23(a). The fact that Mr. Muhammad and Mr. Garcia have received a COVID-19 vaccine does not moot their claims: Defendants' argument that it does flies in the face of U.S. Immigration and Customs Enforcement (ICE) and Centers for Disease Control and Prevention (CDC) guidance that vaccination alone does not eliminate the danger of COVID-19—particularly for medically-vulnerable people. This is particularly true because Defendants fail to provide the antiviral medication essential to prevent serious illness from COVID-19 should individuals in the facility fall ill. Furthermore, Defendants' prejudicial assertions about Mr. Muhammad and Mr. Garcia are not supported by fact or law and do not justify denying the Proposed Plaintiffs the opportunity to represent the Class given that they meet all necessary requirements. Plaintiffs respectfully request that the Court grant

their Motion to Add the Proposed Plaintiffs as Class representatives in this matter. Alternatively, if the Court denies Plaintiffs' requests to add Mr. Mendoza and/or the Proposed Plaintiffs discussed herein, Plaintiffs request that the Court grant leave to add additional Plaintiffs.

## II. ARGUMENT

### A. Because the Class is certified, leave to substitute the Proposed Plaintiffs as a new Class Representative is "freely allowed."

"[S]ubstitution of new named plaintiffs is freely allowed to protect the rights of putative class members when the original named Plaintiff is no longer adequate to represent the Class." *Osuegbu*, 2016 WL 11735439, at *2 (citing *Wade v. Kirkland*, 118 F. 3d 667, 670 (9th Cir. 1997)). Additionally, "[w]hen deciding whether substitution of plaintiffs may be permitted after the named plaintiff's claims are voluntarily dismissed or otherwise become moot, the ***paramount consideration*** is whether the putative class has been certified." *Hitt*, 2009 WL 4261192, at *5 (emphasis added). Here, the Court has already certified the Class at Otay Mesa (ECF No. 38). Defendants do not dispute that Mr. Garcia falls squarely within the Class definition of a medically-vulnerable detainee, because he is over 60 years old and has asthma. Garcia Decl. ¶¶ 2-3. The primary consideration in deciding whether to permit Mr. Garcia to be substituted as the new Class Representative has therefore already been satisfied here. Further, Defendants' argument that Mr. Muhammad is not a member of the Class based on his medical history falls flat. Mr. Muhammad has stated that he has "significant respiratory problems" that have lasted for years, and has "had a cough for many months that will not go away." Muhammad Decl. ¶ 4. The CDC's list of risk factors is unambiguous: "Having a chronic lung disease can make you more likely to get very sick from COVID-19." (https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-

medical-conditions.html.)  Mr. Muhammad's declaration that he is in continued respiratory distress is sufficient to include him in the Class.[1]

### B. The Proposed Plaintiffs satisfy Rule 23's requirements to serve as Class Representative.

A substitute plaintiff must assert claims "typical of the claims or defenses of the class," Fed. R. Civ. P. 23(a)(3), and must "fairly and adequately protect the interests of the class," Fed. R. Civ. P 23(a)(4).  The Proposed Plaintiffs easily meet both requirements and Defendants fail to demonstrate otherwise.

#### 1. The Proposed Plaintiffs' claims are typical of the Class.

"[T]he typicality requirement is permissive and requires only that the representative's claims are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Ali v. Franklin Wireless Corp.*, 2023 WL 25718, at *4 (S.D. Cal. Jan. 3, 2023) (citing *Rodriguez v. Hayes,* 591 F.3d 1105, 1124 (9th Cir. 2010) (abrogated on other grounds)).

Defendants' suggestion that because the Proposed Plaintiffs have been in the Otay Mesa Detention Center (OMDC, "Otay Mesa," or "the facility") since February 2022, they cannot adequately represent the Class is entirely misplaced.  The length of stay in OMDC is not the issue--it does not matter that potential class members may have received a vaccination prior to residing in the facility.  What matters is whether OMDC is providing adequate healthcare to its residents.  That the Proposed Plaintiffs have years of experience with the shortcomings of the medical treatment in OMDC makes them perfectly situated to ensure the rights of the Class.  Moreover, the Proposed Plaintiffs' claims are squarely grounded in the Complaint's allegations. *See e.g.,* Compl. ¶ 10 ("ICE has failed to meaningfully respond to protect the health

---

[1] Moreover, Mr. Muhammad's medical records reflect that his current "patient problems" includes "Major depression with psychotic features" listed as "Active." ALCANTARA-AM-000001.  Mr. Muhammad's declaration confirms that his is taking medication for his depression. (Muhammad Decl. ¶ 5.)  This is an independent basis to include Mr. Muhammad in the Class, pursuant to the CDC guidance listing "[m]ental health conditions … including depression" as a risk factor. (https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.)

and safety of people in its custody"); *see also id.* ¶ 12 ("Plaintiffs and other people detained at Otay Mesa…. recount an atmosphere of desperation and fear within the detention centers, as many worry about contracting the virus in detention with no way to protect themselves.")[2]

The Proposed Plaintiffs' claims, like the Class's claims, are based on Otay Mesa's defective COVID-19 measures. "Where the challenged conduct is a policy or practice that affects all class members, … the typicality inquiry involves comparing the injury asserted in the claims raised by the named plaintiffs with those of the rest of the class." *Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014) (quotation marks and citation omitted). The Proposed Plaintiffs' injuries are identical to the Class's: the substantial risk of serious harm that all medically vulnerable people at Otay Mesa face because of the facility's defective COVID-19 measures. *See id.* at 678 ("[E]very inmate suffers exactly the same constitutional injury when he is exposed to a single statewide [prison] policy or practice that creates a substantial risk of serious harm."). Because the Proposed Plaintiffs' claims are reasonably co-extensive with those of absent class members, they satisfy the permissive typicality requirement. *See Ahlman v. Barnes*, No. SACV20835JGBSHKX, 2022 WL 3013144, at *3 (C.D. Cal. July 7, 2022) ("Plaintiffs argue their claims are typical of the Class because they were subject to the same [jail COVID-19 safety] policies as the Class members. The Court finds that Plaintiffs are typical of the proposed Class.").

### a. Defendants' attack on the Proposed Plaintiffs' credibility is not reasonable.

Defendants' characterizations of the Proposed Plaintiffs' prior statements do not undermine the Proposed Plaintiffs' credibility. All that Mr. Muhammad's medical records demonstrate is that Mr. Muhammed did not receive positive test

---

[2] Plaintiffs have reengaged in discovery and may seek to amend their complaint in light of information gathered regarding Defendants' continued unconstitutional treatment of the Class.

results both times that he had COVID-19. This could be because Defendants failed to timely provide a COVID-19 test or because he received a false negative result, and it is no basis to exclude him from a role as class representative. As for Mr. Garcia, Defendants do not dispute Mr. Garcia's statements in his declaration that he has been diagnosed with major depressive disorder and minor panic attacks, and his "memory is not as good as it used to be." Garcia Decl. ¶ 3. Instead, Defendants accept those statements as credible, but then use Mr. Garcia's statements to attack his credibility. Additionally, while Defendants argue that Mr. Garcia did not *disclose* his asthma in his initial health screening, Defendants do not contest that he is over 60 and has asthma and high blood pressure, which make him a higher priority for vaccination, and eligible for consideration of COVID antivirals. *Id.* Furthermore, while Defendants take issue with Mr. Garcia's alleged refusal of a COVID booster in December 2021, Defendants once again do not dispute that Mr. Garcia has had two COVID vaccines and would like the latest 2023 booster. *Id.* ¶ 4. Defendants also do not contest Mr. Garcia's assertions that "[a]lthough [he is] aware that people have contracted COVID recently, [he] ha[s] not heard of anyone getting medication for it" and has "not heard anything from the facility about antiviral medications for COVID." *Id.* Defendants' sworn interrogatory responses affirm Mr. Garcia's observation that Defendants have never given antiviral medication to any detainee.[3] Finally, Defendants do not challenge that Mr. Garcia wants to join this lawsuit, understands the responsibilities of serving as a class representative, and is prepared to do so. *Id.* ¶ 5. The Proposed Plaintiffs are credible and their claims are typical of the Class.[4] Any argument to the contrary is mere speculation.

---

[3] *See* Barczak Decl. ¶ 4 Ex. 1 (Resp. Warden LaRose's Answer to Pl.'s Interrog. No. 12 ("[N]o orders have been placed at OMDC in 2023 to maintain supplies of oral ritonavir-boosted nirmatrelvir, intravenous remdesivir, or molnupiravir . . ."); *id.* No. 14 ("[N]o provider at OMDC has prescribed oral ritonavir-boosted nirmatrelvir, intravenous remdesivir, or molnupiravir between May 15, 2023 and November 15, 2023.").)

[4] While Defendants argue that Mr. Garcia "lacks mental competency," they admit that is *not* a disqualifier. Resp. at 13. Defendants also fail to cite to any case for the proposition that mental competency is a factor in evaluating typicality.

### b. The Proposed Plaintiffs' COVID-19 vaccination status does not moot their claims.

This Court should reject Federal Defendants' argument that the Proposed Plaintiffs' claims are moot because they have been vaccinated in the past. (ECF at 224 at 13.) As an initial matter, the medical records of both the Proposed Plaintiffs confirm that at the time of Defendants' response to this Motion, they had not offered the Fall 2023 COVID booster to either Mr. Muhammad or Mr. Garcia, despite receiving care in October and November, respectively. Moreover, the CDC recommends that everyone receive the Fall 2023 booster to be up to date.[5] (ALCANTARA-AM-000019; ALCANTARA-AGI-00020.)[6] As the CDC Guidance notes: "[e]ven after primary vaccination, a significant proportion of the population might remain at risk and require additional strategies to prevent severe COVID-19 outcomes."[7] ("CDC Guidance"). Given the Proposed Plaintiffs' medically-vulnerable state, their vaccination status does not eliminate the risk of severe medical complications if their immunity diminishes or if they were to contract a new strain of COVID-19. *See e.g., Chatman v. Otani*, No. CV 21-00268 JAO-KJM, 2021 WL 2941990, at *12 (D. Haw. July 13, 2021) (declining to exclude people from a class because they had been vaccinated, citing "conflicting information about the length of protective immunity following COVID-19 infection and the efficacy of vaccines against the new variants.").

---

[5] CDC, *COVID-19 Stay Up to Date with Vaccines* (Oct. 4, 2023), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/stay-up-to-date.html.

[6] In violation of Federal Rules of Civil Procedure (FRCP) 26 and 37, Defendants improperly attached over 2,000 pages of never-before-produced documents as exhibits to their Opposition that should have been produced to Plaintiffs in discovery months ago. *See Sec. & Exch. Comm'n v. Johnson*, 2023 WL 2628678, at *8 (C.D. Cal. Feb. 17, 2023), *reconsideration denied*, 2023 WL 3526149 (C.D. Cal. Mar. 20, 2023) (excluding Defendant's 16 exhibits where Defendant's belated introduction of exhibits violated Rule 26's disclosure requirements and Defendant failed to meet its burden to show that failure to disclose was substantially justified or harmless under Rule 37). Because Defendants have a continuing obligation to timely supplement discovery under FRCP 26, Plaintiffs request that Defendants promptly make any supplemental productions responsive to Plaintiffs' discovery requests.

[7] *See* Christina Yek, M.D. et al., *Risk Favors for Severe COVID-19 Outcomes Among Persons Aged >18 Years Who Completed a Primary COVID-19 Vaccination Series*, CDC (Jan. 7, 2022), https://www.cdc.gov/mmwr/volumes/71/wr/mm7101a4.htm.

   Lastly, the Defendants' assertion that Mr. Garcia has refused a vaccine in the past is irrelevant. (Mot. at 12.) A single prior instance in which Mr. Garcia did not wish to be vaccinated against COVID from 2021—over two years ago—is not evidence that he will do so in the future, particularly in light of his sworn statement that he is interested in receiving the Fall 2023 booster.[8]  Garcia Decl. ¶ 4.

   Federal-Defendants' cases are easily distinguishable. **_First_**, they involve claims where petitioners sought release from detention or prison, which is no longer an issue in this case. (ECF No. 221.) The petitioners in *Martinez* sought "immediate release" from custody, *Martinez v. CoreCivic,* 2021 WL 2550319, at *1 (D.N.M. June 22, 2021), and the *Williams, Singh,* and *King* cases all involved individual defendants seeking compassionate release from prison. *See United States v. Williams*, 2021 WL 966028, at *3 (W.D.N.C. Mar. 15, 2021); *United States v. Singh*, 525 F. Supp. 3d 543, 544 (M.D. Pa. 2021); *United States v. King,* 2021 WL 736422 (S.D.N.Y. Feb. 24, 2021.). By contrast, in the current action, the Class no longer seeks release from Otay Mesa, but rather corrections to deficiencies in Defendants' COVID-19 policies and procedures. Decl. of Mendoza Linares at ¶ 12. **_Second_**, in *Martinez,* petitioners sought a standard of care and protection against COVID-19 that "far exceeds what current guidance states is actually necessary," 21 WL 2550319, at *1, which is not requested here. **_Finally_**, both *Williams* and *Singh* involved individual defendants and did not consider protecting the legal interests of absent, medically-vulnerable class members. This Court should follow its sister district courts in recognizing that constitutional violations may persist for vulnerable class members, despite the existence of a vaccine, and ignore Defendants' invitation to punish the Proposed Plaintiffs based on medical decisions that occurred years in the past. *See, e.g.*, *Maney v. Brown*, 516 F. Supp. 3d 1161, 1182 (D. Or. 2021) (finding

---

[8] Federal Defendants' allegation that antagonism exists between the Mr. Garcia and class members because Mr. Garcia allegedly refused to test for COVID-19 on a few instances is unavailing for the reasons set forth in Plaintiffs' prior reply seeking to appoint Mr. Mendoza as a class representative. (*See* ECF No. 249.)

a class likely to show a constitutional violation related to a facility's failure to provide them the vaccine with appropriate priority); *Romero-Lorenzo v. Koehn*, 2023 WL 2924882, at *22 (D. Ariz. Mar. 30, 2023) (finding "a question of fact remains about whether … deficiencies [in vaccination efforts] amount to a due process violation"). The Proposed Plaintiffs' claims are not moot.

### c. The Proposed Plaintiffs' cases do not present unique defenses that would disrupt typicality.

Federal Defendants' argument that the Proposed Plaintiffs' claims present individualized defenses preventing satisfaction of typicality is unavailing—and simply a repackaging of their other arguments against substitution. As with Mr. Mendoza, Defendants attempt to use Mr. Muhammad's activism against him. However, Defendants do not cite *any* evidence, nor are Plaintiffs aware of any, that suggests that missing meals as part of a hunger strike or otherwise increases the likelihood of contracting COVID-19 or any other infection. Defendants' assertion that Mr. Muhammad cannot "credibly advocate for better medical treatment" is baseless. The Proposed Plaintiffs' claims are typical of the Class.[9]

### 2. The Proposed Plaintiffs would fairly and adequately protect the interests of the class.

To determine legal adequacy under Rule 23(a)(4), a court considers two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 566 (9th Cir. 2019). There are no conflicts of interest where "all Class members seek the same relief and thus share the same interest." *In*

---

[9] Moreover, participation in a hunger strike constitutes a protected First Amendment activity, and Defendants cite to no authority that engaging in such protected conduct should undermine Mr. Muhammad's ability to typically represent the class. *See Stefanoff v. Hays Cty.*, 154 F. 3d 523, 527 (5th Cir. 1998) (per curiam) ("a hunger strike may be protected by the First Amendment if it was intended to convey a particularized message"); *Dumbrique v. Brunner,* No. 14-cv-2598-HSG, 2016 WL 3268875, at *7 (N.D. Cal. June 15, 2016); *see also Bridges v. Wixon*, 326 U.S. 135, 148 (1945).

*re Packaged Seafood Prod. Antitrust Litig.*, 332 F.R.D. 308, 320 (S.D. Cal. 2019), vacated and remanded sub nom.; *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 993 F.3d 774 (9th Cir. 2021), *on reh'g en banc*, 31 F.4th 651 (9th Cir. 2022), and *aff'd sub nom.*, 31 F.4th 651 (9th Cir. 2022). No Defendant challenges the adequacy of counsel. Because the Proposed Plaintiffs seek the same relief as other Class Members, namely Defendants' compliance with prevailing public health standards (Compl. ¶ 148) and adherence to ICE Guidance, there is no conflict of interest. Plaintiffs also reject Defendants' argument that the Proposed Plaintiffs would not vigorously prosecute the case on behalf of the Class.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion to Add New Plaintiffs, Artemio Garcia Illenes and Awais Muhammad.

Dated: December 8, 2023              Respectfully Submitted,

By: */s/ Alexander Galicki*
John Hemann
Alexander G. Galicki
Alexandra Eber (*Pro Hac Vice*)
Eleanor W. Barczak
Matt K. Nguyen
jhemann@cooley.com
agalicki@cooley.com
aeber@cooley.com
ebarczak@cooley.com
mnguyen@cooley.com

COOLEY LLP

Bardis Vakili
bardis@vakililegal.com

LAW OFFICES OF
BARDIS VAKILI, PC

Kyle Virgien
kvirgen@aclu.org

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

*Counsel for Plaintiffs*